## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON HOWARD, Individually and On Behalf of All Others Similarly Situated, )<br>)<br>) | |
| Plaintiff, )<br>) | Case No. 08-CV-2804 (RWS) |
| v. )<br>) | |
| THE BEAR STEARNS COMPANIES INC., THE BEAR STEARNS COMPANIES INC. EXECUTIVE COMMITTEE, JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10, )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. )<br>) | |

*[additional captions follow]*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS AARON HOWARD AND SHELDEN GREENBERG'S MOTION TO: CONSOLIDATE ERISA ACTIONS; APPOINT INTERIM LEAD PLAINTIFFS, INTERIM CO-LEAD CLASS COUNSEL AND INTERIM LIAISON COUNSEL; AND FOR ENTRY OF PRETRIAL ORDER NO. 1.**

| | |
|---|---|
| ESTELLE WEBER, individually, on behalf of the Bear Stearns Companies Inc. Employee Stock Ownership Plan, and all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>THE BEAR STEARNS COMPANIES, INC., CUSTODIAL TRUST COMPANY, JAMES CAYNE, ALAN SCHWARTZ, WARREN SPECTOR, SAMUEL MOLINARO, ALAN GREENBERG, and JOHN DOES 1-20, )<br><br>Defendants. ) | Case No. 08-CV-2870 (RWS) |
| ANTHONY PISANO, individually and on behalf of all others similarly situated. )<br><br>Plaintiff, )<br><br>v. )<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20, )<br><br>Defendants. ) | Case No. 08-CV-3006 (UA) |

| | |
|---|---|
| HANS MENOS, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-10,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 08-CV-3035 (UA) |
| IRA GEWIRTZ, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 08-CV-3089 (RWS) |
| DREW V. LOUNSBURY, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>vs.<br><br>THE BEAR STEARNS COMPANIES INC. JAMES E. CAYNE; ALAN C. GREENBERG; ALAN D. SCHWARTZ; PAUL A. NOVELLY; FRANK T. NICKELL; FREDERIC V. SALERNO; VINCENT TESE; and JOHN AND JANE DOES 1-10,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 08-CV-3326 (UA) |

| | |
|---|---|
| SHELDEN GREENBERG, Individually and On Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>  vs.<br><br>THE BEAR STEARNS COMPANIES INC. JAMES E. CAYNE; ALAN C. GREENBERG; JEFFREY MAYER; SAMUEL L. MOLINARO, JR., ALAN D. SCHWARTZ; WARREN J. SPECTOR; and JOHN AND JANE DOES 1-10,<br><br>   Defendants. | )<br>)<br>) Case No. 08-CV-3334 (UA)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| SCOTT WETTERSTEN, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>  vs.<br><br>THE BEAR STEARNS COMPANIES INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, ALAN C. GREENBERG, and JOHN AND JANE DOES 1-10,<br><br>   Defendants. | )<br>)<br>) Case No. 08-cv-03351 (UA)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

BACKGROUND ..................................................................................................3

DISCUSSION ......................................................................................................4

   I.     CONSOLIDATION OF CASES ...................................................5

       A.     The ERISA Actions Meet the Requirements of FRCP 42(a) for Consolidation ..........................................................................5

       B.     The [Proposed] Pretrial Order No. 1 Establishes Orderly and Efficient Procedures for the Management of these Cases ..........................6

   II.    PROPOSED INTERIM LEAD PLAINTIFFS.................................7

   III.   ESTABLISHMENT OF A LEADERSHHIP STRUCTURE .................7

       A.     Proposed Interim Co-Lead Class Counsel .................................8

       B.     Proposed Interim Co-Lead Class Counsel are Best Qualified Under the Relevant Standards to Represent the Putative Class....................8

           1.     Counsel for the *Howard* Plaintiffs have demonstrated a commitment to identifying and investigating potential claims in this action ................................................................9

           2.     Counsel for the *Howard* Plaintiffs have experience in class actions and other complex litigation, have experience in litigating the claims asserted in this case, and have unequalled knowledge of the law applicable in this case...........................................10

                a.     Schiffrin Barroway Topaz & Kessler, LLP ................11

                b.     Keller Rohrback LLP ..........................................17

           3.     Counsel for *Howard* Plaintiffs have the Resources Necessary to Represent the Class ..............................................21

       C.     Proposed Interim Liaison Counsel.............................................22

CONCLUSION....................................................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*In re ADC Telecomms., Inc. ERISA Litig.,*
  No. 03-CV-2989, 2004 WL 1683144 (D. Minn. July 26, 2004) ............................................14

*In re AOL Time Warner, Inc., Sec. & "ERISA" Litig.,*
  No. 02-CV-8853, 2005 WL 563166 (S.D.N.Y. Mar. 10, 2005) ...............................14

*In re AremiSoft Corp. Sec. Litig.,*
  210 F.R.D. 109 (D.N.J. 2002) ..................................................................................14,16

*Brieger v. Tellabs, Inc.,*
  473 F. Supp. 2d 878 (N.D. Ill. 2007) .....................................................................14

*In re Delphi ERISA Litig.,*
  230 F.R.D. 496 (E.D. Mich. 2005) ........................................................................19

*Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.,*
  339 F.2d 673 (3d Cir.1964), *cert. denied*, 382 U.S. 812 (1965) ............................5

*In re Enron Corp Sec., Derivative & ERISA Litig.,*
  No. 01-CV-3624, 2003 U.S. Dist. LEXIS 25032 (S.D. Tex. Nov. 12, 2003) .........18

*Gee v. UnumProvident Corp.,*
  No. 03-CV-0147, 2005 WL 534873 (E.D. Tenn. Jan. 13, 2005)............................14

*In re Global Crossing Sec. & ERISA Litig.,*
  225 F.R.D. 436 (S.D.N.Y. 2004) ..........................................................................14,18

*Hill v. BellSouth Corp.,*
  313 F. Supp. 2d 1361 (N.D. Ga. 2004) ..................................................................14

*In re Honeywell Intern. ERISA Litig.,*
  No. 03-CV-1214, 2004 WL 3245931 (D.N.J. Sept. 14, 2004) ................................14

*In re JDS Uniphase Corp. ERISA Litig.,*
  No. C 03-04743, 2005 WL 1662131 (N.D. Cal. July 14, 2005).............................14

*Johnson v. Celotex Corp.,*
  899 F.2d 1281 (2d Cir. 1990), *cert. denied*, 498 U.S. 920, 111 S.Ct. 297 (1990).................5,6

*In re: Merck & Co., Inc. Sec. Derivative & ERISA Litig.,*
  No. 05-CV-2369, 2006 WL 2050577 (D.N.J. July 11, 2006)...................................14

*Miller v. Beazer,*
    No. 07-CV-00952, 2007 WL 3005332 (N.D. Ga. Oct. 12, 2007) ...........................................18

*Nowak v. Ford Motor Co.,*
    240 F.R.D. 355 (E.D.Mich. 2006) .........................................................................9, 12, 13, 17

*In re Polaroid ERISA Litig.,*
    362 F. Supp. 2d 461 (S.D.N.Y. 2005)..................................................................................13

*In re Schering-Plough Corp. ERISA Litig.,*
    420 F.3d 231 (3d Cir. 2005) amended by No. 04-CV-3073, 2005 U.S. App. LEXIS
    19826 (3d Cir. Sept. 15, 2005)............................................................................................15

*In re Sears, Roebuck & Co. ERISA Litig.,*
    No. 02-CV-8324, 2004 WL 407007 (N.D. Ill. March 3, 2004)..............................................13

*In re Syncor ERISA Litig.,*
    351 F. Supp. 2d 970 (C.D. Cal. 2004) .................................................................................13

*In re Syncor ERISA Litig.,*
    516 F.3d 1095 (9th Cir. 2008) .............................................................................................15

*In re Terzaosin Hydrochloride,*
    220 F.R.D. 672 (S.D. Fla. 2004)..........................................................................................10

*Woods v. Southern Co.,*
    396 F. Supp. 2d 1351 (N.D. Ga. 2005) ................................................................................13

*In re WorldCom, Inc. Sec. Litig.,*
    No. 02-3288, 2002 WL 31095170 (S.D.N.Y. Sept. 18, 2002) .................................................5

**STATE CASES**

*Kurtz v. Cayne, et al.,*
    Case No. 8600780 (N.Y. Sup. Ct. Mar. 17, 2008)....................................................................9

*Police and Fire Retirement System of the City of Detroit v. The Bear Stearns Companies*
    *Inc.,* et al., Case No. 3638 (Del. Ch. Mar. 20, 2008) ..............................................................9

**DOCKETED CASES**

*In re AIG ERISA Litig.,*
    No. 04-8141 (S.D.N.Y.)........................................................................................................19

*In re AIG ERISA Litigation,*
    No. 04-cv-8141 (S.D.N.Y. Oct. 15, 2004)...............................................................................1

*In re AOL ERISA Litig.,*
    02-CV-8853 (S.D.N.Y. 2007)..............................................................................................13

*In re Beazer Homes USA, Inc. ERISA Litig.*,
07-CV-00952-RWS (N.D. Ga. April 30, 2007) ................................................12

*In re Calpine Corp. ERISA Litig.*,
No. 03-CV-1685 (N.D. Cal. Apr. 17, 2003) ..................................................13

*In re CIGNA Corp. ERISA Litig.*,
No. 03-CV-00714 (JPF) (E.D. Pa. Aug. 2, 2004) .........................................13

*In re CMS Energy ERISA Litig.*,
No. 02-72834 (E.D. Mich.) ..........................................................................19

*In re Enron Corp. ERISA Litig.*,
No. 01-3913 (S.D. Tex.) ..............................................................................16

*Falk v. Amerada Hess Corp.*,
No. 03-CV-2491 (D.N.J. May 10, 2004) .......................................................13

*In re Ford Motor Co. ERISA Litig.*,
No. 06-11718 (E.D. Mich. Apr. 17, 2006) ......................................................3

*Gee v. UnumProvident Corp.*,
03-CV-1552 (E.D. Tenn. Sept. 3, 2003) .......................................................12

*Gerwitz v. Bear Stearns Cos. Inc., et al.*,
No. 08-3089 (S.D.N.Y. Mar. 26, 2008) ...........................................................1

*In re Global Crossing ERISA Litig.*,
No. 02-7453 (S.D.N.Y. Sept. 16, 2002) ..........................................................2

*Greenberg v. Bear Stearns Cos. Inc., et al.*,
No. 08-3334 (S.D.N.Y. Apr. 3, 2008) .............................................................1

*In re HealthSouth Corp. ERISA Litig.*,
No. 03-784 (N.D. Ala.) ................................................................................19

*In re Honeywell ERISA Litig.*,
No. 03-CV-1214 (D.N.J. Oct. 22, 2004) .......................................................13

*In re Honeywell ERISA Litig.*,
No. 03-CV-01214 (DRD) (D.N.J. July 19, 2005) ...........................................15

*Howard v. Bear Stearns Cos. Inc., et al.*,
No. 08-2804 (S.D.N.Y. Mar. 17, 2008) ...........................................................1

*In re Bristol-Myers Squibb Co. ERISA Litig.*,
No. 02-CV-10129 (LAP) (S.D.N.Y) ..............................................................15

iv

*In re Honeywell Intern'l ERISA Litig.,*
No. 03-CV-1214 (DRD) (D.N.J. 2004) ........................................................... 14

*In re Merck Co., Inc. Sec., Derivative & "ERISA" Litig.,*
MDL. No. 1658 (D.N.J. May 5, 2005) .............................................................. 2

*In re Mirant Corp. ERISA, et al.,*
No. 03-cv-1027-RWS (N.D. Ga. Nov. 16, 2006) .......................................... 12

*In re Tyco Int'l, Ltd.,*
No. 02-MD-1335-B (D.N.H. Nov. 2, 2007) .................................................... 12

*In re Westar Energy ERISA Litig.,*
No. 03-CV-4032-JAR (D. Kan. July 27, 2006) ............................................. 13

*In re Interpublic Sec. Litig.,*
No. 02-CV-6527 (S.D.N.Y. Oct. 22, 2004) .................................................... 12

*Koch v. Loral Space & Commc'ns Ltd.,*
03-CV-9729 (S.D.N.Y. Dec. 8, 2003) ............................................................ 13

*In re Lear ERISA Litig.,*
No. 06-CV-11735 (E.D. Mich. Apr. 10, 2006) .............................................. 13

*Lounsbury v. Bear Stearns Cos. Inc., et al.,*
No. 08-3326 (S.D.N.Y. Apr. 3, 2008) .............................................................. 1

*In re Marsh ERISA Litig.,*
No. 04-8157 (S.D.N.Y. Feb. 8, 2005) .............................................................. 7

*In re Marsh ERISA Litig.,*
No. 04-cv-8157 (S.D.N.Y. Oct. 15, 2004) ...................................................... 3

*Menos v. Bear Stearns Cos. Inc., et al.,*
No. 08-3035 (S.D.N.Y. Mar. 25, 2008) ........................................................... 1

*In re Merrill Lynch & Co., Inc. Sec., Derivative & ERISA Litig.,*
No. 07-9633 (S.D.N.Y. Oct. 30, 2007) ............................................................ 1

*Miller v. Beazer,*
No. 07-00952 (N.D. Ga. Apr. 30, 2007) .......................................................... 3

*In re Mirant ERISA Litig.,*
No. 03-1027 (N.D. Ga. Nov. 16, 2006) ........................................................... 2

*Pisano v. Bear Stearns Cos. Inc., et al.,*
No. 08-3006 (S.D.N.Y. Mar. 24, 2008) ........................................................... 1

*In re Polaroid ERISA Litig.*,
   No. 03-8335 (S.D.N.Y. Oct. 22, 2003) ................................................................1

*In re Polaroid ERISA Litig.*,
   No. 04-8335 (S.D.N.Y. Mar. 5, 2004) .................................................................7

*In re Raytheon ERISA Litigation*,
   No. 03-CV-10940-RGS (D. Mass. Mar. 19, 2003) ............................................13

*Reinhart v. Lucent Tech., Inc.*,
   No. 01-3491 (D.N.J. Mar. 15, 2004) .................................................................18

*In re Schering-Plough Corp. ERISA Litig.*,
   No. 03-CV-1204 (D.N.J. Oct. 25, 2005) ............................................................14

*Tittle v. Enron Corp.*,
   No. 01-CV-3913 (S.D. Tex.) .............................................................................18

*In re Visteon Corp. ERISA Litig.*,
   No. 05-71205 (E.D. Mich. Mar. 9, 2007) ............................................................2

*Weber v. Bear Stearns Cos. Inc., et al.*,
   No. 08-2870 (S.D.N.Y. Mar. 18, 2008) ...............................................................1

*In re Westar Energy Inc. ERISA Litig.*,
   03-CV-4032 (D. Kan. Mar. 7, 2003) .................................................................13

*Wettersten v. The Bear Stearns Cos., Inc. et al.*,
   No. 08-cv-03351 (S.D.N.Y. ) .............................................................................1

*In re Williams Companies ERISA Litig.*,
   No. 02-153 (N.D. Okla. Oct. 28, 2002) ..............................................................7

*Wilson v. Federal Home Loan Mortgage Corp.*,
   MDL Docket No. 1584, No. 04-CV-2632 (JES) (S.D.N.Y. Apr. 7, 2004) ...........14

*Woods v. Southern Co.*,
   No. 4-cv-1912-RWS (N.D. Ga. Aug. 14, 2007) ................................................13

*In re WorldCom, Inc. ERISA Litig.*,
   No. 02-4816 (S.D.N.Y. Jun. 21, 2002) ...........................................................1,18

*In re WorldCom, Inc. ERISA Litig.*,
   No. 02-CV-4816 (S.D.N.Y. Nov. 18, 2002) .....................................................9,18

## FEDERAL: STATUTES, RULES

29 U.S.C. §§ 1109 ..................................................................................................1

29 U.S.C. § 1132 ................................................................................................4

Employee Retirement Income Securities Act of 1974 ("ERISA") ........................ passim

FED. R. CIV. P. 23 ............................................................................................ passim

FED. R. CIV. P. 34 ...............................................................................................10

FED. R. CIV. P. 42 ..............................................................................................5,6

**OTHER AUTHORITIES**

9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2385 (2d ed. 1987) ...............................................................................................5

*Annotated Manual for Complex Litigation* (4th ed. 2006) ...........................................1

*Manual* § 10.123 ...............................................................................................6

*Manual* § 10.22 ............................................................................................ passim

*Manual* § 11.21         6

Plaintiffs Aaron Howard and Shelden Greenberg ("*Howard* Plaintiffs"), by the undersigned counsel, respectfully submit this Memorandum of Law in Support of Plaintiffs Aaron Howard and Shelden Greenberg's Motion to: Consolidate the ERISA Actions; Appoint Interim Lead Plaintiffs, Interim Co-Lead Class Counsel and Interim Liaison Counsel; and for Entry of Pretrial Order No. 1.

## INTRODUCTION

The plaintiffs in the above-captioned actions (the "ERISA Actions")[1] each filed a complaint in this District against The Bear Stearns Companies Inc. ("Bear Stearns" or the "Company") and certain Bear Stearns employees, collectively, "Defendants." The ERISA Actions are substantially similar. Specifically, each alleges that Defendants breached their fiduciary duties under the Employee Retirement Income Securities Act of 1974 ("ERISA"), § 502(a)(2) and (3), 29 U.S.C. § 1132(a)(2) in connection with the continued offering of Bear Stearns stock as an investment option in The Bear Stearns Companies Inc. Employee Stock Ownership Plan (the "Plan") despite the fact that the Defendant-fiduciaries knew Bear Stearns stock to be an imprudent investment alternative. The plaintiffs in the ERISA Actions all seek relief pursuant to §§ 409 and 502 of ERISA, 29 U.S.C. §§ 1109, 1132, on behalf of the Plan and all participants in or beneficiaries of the Plan who sustained losses to their retirement accounts.

Because the ERISA Actions are based on substantially the same facts and contain similar causes of action against overlapping Defendants, the *Howard* Plaintiffs seek an Order consolidating the ERISA Actions and appointing a leadership structure for the consolidated cases

---

[1] The eight complaints with substantially similar claims are as follows: *Howard v. Bear Stearns Cos. Inc., et al.*, No. 08-2804 (S.D.N.Y. Mar. 17, 2008); *Weber v. Bear Stearns Cos. Inc., et al.*, No. 08-2870 (S.D.N.Y. Mar. 18, 2008); *Pisano v. Bear Stearns Cos. Inc., et al.*, No. 08-3006 (S.D.N.Y. Mar. 24, 2008); *Menos v. Bear Stearns Cos. Inc., et al.*, No. 08-3035 (S.D.N.Y. Mar. 25, 2008); *Gerwitz v. Bear Stearns Cos. Inc., et al.*, No. 08-3089 (S.D.N.Y. Mar. 26, 2008); *Lounsbury v. Bear Stearns Cos. Inc., et al.*, No. 08-3326 (S.D.N.Y. Apr. 3, 2008); and *Greenberg v. Bear Stearns Cos. Inc., et al.*, No. 08-3334 (S.D.N.Y. Apr. 3, 2008); *Wettersten v. The Bear Stearns Cos., Inc. et al.*, No. 08-cv-03351 (S.D.N.Y. ).

in accordance with the *Annotated Manual for Complex Litigation* (4th ed. 2006) (the "*Manual*"). Additionally, the *Howard* Plaintiffs respectfully request the following: (i) that they be appointed Interim Lead Plaintiffs; (ii) that the law firms of Schiffrin Barroway Topaz & Kessler, LLP ("SBTK") and Keller Rohrback L.L.P. ("Keller Rohrback") be appointed Interim Co-Lead Class Counsel and the law firm of Dealy & Silberstein, LLP ("DS") be appointed Interim Liaison Counsel; and (iii) that the Court enter the Plaintiffs [Proposed] Pretrial Order No. 1.

The interests of the current and former participants in the Plan would be best served by the Court's appointment of SBTK and Keller Rohrback as Interim Co-Lead Class Counsel and DS as Interim Liaison Counsel. SBTK has substantial experience and success in this area of law, with one of the largest legal departments dedicated to ERISA breach of fiduciary duty class action litigation in the country. During the firm's successful history, SBTK has recovered billions of dollars on behalf of its clients, including investors, consumers and ERISA pension plan class members.

Likewise, Keller Rohrback is a pioneer and national leader of the precise type of ERISA class action litigation presented here, and possesses both the expertise and experience that is necessary to litigate this matter forcefully, effectively, and efficiently. Keller Rohrback serves or has served as lead or co-lead counsel in numerous similar ERISA class actions, including several in this district itself: *In re WorldCom, Inc. ERISA Litig.*, No. 02-4816 (S.D.N.Y. Jun. 21, 2002) (J. Cote); *In re Global Crossing ERISA Litig.*, No. 02-7453 (S.D.N.Y. Sept. 16, 2002) (J. Lynch); *In re Polaroid ERISA Litig.*, No. 03-8335 (S.D.N.Y. Oct. 22, 2003) (J. Pauley); *In re Marsh ERISA Litig.*, No. 04-cv-8157 (S.D.N.Y. Oct. 15, 2004) (J. Kram); *In re AIG ERISA Litigation*, No. 04-cv-8141 (S.D.N.Y. Oct. 15, 2004) (J. Sprizzo);[2] and *In re Merrill Lynch & Co., Inc. Sec.,*

---

[2] Keller Rohrback serves on a four-firm "Provisional Committee" in the AIG ERISA Litigation.

*Derivative & ERISA Litig.*, No. 07-9633 (S.D.N.Y. Oct. 30, 2007) (J. Sand), among others.[3] Indeed, a number of attorneys at Keller Rohrback dedicate their practices to ERISA class action litigation.

SBTK and Keller Rohrback have successfully worked together as co-lead counsel in several other ERISA breach of fiduciary duty company stock class action cases, including: *Miller v. Beazer*, No. 07-00952 (N.D. Ga. Apr. 30, 2007); *In re Ford Motor Co. ERISA Litig.*, No. 06-11718 (E.D. Mich. Apr. 17, 2006); *In re Merck Co., Inc. Sec., Derivative & "ERISA" Litig.*, MDL. No. 1658 (D.N.J. May 5, 2005); *In re Mirant ERISA Litig.*, No. 03-1027 (N.D. Ga. Nov. 16, 2006); and *In re Visteon Corp. ERISA Litig.*, No. 05-71205 (E.D. Mich. Mar. 9, 2007). SBTK and Keller Rohrback and will be able to draw heavily upon their collective experience and expertise to ensure that this case is litigated effectively and efficiently.

## BACKGROUND

Plaintiffs in each of the eight similar ERISA Actions against the fiduciaries of the Plan allege that Defendants breached their duties of prudence and loyalty under ERISA by maintaining significant investments in Bear Stearns stock in the Plan despite the fact that Defendants knew or should have known that such investment was unduly risky and imprudent due to the Company's serious mismanagement and perilous and improper business practices, including, among other practices: (a) concentrating its business on high-risk mortgage-backed and asset-backed securities and Collateralized Debt Obligations ("CDO"), despite clear indicators of an unstable, illiquid market for these investment products; (b) failing to adequately manage the Company's liquidity and capital position despite increased risks and exposures; (c)

---

[3] The many other ERISA breach of fiduciary duty class actions for which Keller Rohrback serves as lead or co-lead counsel are provided in Keller Rohrback's firm resume, attached as Exhibit A to the Declaration of Derek W. Loeser ("Loeser Decl.").

maintaining an overly leveraged position that prevented the Company from securing cash infusions on credit; and (d) making misleading, incomplete and inaccurate statements about the Company's risks, exposures, and risk management practices, all of which lead to the collapse of the Company and resulted in government intervention, including an unprecedented extension of credit and debt guarantees, and in the pending acquisition by J.P. Morgan. *See, e.g.*, *Greenberg* Complaint ¶¶ 5, 49-83. These actions exposed the Plan to excessive risk, and created dire financial circumstances which rendered the stock an imprudent investment for the Plan. *Howard* Complaint ¶¶ 4, 129-136; *Greenberg* Complaint ¶¶ 5, 92-107.

Based on publicly available information for the Plan, the *Howard* Plaintiffs estimate that Defendants' breaches of fiduciary duty have caused the Plan to lose nearly ***hundreds of million dollars*** of retirement savings. *Greenberg* Complaint ¶ 7. Accordingly, the *Howard* Plaintiffs seek relief pursuant to sections 409 and 502(a)(2) of ERISA, 29 U.S.C. § 1109 & 1132(a)(2), on behalf of the Plan for losses sustained as a result of the Defendants' breaches of fiduciary duty.

## DISCUSSION

Given the substantial similarity of the parties and basic claims in the above-captioned eight similar ERISA Actions, the *Howard* Plaintiffs have followed the guidance of the *Manual* and submit for the Court's approval [Proposed] Pretrial Order No. 1 which: (1) provides for the consolidation of these related actions; (2) establishes efficient procedures for the filing and docketing of papers; (3) appoints lead plaintiffs; (4) proposes an organization of plaintiffs' counsel; and (5) otherwise eliminates wasteful and duplicative litigation. The *Howard* Plaintiffs respectfully submit that because the proposed order will promote the orderly and efficient conduct of this action, and is consistent with the recommendations of the *Manual*, the order should be entered.

## I.    CONSOLIDATION OF CASES

Consolidation of these related actions is appropriate pursuant to FED. R. CIV. P. 42(a) which governs the consolidation of actions in federal court. Fed. R. Civ. P. 42(a) provides that when actions involving a common question of law or fact are pending before a court, a court "may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Broad discretion is given to the Court under this rule to consolidate cases pending within the District. 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2385 (2d ed. 1987).

### A.    The ERISA Actions Meet the Requirements of FRCP 42(a) for Consolidation.

The above-captioned ERISA Actions assert claims under ERISA against similar defendants and involve common questions of law or fact. Specifically, all of the ERISA Acitons allege that fiduciaries of the Plan breached their duties to participants and beneficiaries in connection with the Plan's investments in Bear Stearns common stock and the Company's serious mismanagement and improper business practices. When actions involving a common question of law or fact are pending before a court, the court may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay. FED. R. CIV. P. 42(a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990), *cert. denied*, 498 U.S. 920, 111 S.Ct. 297 (1990) (stating that when separate actions involve common question of fact or law, courts favor consolidation in order to avoid unnecessary costs and delays). In so doing, a district court has broad discretion in determining whether consolidation is appropriate by weighing the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice. *Ellerman Lines, Ltd. v.*

*Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673 (3d Cir.1964), *cert. denied*, 382 U.S. 812 (1965);

*Johnson*, 899 F.2d at 1285.

In situations where multiple actions turn on allegations that a company breached its fiduciary duties under ERISA to plan participants and beneficiaries, consolidation pursuant to Fed. R. Civ. P. 42(a) is appropriate. *In re WorldCom, Inc. Sec. Litig.*, No. 02-3288, 2002 WL 31095170 (S.D.N.Y. Sept. 18, 2002) (consolidating all WorldCom ERISA cases); *see also Manual* § 10.123 (in complex litigation, related proceedings should be coordinated to further efficiency and effective case administration). Consolidating these actions would avoid the unnecessary waste of judicial resources and additional cost and delay to the parties. Because consolidation would be to the benefit of all parties involved, these actions should be consolidated pursuant to Fed. R. Civ. P. 42(a).

**B.    The [Proposed] Pretrial Order No. 1 Establishes Orderly and Efficient Procedures for the Management of these Cases.**

Proposed Interim Lead Plaintiffs, Aaron Howard and Shelden Greenberg, further request, for similar purposes of efficiency and effective administration, that additional class actions filed in or transferred to this district asserting claims under ERISA in connection with the above-stated allegations be similarly consolidated herewith and subject to the Court's order, as is set forth in the proposed Order. In addition to providing for consolidation, the proposed order establishes orderly procedures for the captioning, filing and docketing of papers in these related actions, and in any cases that may hereafter be filed in or transferred to this Court. These procedures include the establishment of a uniform caption and master docket for the filing of documents relating to the consolidated actions.

Such procedures, designed to enhance efficiency, are particularly necessary and appropriate in complex class action litigation such as this. *See Manual* § 11.21. In addition, this

type of order has been used in numerous other cases in which the ERISA cases have been consolidated.[4]

## II.    PROPOSED INTERIM LEAD PLAINTIFFS.

Proposed Interim Lead Plaintiffs were participants of the Plan during the Class Period. As such, a significant portion of their retirement savings in the Plan was invested in Bear Stearns stock as a result of the way the Plan was administered by its fiduciaries. Their investments have been decimated by the failure of fiduciaries of the Plan to prudently and loyally manage the Plan as required by ERISA. The Plan has over eight thousand participants or beneficiaries, all of whom suffered substantial losses as a result of the imprudent actions and inactions of the Plan's fiduciaries regarding the Plan's investment in Bear Stearns stock. Aaron Howard and Shelden Greenberg seek appointment as Interim Lead Plaintiffs to represent the interests of all of the participants and beneficiaries of the Plan who suffered similar losses as is required in an action on behalf of the Plan under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2).

## III.    ESTABLISHMENT OF A LEADERSHIP STRUCTURE.

The proposed order further implements the procedures suggested by the *Manual* for complex, multi-party cases such as this by designating Interim Co-Lead Class Counsel for plaintiffs and the putative class. *See Manual* § 10.22. The *Howard* Plaintiffs respectfully submit that such designation will promote the orderly progress of this litigation, and ensure that Plaintiffs are able to prosecute this litigation in an efficient and coordinated fashion.

---

[4] *See, e.g., In re Polaroid ERISA Litig.*, No. 04-8335 (S.D.N.Y. Mar. 5, 2004) (attached as Exhibit B to the Loeser Decl.; *In re Marsh ERISA Litig.*, No. 04-8157 (S.D.N.Y. Feb. 8, 2005) (attached as Exhibit C to the Loeser Decl.); *In re Williams Companies ERISA Litig.*, No. 02-153 (N.D. Okla. Oct. 28, 2002) (attached as Exhibit D to the Loeser Decl.); and *In re WorldCom, Inc. ERISA Litig.*, No. 02-4816 (S.D.N.Y. Sep. 18, 2002) (attached as Exhibit E to the Loeser Decl.).[0]

A.    **Proposed Interim Co-Lead Class Counsel.**

The *Howard* Plaintiffs propose the following as Interim Co-Lead Class Counsel pursuant

to FED. R. CIV. P. 23(g)(3) to act on behalf of the putative class:

> Joseph H. Meltzer
> Edward W. Ciolko
> **Schiffrin Barroway Topaz & Kessler, LLP**
>
> Lynn Lincoln Sarko
> Derek W. Loeser
> **Keller Rohrback L.L.P.**

Pursuant to this structure, SBTK and Keller Rohrback would be charged with the

responsibility for the day-to-day conduct of the litigation and for carrying out the orders of the

Court concerning the conduct of the litigation. Specifically, as suggested in the *Manual*, SBTK

and Keller Rohrback would be charged with the following duties:

> [F]ormulating (in consultation with other counsel) and presenting
> positions on substantive and procedural issues during the litigation.
> . . .in presenting written and oral arguments and suggestions to the
> court, working with opposing counsel in developing and
> implementing a litigation plan, initiating and organizing discovery
> requests and responses, conducting the principal examination of
> deponents, employing experts, arranging for support services, and
> seeing that schedules are met.

*Manual* § 10.221.  SBTK and Keller Rohrback would also be charged with responsibility for

monitoring the time and expenses of all Plaintiffs' counsel to ensure that this litigation is

conducted efficiently and without duplication.

B.    **Proposed Interim Co-Lead Class Counsel are Best Qualified Under the
Relevant Standards to Represent the Putative Class.**

The proposed order implements the procedures suggested by the *Manual* and codified in

FED. R. CIV. P. 23(g) by designating Interim Co-Lead Class Counsel. *See Manual* §§ 10.22,

40.22; FED. R. CIV. P. 23(g).[5]  As stated in the *Manual,* in determining lead counsel for the proposed class, the court should "conduct an independent review (usually a hearing is advisable) to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Manual* § 10.22.  Indeed, the most important factor is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221.

In appointing class counsel, the court must consider the following four factors:

- the work counsel has done in identifying or investigating potential claims in the action;

- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

- counsel's knowledge of the applicable law; and

- the resources counsel will commit to representing the class.

FED. R. CIV. P. 23(g)(1)(A).  Each of the factors supports the appointment of SBTK and Keller Rohrback as Interim Co-Lead Class Counsel in this case.

> **1.    Counsel for the *Howard* Plaintiffs have demonstrated a commitment to identifying and investigating potential claims in this action.**

With respect to the first 23(g) factor, counsel for the *Howard* Plaintiffs have already taken substantial steps in prosecuting this action.  To begin, prior to filing their respective complaints, counsel procured and reviewed various Plan documents and spoke with Plan participants in order to identify and investigate the claims in this case.  As a result, the

---

[5] As examples of the operation of these procedures, counsel herein also refer the Court to lead counsel appointment orders from other ERISA breach of fiduciary duty cases including: *In re Polaroid ERISA Litig.,* No. 04-8335 (S.D.N.Y. Mar. 5, 2004) and *In re WorldCom, Inc. ERISA Litig.,* No. 02-CV-4816 (S.D.N.Y. Nov. 18, 2002), attached to the Loeser Decl. as Exhibits B and E.

complaints filed by Plaintiffs allege in detail Defendants' violations of ERISA and their failure to act with respect to the Plan and its participants.

Moreover, proposed Interim Co-Lead Class Counsel have requested documents from Defendants pursuant to ERISA § 104(b)(4).  *See, e.g.,* Declaration of Edward W. Ciolko ("Ciolko Decl."), Exhibit A.  SBTK also requested that Defendants preserve all accessible or inaccessible information and documents, as that term is defined in FED. R. CIV. P. 34(a), and stop all routine destruction of electronically stored information.  *See* Ciolko Decl., Exhibit B.  SBTK mailed a similar letter to Bear Stearns' putative acquirer, J.P.Morgan Chase & Co ("J.P. Morgan"). *See* Ciolko Decl., Exhibit C.  Furthermore, SBTK requested that Bear Stearns' legal department produce to Plaintiff Howard, or copy and separately preserve, all relevant documents and communications produced in the pending "acquisition cases" filed against the Company regarding the terms of its proposed acquisition by J.P. Morgan.[6]  *See* Ciolko Decl., Exhibit D.

Based on the extensive experience that SBTK and Keller Rohrback have in bringing and pursuing ERISA claims such as those asserted here against Bear Stearns and the Individual Defendants, counsel from both firms fully understand the substantial investment of time and resources necessary to properly pursue and lead the Bear Stearns case, and are committed to making the necessary investment in this case.

      **2.**      **Counsel for the *Howard* Plaintiffs have experience in class actions and other complex litigation, have experience in litigating the claims asserted in this case, and have unequalled knowledge of the law applicable in this case.**

The most persuasive factor in choosing interim lead class counsel is the experience the proposed counsel has in the relevant area of law.  *See, e.g., Nowak v. Ford Motor Co.*, 240

---

[6] E.g., Police and Fire Retirement System of the City of Detroit v. The Bear Stearns Companies Inc., et al., Case No. 3638 (Del. Ch. Mar. 20, 2008) and Kurtz v. Cayne, et al., Case No. 8600780 (N.Y. Sup. Ct. Mar. 17, 2008).

F.R.D. 355, 361 (E.D.Mich. 2006) (appointing Keller Rohrback and SBTK as co-lead counsel), citing *In re Terzaosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (finding the proposed counsel's "experience in, and knowledge of, the applicable law in this field" the "most persuasive" factor when choosing lead counsel).

ERISA fiduciary litigation involving defined contribution plans and their investments is a complex and rapidly developing field, which requires mastery not only of ERISA itself, but also of regulations promulgated by both the Department of Labor and Internal Revenue Service. Moreover, the burgeoning body of case law developing to address legal issues regarding 401(k)/ESOP breach of fiduciary duty cases requires attorneys who are fully informed of these new developments as they occur through an active and thriving ERISA practice.

    *a.*     *Schiffrin Barroway Topaz & Kessler, LLP*[7]

SBTK is one of the most recognized and accomplished firms in the country in the specialized field of ERISA company stock class action litigation. Moreover, SBTK generally specializes in complex class action litigation, representing investors, employees and consumers in class actions pending in state and federal courts throughout the United States. During its successful history, the firm has recovered billions of dollars for class members. SBTK, one of the largest class action firms in the country, has developed a nationwide reputation for excellence and is able to manage all aspects of complex class action litigation with particular expertise in ERISA, RESPA, consumer and securities litigation.[8] Comprised of over 57 attorneys and a support staff consisting of about 100 paralegals, secretaries, file clerks, investigators, CPAs and administrative personnel, SBTK has the financial resources and manpower necessary to litigate any case.

---

[7] The firm's resume is attached as Exhibit E to the Ciolko Decl.

[8] *See also* firm resume of SBTK, attached to the Ciolko Decl. as Exhibit E.

Just recently, SBTK was commended for its efforts in representing a class of plaintiffs and achieving a $3.2 billion settlement in a "case of unprecedented difficulty and complexity." *See* Transcript of Fairness Hearing Before the Honorable Paul J. Barbadoro, *In re Tyco Int'l, Ltd.*, No. 02-MD-1335-B, at 82 (D.N.H. Nov. 2, 2007).[9]  Judge Barbadoro noted:

> I am completely satisfied that the amount of this settlement is an outstanding result for this class.  I have no question about it, that it's an outstanding amount for the class.  This is real money, a significant percentage of what might be recovered.  There were and are real risks to the class in this case . . . .  So by any measure, this is an outstanding result for the class."

*Id.* at 49, *see also Id.* at 134 ("But I also want to say there's no doubt in my mind about the quality of the legal work that the plaintiffs have done here.  It has been of extraordinarily high quality. . . .").

Likewise, the Honorable Laura Taylor Swain commended SBTK in its representation of a similar class in an analogous action against Citigroup, Inc., finding that "the parties and their attorneys were creative in approaching the legal issues presented and the challenge of coming up with meaningful and constructive relief for plan members. . . ." *See* Transcript of Final Fairness Hearing, *In re: Citigroup Litigation*, No. 03-CV-2932, at 7 (S.D.N.Y. Nov. 15, 2006).[10]

Other courts have similarly lauded SBTK's representation of plaintiff classes.  For instance, the Honorable Denise Cote made the following remarks at the final fairness hearing in *In re Interpublic Sec. Litig.*, No. 02-CV-6527 (S.D.N.Y. Oct. 22, 2004): "I do want to compliment class counsel.  I think that you behaved responsively here and gave very good service to the class.  They were well served by you."[11]  *See also* Transcript of Fairness Hearing

---

[9] Portions of the lengthy transcript are attached to the Ciolko Decl. as Exhibit F.

[10] Attached to the Ciolko Decl. as Exhibit G.

[11] Attached hereto to the Ciolko Decl. as Exhibit H.

Before the Honorable Richard W. Story United States District Judge, *Woods v. Southern Co.*, No. 1:-4-cv-1912-RWS, at 7 (N.D. Ga. Aug. 14, 2007) ("This is an excellent settlement for the class . . . .").[12]

One District Court which appointed SBTK (with Keller Rohrback) as co-lead counsel after considering competing lead counsel applications, specifically noted that SBTK "has extensive experience litigating ERISA breach of fiduciary class actions." *Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 362 (E.D. Mich. 2006). Indeed, the firm's ERISA litigation department is one of the foremost in the country, as recognized by the Honorable Julie A. Robinson at the final fairness hearing in *In re Westar Energy ERISA Litig.*, No. 03-CV-4032-JAR, at 33 (D. Kan. July 27, 2006) ("Class counsel [SBTK] is experienced, nationally recognized in this field, and had the requisite skill necessary to perform the legal services required in cases as complex as this.").[13] The Honorable Richard W. Story, United States District Judge, in *In re Mirant Corp. ERISA, et al.*, No. 1:03-cv-1027-RWS (N.D. Ga. Nov. 16, 2006), reached the same conclusion. ("Class Counsel . . . are obviously eminently qualified to bring and pursue this litigation.").[14]

In addition to the cases cited above, courts across the country, acknowledging the firm's history and track record of impressive results, have not hesitated to appoint SBTK as Lead or Co-Lead Class Counsel in ERISA breach of fiduciary class actions, directly analogous to the instant matter.[15]

---

[12] Attached hereto to the Ciolko Decl. as Exhibit I.

[13] Attached hereto to the Ciolko Decl. as Exhibit J.

[14] Attached hereto to the Ciolko Decl. as Exhibit K.

[15] *See, e.g., In re Beazer Homes USA, Inc. ERISA Litig.*, 07-CV-00952-RWS (N.D. Ga. April 30, 2007); *Nowak* 240 F.R.D. at 355; *In re Lear ERISA Litig.*, No. 06-CV-11735 (E.D. Mich. Apr. 10, 2006); *In re Raytheon ERISA Litigation*, No. 03-CV-10940-RGS (D. Mass. Mar. 19, 2003); *Gee v. UnumProvident Corp.*, 03-CV-1552 (E.D. Tenn. Sept. 3, 2003); *In re Westar Energy Inc. ERISA Litig.*, 03-CV-4032 (D. Kan. Mar. 7, 2003); *Koch v. Loral Space & Commc'ns Ltd.*, 03-CV-9729 (S.D.N.Y. Dec. 8, 2003); *In re Honeywell ERISA Litig.*, No. 03-CV-1214

In the course of prosecuting ERISA class actions such as this as lead or co-lead counsel, SBTK has prepared numerous consolidated pleadings, responded to motions to dismiss, propounded discovery requests and reviewed hundreds of thousands of pages of plan-related documents and related documentation, and litigated cases through the summary judgment phase. Indeed, the firm's litigation efforts have resulted in favorable court opinions in a number of ERISA decisions denying defendants' motions to dismiss or for summary judgment.[16]

As a result of its extensive ERISA litigation experience, the firm "has also successfully engaged in extensive, intricate and successful settlement negotiations involving [complex] ERISA claims,"[17] including court-ordered mediations, and has recovered hundreds of millions of dollars for its clients and class members. These negotiations and mediations have resulted in several large recoveries for affected classes. *See In re AOL ERISA Litig.*, 02-CV-8853 (S.D.N.Y. 2007) (as Co-Lead Counsel, SBTK helped obtain a $100 million settlement); *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y. 2004) (as Co-Lead Counsel, SBTK

---

[16] (D.N.J. Oct. 22, 2004); *Wilson v. Federal Home Loan Mortgage Corp.*, MDL Docket No. 1584, No. 04-CV-2632 (JES) (S.D.N.Y. Apr. 7, 2004); *In re Schering-Plough Corp. ERISA Litig.*, No. 03-CV-1204 (D.N.J. Oct. 25, 2005); and *In re Calpine Corp. ERISA Litig.*, No. 03-CV-1685 (N.D. Cal. Apr. 17, 2003). Notably, the foregoing represent a subset of the ERISA class actions prosecuted by SBTK.

[16] *E.g.*, *Brieger v. Tellabs, Inc.*, 473 F. Supp. 2d 878 (N.D. Ill. 2007); *In re Lear ERISA Litig.*, No. 06-CV-11735 (S.D. Mich. Apr. 10, 2006); *Woods v. Southern Co.*, 396 F. Supp. 2d 1351 (N.D. Ga. 2005); *In re: Merck & Co., Inc. Sec. Derivative & ERISA Litig.*, No. 05-CV-2369, 2006 WL 2050577 (D.N.J. July 11, 2006); *In re JDS Uniphase Corp. ERISA Litig.*, No. C 03-04743, 2005 WL 1662131 (N.D. Cal. July 14, 2005); *Gee v. UnumProvident Corp.*, No. 03-CV-0147, 2005 WL 534873 (E.D. Tenn. Jan. 13, 2005); *In re Honeywell Intern. ERISA Litig.*, No. 03-CV-1214, 2004 WL 3245931 (D.N.J. Sept. 14, 2004); *In re ADC Telecomms., Inc. ERISA Litig.*, No. 03-CV-2989, 2004 WL 1683144 (D. Minn. July 26, 2004); *In re Sears, Roebuck & Co. ERISA Litig.*, No. 02-CV-8324, 2004 WL 407007 (N.D. Ill. March 3, 2004); *Falk v. Amerada Hess Corp.*, No. 03-CV-2491 (D.N.J. May 10, 2004); *In re Syncor ERISA Litig.*, 351 F. Supp. 2d 970 (C.D. Cal. 2004); *In re CIGNA Corp. ERISA Litig.*, No. 03-CV-00714 (JPF) (E.D. Pa. Aug. 2, 2004); *In re AOL Time Warner, Inc., Sec. & "ERISA" Litig.*, No. 02-CV-8853, 2005 WL 563166 (S.D.N.Y. Mar. 10, 2005); *Hill v. BellSouth Corp.*, 313 F. Supp. 2d 1361 (N.D. Ga. 2004); *Wilson v. Federal Home Loan Mortgage Corp.*, MDL Docket No. 1584, No. 04-CV-2632 (JES) (S.D.N.Y. Feb. 7, 2005); *In re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461 (S.D.N.Y. 2005).

[17] *Nowak*, 240 F.R.D. 355, 362 (collecting cases).

helped obtain settlement providing injunctive relief and $78 million payment for plan losses); *In re Bristol-Myers Squibb Co. ERISA Litig.*, No. 02-CV-10129 (LAP) (S.D.N.Y. 2005) (as Co-Lead Counsel, SBTK achieved a cash recovery of $41.22 million and significant structural relief regarding how the 401(k) plans at issue are administered valued at up to $52 million); *In re Honeywell Intern'l ERISA Litig.*, No. 03-CV-1214 (DRD) (D.N.J. 2004) (as Lead Counsel, SBTK achieved a $14 million recovery to a defined contribution plan and its participants, as well as significant structural relief regarding the plan's administration and investment of its assets).[18]

Indicative of the type of results SBTK expects to achieve are the comments made by the Honorable Joel A. Pisano in *In re AremiSoft Corp. Sec. Litig.*, 210 F.R.D. 109, 132 (D.N.J. 2002), wherein he praised SBTK for its efforts in crafting a difficult an creative settlement on behalf of the class:

> [T]he excellent result evidences Plaintiffs' Counsel's skill and efficiency . . . [litigation of the Class's claims would have likely driven AremiSoft into liquidation . . . . **Rather than slavishly pursuing such mediocre results, Plaintiffs' Counsel devised the creative settlement involved here. This Settlement confers the dual benefits of compensating the class for the injuries they endured while creating a new, and hopefully profitable**

---

[18] In approving the *Honeywell* settlement, the Honorable Dickinson R. Debevoise stated the following with regard to SBTK's representation of the ERISA class:

> Plaintiffs' counsel undoubtedly possess great skill and experience in this kind of case and have exhibited that experience during the course of these proceedings.
>
> *   *   *
>
> ERISA class actions are a relatively new phenomenon, presenting complex issues as the courts deal with the complicated ERISA statute. Faced with this statute, counsel had to engage in extensive factual explorations and address legal problems both in the context of class certification and during the course of the motion to dismiss.

Final Fairness Hearing Transcript, *In re Honeywell ERISA Litig.*, No. 03-CV-01214 (DRD) (D.N.J. July 19, 2005), p. 40 (attached to the Ciolko Decl. as Exhibit L).

> **business entity**. In other words, rather than permitting litigation to destroy a business and shortchange investors, as securities class actions so often do, Plaintiffs' Counsel created a settlement that promotes a just result and furthers economic activity.

*Id*. (emphasis added).

SBTK's experience will prove invaluable in the prosecution of this case. Indeed, the complex legal issues that will undoubtedly arise in this case have already been briefed numerous times by attorneys in SBTK's ERISA litigation department. Further, the firm has successfully litigated this type of case at the Circuit court level, helping to develop the legal landscape for these type of cases. *See In re Schering-Plough Corp. ERISA Litig.*, 420 F.3d 231 (3d Cir. 2005) amended by No. 04-CV-3073, 2005 U.S. App. LEXIS 19826 (3d Cir. Sept. 15, 2005); *In re Syncor ERISA Litig.*, 516 F.3d 1095 (9th Cir. 2008) (with Keller Rohrback). In addition, the firm's ERISA department actively tracks relevant developing issues, both judicial and legislative, on a regular basis.

The ERISA litigation department is headed by Joseph Meltzer, a partner at SBTK. Mr. Meltzer received his law degree with honors from Temple University School of Law. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before numerous Federal District and Circuit Courts. Prior to joining SBTK, Mr. Meltzer practiced at Barrack, Rodos & Bacine in Philadelphia, where he had important roles in prosecuting several major antitrust class actions, and also defended clients in antitrust and commercial litigation.

Mr. Meltzer concentrates his practice in the areas of ERISA, antitrust, and consumer protection, and has helped obtain several multi-million dollar settlements on behalf of class members, including the SBTK class settlements listed above. Mr. Meltzer represents employees in each of the numerous ERISA breach of fiduciary duty actions listed above for SBTK. Further,

Mr. Meltzer is Lead Counsel or has leadership positions in numerous pending nationwide class actions brought on behalf of consumers, employees, and union health and welfare funds. Mr. Meltzer is a member of the American Bar Association and is actively involved in the ABA's Section Committees on (i) Employee Benefits and (ii) Antitrust Law.

b.    *Keller Rohrback L.L.P.*

Keller Rohrback is a national leader in ERISA class action litigation. The firm serves or has served as lead and co-lead counsel in many of the most prominent ERISA class action cases such as *In re Enron Corp. ERISA Litig.*, No. 01-3913 (S.D. Tex.); *In re WorldCom, Inc. ERISA Litig.*, No. 02-4816 (S.D.N.Y.) (J. Cote); *In re Global Crossing ERISA Litig.*, No. 02-7453 (S.D.N.Y.) (J. Lynch); *In re Polaroid ERISA Litig.*, No. 03-8335 (S.D.N.Y.) (J. Pauley); *In re Marsh ERISA Litig.*, No. 04-cv-8157 (S.D.N.Y) (J. Kram); *In re AIG ERISA Litigation*, No. 04-cv-8141 (S.D.N.Y.) (J. Sprizzo);[19] and *In re Merrill Lynch & Co., Inc. Sec., Derivative & ERISA Litig.*, No. 07-9633 (S.D.N.Y.) (J. Sand), as well as numerous others throughout the country.[20]

Keller Rohrback's work as lead counsel in ERISA cases has been widely praised. For example, in the *In re WorldCom, Inc. ERISA Litig.*, where Keller Rohrback served as Lead Counsel, Judge Cote found that:

> Lead Counsel has performed an important public service in this action and has done so efficiently and with integrity. It has cooperated completely and in novel ways with Lead Counsel for the Securities Litigation and in doing so all of them have worked to reduce legal expenses and maximize recovery for class members. Lead Counsel…has also worked creatively and diligently to obtain a settlement from WorldCom in the context of complex and difficult legal questions…. Lead Counsel should be appropriately rewarded as an incentive for the further protection of employees

---

[19] Keller Rohrback serves on a four firm "Provisional Committee" in the AIG ERISA Litigation.

[20] The ERISA breach of fiduciary duty class actions for which Keller Rohrback serves as lead or co-lead counsel are provided in Keller Rohrback's firm resume, attached as Exhibit A to the Loeser Decl.

and their pension plans not only in this litigation but in all ERISA actions.

*In re WorldCom, Inc. ERISA Litig.*, No. 02-CV-4816, 2004 WL 2338151 at *10 (S.D.N.Y. Oct. 18, 2004).

To date, Keller Rohrback has achieved settlements for its ERISA clients in excess of $750 million to employees and retirees.  For example: *Tittle v. Enron Corp.*, No. 01-CV-3913 (S.D. Tex.) (final approval of ground-breaking partial settlements providing injunctive relief and payment of approximately $85 million for plan losses; final approval of settlement with Enron providing claim in the Enron bankruptcy in the amount of $356.25 million (valued in excess of $100 million); final approval of $37.5 million settlement with Plan trustee.)[21]; *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y. 2004) (described above); *In re WorldCom, Inc. ERISA Litig.*, No. 02-4816, 2004 WL 2338151 (S.D.N.Y. Oct. 18, 2004) (final approval of settlement providing injunctive relief and $48 million payment for plan losses); and *Reinhart v. Lucent Tech., Inc.*, No. 01-3491 (D.N.J. Mar. 15, 2004) (final approval of settlement providing injunctive relief and $69 million payment for plan losses).   Additional favorable settlements of similar ERISA class action claims are provided in Keller Rohrback's resume, attached as Exhibit A to the Loeser Decl.

Because of Keller Rohrback's extensive expertise in this area of law and the successful results the firm has achieved, Keller Rohrback has many times been appointed lead or co-lead counsel in contested leadership petitions in ERISA class action cases.  For example, in *Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 363 (E.D. Mich. 2006), the court concluded after extensive

---

[21] *See In re Enron Corp Sec., Derivative & ERISA Litig.,* No. 01-CV-3624, 2003 U.S. Dist. LEXIS 25032 (S.D. Tex. Nov. 12, 2003) (approving $85 million partial settlement); *Tittle v. Enron Corp.*, No. 01-CV-3913 (S.D. Tex. Sept. 12, 2005) (approving $365.25 million partial settlement with Enron Corp.); *Tittle v. Enron Corp.*, No. 01-CV-3913 (S.D. Tex. July 24, 2006) (approving $37.5 million settlement with trustee, Northern Trust).

leadership briefing that Keller Rohrback and SBTK, as co-lead counsel in the Ford case, "have a high level of ERISA expertise and are willing to commit each firm's resources to this case such that they fairly and adequately represent all parties on their side. Moreover, should the putative class be certified, these firms have the experience and resources to represent adequately the certified class."); *see also, e.g., Miller v. Beazer*, No. 07-CV-00952, 2007 WL 3005332 (N.D. Ga. Oct. 12, 2007) (appointing Keller Rohrback and SBTK interim co-lead counsel in *Beazer* ERISA breach of fiduciary duty litigation); *In re Delphi ERISA Litig.*, 230 F.R.D. 496 (E.D. Mich. 2005) (appointing Keller Rohrback interim lead counsel in Delphi ERISA breach of fiduciary duty litigation).

Keller Rohrback's Complex Litigation and ERISA team is led by the firm's Managing Partner, Lynn Lincoln Sarko. Mr. Sarko received both his MBA degree in accounting and law degree from the University of Wisconsin, where he served as Editor-in-Chief of the *Wisconsin Law Review* and was selected by faculty as the outstanding graduate of his class. He is a former Assistant United States Attorney and Ninth Circuit judicial law clerk (Hon. Jerome Farris). He has actively engaged in the prosecution of complex litigation for two decades. Mr. Sarko has served as lead or co-lead counsel in several leading ERISA cases, including the largest and most complex -- the *Enron, WorldCom*, and *Global Crossing* cases -- and numerous other cases. In addition to his work as lead or co-lead counsel in these prominent ERISA cases, Mr. Sarko has prosecuted a variety of class actions involving high profile matters including the Exxon Valdez Oil Spill, the Microsoft civil antitrust case, the Vitamins price-fixing cases, the *MDL Fen/Phen Diet Drug Litigation*, as well as notable public service lawsuits such as *Erickson v. Bartell Drug Co.*, establishing a woman's right to prescription contraceptive health coverage. Aided in part by his M.B.A. in accounting, Mr. Sarko has also litigated numerous complex cases involving

financial and accounting fraud, including actions against several of the nation's largest accounting and investment firms.

Mr. Sarko is a recipient of Trial Lawyer of the Year by the Trial Lawyers for Public Justice Foundation and for the last seven years was named "Super Lawyer" among civil litigators by *Washington Law and Politics* magazine in its annual review of the State's legal profession. Mr. Sarko is a frequent commentator on ERISA litigation. He regularly speaks at national ERISA conferences. Most recently, Mr. Sarko spoke at the DOL Speaks: Employee Benefits Conference, the American Bar Association's Employee Benefits Committee Meeting; the Glasser Annual ERISA Litigation Conference; and The Los Angeles Benefits Conference which was co-sponsored by the Internal Revenue Service, the American Society of Pension Professionals & Actuaries, and the National Institute of Pension Administrators. Mr. Sarko is considered one of the leading experts on ERISA class action cases.

The Keller Rohrback Complex Litigation and ERISA team that Mr. Sarko leads is also highly accomplished, and includes numerous lawyers whose practices focus primarily on ERISA class action cases. These attorneys include Derek W. Loeser, a partner at Keller Rohrback and a member of the firm's ERISA team. He is one of the chief plaintiffs' counsel in numerous ERISA breach of fiduciary duty cases, including, among others, the *In re Polaroid ERISA Litig.,* No. 03-8335 (S.D.N.Y.); *In re AIG ERISA Litig.,* No. 04-8141 (S.D.N.Y.); and *In re Ford Motor Co. ERISA Litig.*, No. 06-11718 (E.D. Mich.), and played a lead role in the prosecution of many of the firm's groundbreaking ERISA cases, including, *In re Enron Corp. ERISA Litig.*, No. 01-3913 (S.D. Tex.), *In re HealthSouth Corp. ERISA Litig.*, No. 03-784 (N.D. Ala.) and *In re CMS Energy ERISA Litig.*, No. 02-72834 (E.D. Mich.).

Mr. Loeser has extensively researched, briefed and argued the multitude of legal issues arising in ERISA class action cases, including on motions to dismiss, class certification, and summary judgment, and has conducted extensive document, deposition, and expert discovery in these cases. He has played a lead role in successful settlement negotiations in several of the firm's ERISA cases. Mr. Loeser is a member of the American Bar Association's Section of Labor & Employment Law and the Employee Benefits Committee as a Plaintiff attorney, and is a frequent speaker at national ERISA conferences. Before joining Keller Rohrback in 2002, he clerked for the Hon. Michael R. Hogan, United States District Court, District of Oregon, and was a trial attorney in the Employment Litigation Section of the Civil Rights Division of the United States Department of Justice in Washington, D.C. Mr. Loeser obtained his B.A. from Middlebury College, where he graduated summa cum laude, with highest departmental honors, and as a member of Phi Beta Kappa. He graduated with honors from the University of Washington School of Law. Mr. Loeser was named in 2007 as a "Super Lawyer" among civil litigators and recognized in 2005 and 2006 as a "Rising Star" by *Washington Law and Politics* magazine in its annual review of the State's legal profession.

### 3.   Counsel for *Howard* Plaintiffs have the Resources Necessary to Represent the Class.

SBTK and Keller Rohrback are well-established and successful law firms that have the resources and personnel necessary to pursue a case of this magnitude as each has demonstrated in numerous similar large-scale class actions. SBTK, as noted above, has over 57 lawyers in the United States. Keller Rohrback includes 54 attorneys. The firms' resources are not merely financial, but also include substantial expertise and work-product, discussed above, that they have developed in other similar cases that will be an obvious benefit to the Plaintiffs in this action. Much of this material is unique to the issues and disputes that are present in ERISA

company stock litigation.    Counsel's ability to draw from this well developed bank of information in directing this litigation will allow them to streamline the litigation and create efficiency unavailable to other firms.    Thus, the resource factor under Rule 23(g) also favors appointment of Plaintiffs' proposed Interim Co-Lead Class Counsel.

Counsel for the *Howard* Plaintiffs respectfully submit that, based on the above four Rule 23(g) factors, SBTK and Keller Rohrback are best able to represent the interests of the putative class because the firms possess unmatched experience and expertise leading the prosecution of this particular type of ERISA class action.    Accordingly, SBTK and Keller Rohrback request that the *Howard* Plaintiffs' motion for appointment of SBTK and Keller Rohrback as Interim Lead Co-Counsel should be granted.

### C.    Proposed Interim Liaison Counsel

Proposed Interim Liaison Counsel, Dealy & Silberstein, LLP is a boutique law firm that handles labor relations, employment law and legal issues concerning multi-employer benefit funds and ERISA.    The firm has been involved in complex litigations in state and federal court concerning labor relations and employee benefit fund issues.    DS attorneys are experienced in complex class action litigation.    Moreover, DS is conveniently located near the federal courthouses.[22].

As suggested in the *Manual*, Plaintiffs' Interim Liaison Counsel shall assist the Interim Co-Lead Class Counsel in facilitating coordination and communications among counsel for the parties and with the Court and otherwise be charged with administrative matters, including:

> Receiving and distributing pleadings, notices , orders motions, and briefs . . . [and] advising parties of developments, and otherwise assisting in the coordination of activities and positions.

---

[22] *See also* DS Firm Resume, attached to Ciolko Decl., as Exhibit M.

*Manual* § 10.221.

## **CONCLUSION**

For the foregoing reasons, the *Howard* Plaintiffs respectfully request that the Court: (a) consolidate the above-captioned ERISA Actions; (b) appoint Plaintiffs Aaron Howard and Shelden Greenberg as Interim Lead Plaintiffs; (c) appoint Schiffrin Barroway Topaz & Kessler, LLP and Keller Rohrback L.L.P. as Interim Co-Lead Class Counsel; (d) appoint Dealy & Silberstein, LLP as Interim Liaison Counsel; and (e) enter Plaintiffs [Proposed] Pretrial Order No. 1.

Dated: April 7, 2008.

Respectfully submitted,

**DEALY & SILBERSTEIN, LLP**

Milo Silberstein (MS 4637)
225 Broadway, Suite 1405
New York, NY 10007
Telephone: (212) 385-0066
Facsimile:  (212) 385-2117

*Proposed Interim Liaison Counsel for
the Class.*

**SCHIFFRIN BARROWAY
TOPAZ & KESSLER, LLP**
Joseph H. Meltzer
Edward W. Ciolko
Mark K. Gyandoh
James A. Maro
280 King of Prussia Road
Radnor, PA  19087
Telephone: (610) 667-7706
Facsimile:   (610) 667-7056

*Counsel for Aaron Howard and
Proposed Interim Co-Lead Counsel for
the Class.*

**KELLER ROHRBACK L.L.P**
Lynn L. Sarko
Derek W. Loeser
Erin M. Riley
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone:  (206) 623-1900
Facsimile:  (206) 623-3384

*Counsel for Shelden Greenberg and
Proposed Interim Co-Lead Counsel for
the Class.*