## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON HOWARD, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>    v.<br><br>THE BEAR STEARNS COMPANIES INC., THE BEAR STEARNS COMPANIES INC. EXECUTIVE COMMITTEE, JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Case No. 08-CV-2804 (RWS) |

[*additional captions follow*]

**PLAINTIFFS AARON HOWARD AND SHELDEN GREENBERG'S MEMORANDUM IN PARTIAL OPPOSITION TO THE *WEBER* PLAINTIFFS' MOTION FOR (1) CONSOLIDATION (2) APPOINTMENT OF LEAD PLAINTIFFS AND LEADERSHIP STRUCTURE AND (3) ENTRY OF [PROPOSED] PRETRIAL ORDER NO. 1**

ESTELLE WEBER, individually, on behalf of the
Bear Stearns Companies Inc. Employee Stock
Ownership Plan, and all others similarly situated,       )    Case No. 08-CV-2870 (RWS)
)
)
               Plaintiff,                                )
)
)
          v.                                             )
)
)
THE BEAR STEARNS COMPANIES, INC.,                        )
CUSTODIAL TRUST COMPANY, JAMES                           )
CAYNE, ALAN SCHWARTZ, WARREN                             )
SPECTOR, SAMUEL MOLINARO, ALAN                           )
GREENBERG, and JOHN DOES 1-20,                           )
)
)
               Defendants.                               )
)
ANTHONY PISANO, individually and on behalf               )
of all others similarly situated.                        )
)    Case No. 08-CV-3006 (UA)
               Plaintiff,                                )
)
          v.                                             )
)
)
THE BEAR STEARNS COMPANIES, INC.,                        )
JAMES E. CAYNE, ALAN D. SCHWARTZ,                        )
WARREN J. SPECTOR, SAMUEL L.                             )
MOLINARO, JR., ALAN C. GREENBERG, and                    )
JOHN AND JANE DOES 1-20,                                 )
)
)
               Defendants.                               )
)
)

HANS MENOS, individually and on behalf of all
others similarly situated,

               Plaintiff,

v.

THE BEAR STEARNS COMPANIES, INC.,
JAMES CAYNE, ALAN D. SCHWARTZ,
WARREN J. SPECTOR, SAMUEL L.
MOLINARO, JR., ALAN C. GREENBERG, and
JOHN AND JANE DOES 1-10,

               Defendants.

Case No. 08-CV-3035 (RWS)

IRA GEWIRTZ, individually and on behalf of all
others similarly situated,

               Plaintiff,

v.

THE BEAR STEARNS COMPANIES, INC.,
JAMES E. CAYNE, ALAN D. SCHWARTZ,
WARREN J. SPECTOR, SAMUEL L.
MOLINARO, JR., ALAN C. GREENBERG, and
JOHN AND JANE DOES 1-20,

               Defendants.

Case No. 08-CV-3089 (RWS)

| | |
|---|---|
| DREW V. LOUNSBURY, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> THE BEAR STEARNS COMPANIES INC. JAMES E. CAYNE; ALAN C. GREENBERG; ALAN D. SCHWARTZ; PAUL A. NOVELLY; FRANK T. NICKELL; FREDERIC V. SALERNO; VINCENT TESE; and JOHN AND JANE DOES 1-10, <br><br> Defendants. | Case No. 08-CV-3326 (RWS) |
| SHELDEN GREENBERG, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> THE BEAR STEARNS COMPANIES INC. JAMES E. CAYNE; ALAN C. GREENBERG; JEFFREY MAYER; SAMUEL L. MOLINARO, JR., ALAN D. SCHWARTZ; WARREN J. SPECTOR; and JOHN AND JANE DOES 1-10, <br><br> Defendants. | Case No. 08-CV-3334 (RWS) |

SCOTT WETTERSTEN, individually and on
behalf of all others similarly situated,          )
                                                  )
                                                  )   Case No. 08-CV-3351 (UA)
            Plaintiff,                             )
                                                  )
                                                  )
        vs.                                       )
                                                  )
THE BEAR STEARNS COMPANIES INC.,                  )
JAMES E. CAYNE, ALAN D. SCHWARTZ,                 )
WARREN J. SPECTOR, SAMUEL L.                      )
MOLINARO, ALAN C. GREENBERG, and JOHN             )
AND JANE DOES 1-10,                               )
                                                  )
            Defendants.                           )

RITA RUSIN, individually and on behalf of all
others similarly situated,                        )
                                                  )
                                                  )   Case No. 08-CV-3441 (UA)
            Plaintiff,                             )
                                                  )
                                                  )
        v.                                        )
                                                  )
THE BEAR STEARNS COMPANIES, INC.,                 )
JAMES E. CAYNE, ALAN D. SCHWARTZ,                 )
WARREN J. SPECTOR, SAMUEL L.                      )
MOLINARO, JR., ALAN C. GREENBERG, and             )
JOHN AND JANE DOES 1-20,                          )
                                                  )
            Defendants.                           )

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................3

ARGUMENT.......................................................................................................................5

    A.    All Four Rule 23(g) Factors Support the Appointment of SBTK and Keller
Rohrback as Interim Co-Lead Counsel.................................................................5

        1.    Counsel for the Howard Plaintiffs have demonstrated a
commitment to identifying and investigating potential claims in
this action ................................................................................................5

        2.    Counsel for the *Howard* Plaintiffs have experience in class actions
and other complex litigation, have experience in litigating the
claims asserted in this case, and have knowledge of the law
applicable in this case ..............................................................................7

        3.    Counsel for the *Howard* Plaintiffs have the resources necessary to
represent the Class .................................................................................12

    B.    The Court Should Reject the *Weber* Plaintiffs' Proposed Leadership
Structure...............................................................................................................13

        1.    Counsel for the *Howard* Plaintiffs have more directly relevant
experience than counsel for the *Weber* Plaintiffs .......................................13

        2.    Counsel for the *Howard* Plaintiffs have experience in class actions
and other complex litigation, have experience in litigating the
claims asserted in this case, and have knowledge of the law
applicable in this case ...........................................................................13

CONCLUSION....................................................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Alvidres v. Countrywide Financial Corp.,*
   No. 07-CV-05810, 2008 WL 803132 (C.D. Cal. Mar. 17, 2008) ....................................10, 11

*Brieger v. Tellabs, Inc.,*
   473 F. Supp. 2d 878 (N.D. Ill. 2007) ....................................................................................9

*Cokenour v. Household Int'l, Inc.,*
   No. 02-CV-7921, 2004 WL 725973 (N.D. Ill. Mar. 31, 2004).............................................10

*Gee v. UnumProvident Corp.,*
   No. 03-CV-0147, 2005 WL 534873 (E.D. Tenn. Jan. 13, 2005)............................................9

*Hargrave v. TXU Corp.*
   No. 3:02-cv-2573-K (N.D. Tex. March 25, 2008) .................................................................10

*Hill v. BellSouth Corp.,*
   313 F. Supp. 2d 1361 (N.D. Ga. 2004) ..............................................................................9, 10

*In re ADC Telecomms., Inc. ERISA Litig.,*
   No. 03-CV-2989, 2004 WL 1683144 (D. Minn. July 26, 2004) ............................................9

*In re AOL Time Warner, Inc., Sec. & "ERISA" Litig.,*
   No. 02-CV-8853, 2005 WL 563166 (S.D.N.Y. Mar. 10, 2005).............................................9

*In re CMS Energy ERISA Litig.,*
   225 F.R.D. 539 (E.D. Mich. 2004) .......................................................................................10

*In re CMS ERISA Litig.,*
   312 F. Supp. 2d 898 (E.D. Mich. 2004)................................................................................10

*In re Ford Motor Co. ERISA Litig.,*
   No. 06-CV-11718, 2008 WL 880161 (E.D. Mich. Mar. 31, 2008) ......................................10

*In re Global Crossing Sec. & ERISA Litig.,*
   225 F.R.D. 436 (S.D.N.Y. 2004) ...........................................................................................4

*In re Honeywell Intern. ERISA Litig.,*
   No. 03-CV-1214, 2004 WL 3245931 (D.N.J. Sept. 14, 2004)...............................................9

*In re JDS Uniphase Corp. ERISA Litig.,*
   No. C 03-04743, 2005 WL 1662131 (N.D. Cal. July 14, 2005).............................................9

*In re Marsh ERISA Litig.,*
    No. 04-CV-8157, 2006 WL 3706169 (S.D.N.Y. Dec. 14, 2006) ...........................................10

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.,*
    MDL No. 05-1720, 2006 WL 2038650 (E.D.N.Y. Feb. 24, 2006) ........................................14

*In re Polaroid ERISA Litig.,*
    240 F.R.D. 65 (S.D.N.Y. 2006) ......................................................................................9, 11

*In re Polaroid ERISA Litig.,*
    362 F. Supp. 2d 461 (S.D.N.Y. 2005)...........................................................................4, 9, 10

*In re Sears, Roebuck & Co. ERISA Litig.,*
    No. 02-CV-8324, 2004 WL 407007 (N.D. Ill. March 3, 2004)...............................................9

*In re Syncor ERISA Litig.,*
    227 F.R.D. 338 (C.D. Cal. 2005) ...........................................................................................10

*In re Syncor ERISA Litig.,*
    351 F. Supp. 2d 970 (C.D. Cal. 2004) .....................................................................................9

*In re Syncor ERISA Litig.,*
    516 F.3d 1095 (9th Cir. 2008) .................................................................................................8

*In re Terazosin Hydrochloride,*
    220 F.R.D. 672 (S.D. Fla. 2004)..............................................................................................7

*In re Williams Cos. ERISA Litig.,*
    231 F.R.D.416 (N.D. Okla. 2005)..........................................................................................10

*In re Williams Cos. ERISA Litig.,*
    271 F. Supp. 2d 1328 (N. D. Okla. 2003) ..............................................................................10

*In re WorldCom ERISA Litig.,*
    263 F. Supp. 2d 745 (S.D.N.Y. 2003).....................................................................................10

*In re WorldCom, Inc. ERISA Litig.,*
    339 F. Supp. 2d 561 (S.D.N.Y. 2004) .....................................................................................11

*In re WorldCom, Inc. ERISA Litig.,*
    No. 02-CV-4816, 2004 WL 2211664 (S.D.N.Y. Oct. 4, 2004)...............................................10

*In re Xerox Corp. ERISA Litig.,*
    483 F. Supp. 2d 206 (D. Conn. 2007)......................................................................................10

*In re: Merck & Co., Inc. Sec. Derivative & ERISA Litig.,*
    No. 05-CV-2369, 2006 WL 2050577 (D.N.J. July 11, 2006)...................................................9

*Nowak v. Ford Motor Co.*,
  240 F.R.D. 355 (E.D. Mich. 2006) .................................................................................10

*Tittle v. Enron Corp.*,
  MDL No. 1446, 2006 WL 1662596 (S.D. Tex. June 7, 2006) ...............................................11

*Tittle v. Enron Corp.*,
  284 F. Supp. 2d 511 (S.D. Tex. 2003) ................................................................................10

*Whetman v. IKON*,
  191 F.R.D. 457 (E.D. Pa. 2000).........................................................................................10

*Whetman v. IKON*,
  86 F. Supp. 2d 481 (E.D. Pa. 2000) ...................................................................................10

*Woods v. Southern Co.*,
  396 F. Supp. 2d 1351 (N.D. Ga. 2005) ................................................................................9

**DOCKETED CASES**

*Countrywide Financial Corporation*,
  No. 07-05810 (C.D. Cal.).................................................................................................11

*Dynegy, Inc.*,
  No. 02-3076 (S.D. Tex.) ..................................................................................................11

*Enron Corp.*,
  MDL No. 1446 (S.D. Tex.)................................................................................................11

*Falk v. Amerada Hess Corp.*,
  No. 03-CV-2491 (D.N.J. May 10, 2004) ...............................................................................9

*Nowak v. Ford Motor Co.*,
  No. 06-11718 (E.D. Mich.)...............................................................................................11

*Fremont Gen. Corp.*,
  No. 07-2693 (C.D. Cal.)...................................................................................................11

*Gee v. UnumProvident Corp.*,
  03-CV-1552 (E.D. Tenn. Sept. 3, 2003) ...............................................................................9

*Goodyear Tire & Rubber Co.*, No. 03-02182 (N.D. Ohio)..........................................................11

*Greenberg v. The Bear Stearns Companies Inc.*,
  No. 08-CV-3334 (UA) .....................................................................................................14

*Hargrave v. TXU Corp.*
  No. 3:02-cv-2573-K (N.D. Texas)......................................................................................10

*HealthSouth Corp.*,
    No. 03-1700 (N.D. Ala.) ...................................................................................................12

*In re AIG ERISA Litig.*,
    No. 04- 8141 (S.D.N.Y.) ..................................................................................................3

*In re AIG ERISA Litig.*,
    No. 04-9387 (S.D.N.Y.) ..................................................................................................11

*In re AOL ERISA Litig.*,
    02-CV-8853 (S.D.N.Y. 2007) ..........................................................................................4

*In re Beazer Homes USA, Inc. ERISA Litig.*,
    07-CV-00952-RWS (N.D. Ga. April 30, 2007)................................................................9

*In re Bristol-Myers Squibb Co. ERISA Litig.*,
    No. 02-CV-10129 (LAP) (S.D.N.Y. 2005)......................................................................4

*In re Calpine Corp. ERISA Litig.*,
    No. 03-CV-1685 (N.D. Cal. Apr. 17, 2003) ...................................................................9

*In re CIGNA Corp. ERISA Litig.*,
    No. 03-CV-00714 (JPF) (E.D. Pa. Aug. 2, 2004)...........................................................9

*In re Citigroup Litig.*,
    No. 03-CV-2932 (S.D.N.Y. Nov. 15, 2006) ...................................................................4

*In re Enron Corp. ERISA Litig.*,
    No. 01-3913 (S.D. Tex.) ..................................................................................................3

*In re Ford Motor Co. ERISA Litig.*,
    No. 06-11718 (E.D. Mich.)..............................................................................................4

*In re Global Crossing ERISA Litig.*,
    No. 02-7453 (S.D.N.Y.) ..................................................................................................3

*In re Honeywell ERISA Litig.*,
    No. 03-CV-1214 (D.N.J. Oct. 22, 2004)..........................................................................9

*In re Lear ERISA Litig.*,
    No. 06-CV-11735 (E.D. Mich. Apr. 10, 2006)................................................................9

*In re Marsh ERISA Litig.*,
    No. 04-cv-8157 (S.D.N.Y) ..........................................................................................3, 11

*In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*,
    05-CV-2369 (D.N.J. July 11, 2006).................................................................................10

*In re Merck Co., Inc. Sec., Derivative & "ERISA" Litig.*,
    MDL. No. 1658 (D. N.J.) ..................................................................................................4

*In re Merrill Lynch & Co., Inc. Sec., Derivative & ERISA Litig.*,
    No. 07-9633 (S.D.N.Y.) ..................................................................................................3

*In re Mirant ERISA Litig.*,
    No. 03-1027 (N.D. Ga.) ..................................................................................................4

*In re Pfizer Inc. ERISA Litig.*,
    No. 04-10071 (S.D.N.Y.) ..................................................................................................3

*In re Polaroid ERISA Litig.*,
    No. 03-8335 (S.D.N.Y.) ..................................................................................................3

*In re Raytheon ERISA Litigation*,
    No. 03-CV-10940-RGS (D. Mass. Mar. 19, 2003) ..................................................9

*In re Schering-Plough Corp. ERISA Litig.*,
    No. 03-CV-1204 (D.N.J. Oct. 25, 2005) ..................................................................9

*In re Visteon Corp. ERISA Litig.*,
    No. 05-71205 (E.D. Mich.) ..................................................................................................4

*In re Westar Energy Inc. ERISA Litig.*,
    03-CV-4032 (D. Kan. Mar. 7, 2003) ..................................................................9

*In re Williams Cos. ERISA Litig.*,
    02-CV-153 (N.D. Okla. Dec. 20, 2004) ..................................................................11

*In re WorldCom, Inc. ERISA Litig.*,
    No. 02-4816 (S.D.N.Y.) ..................................................................................................3

*Koch v. Loral Space & Commc'ns Ltd.*,
    03-CV-9729 (S.D.N.Y. Dec. 8, 2003) ..................................................................9

*Krispy Kreme Doughnut Corp.*,
    No. 05-00187 (M.D.N.C.) ..................................................................................................12

*Lounsbury v. The Bear Stearns Companies, Inc.*,
    No. 08-CV-3326 (UA) ..................................................................................................14

*Lucent Tech., Inc.*, No. 01-3491 (D.N.J.) ..................................................................................................12

*Miller v. Beazer*,
    No. 07-00952 (N.D. Ga.) ..................................................................................................4

*Providian Fin. Corp.*,
    No. 01-5027 (N.D. Cal.) ..................................................................................................12

*Rusin v. The Bear Stearns Companies, Inc.,*
    No. 08-CV-3441 (UA) ...............................................................................................14

*Wettersten v. The Bear Stearns Companies, Inc.,*
    No. 08-CV-3351 (UA) ...............................................................................................14

*Wilson v. Federal Home Loan Mortgage Corp.,*
    MDL Docket No. 1584, No. 04-CV-2632 (JES) (S.D.N.Y. Apr. 7, 2004) ..............................9

*Wilson v. Federal Home Loan Mortgage Corp.,*
    MDL Docket No. 1584, No. 04-CV-2632 (JES) (S.D.N.Y. Apr. 7, 2004) .........................4, 9

**FEDERAL: STATUTES, RULES**

Employee Retirement Income Security Act of 1974 ("ERISA") ......................................... passim

FED. R. CIV. P. 23 ...................................................................................................... passim

Plaintiffs Aaron Howard and Shelden Greenberg ("*Howard* Plaintiffs"), by their undersigned counsel, respectfully submit this Memorandum of Law in Opposition to the *Weber* Plaintiffs' Motion for (1) Consolidation (2) Appointment of Lead Plaintiffs and Leadership Structure and (3) Entry of [Proposed] Pretrial Order No. 1.[1] In support of this Opposition, the *Howard* Plaintiffs incorporate by reference their Memorandum of Law in Support of Plaintiffs Aaron Howard and Shelden Greenberg's Motion to: Consolidate ERISA Actions; Appoint Interim Lead Plaintiffs, Interim Co-Lead Counsel and Interim Liaison Counsel; and for Entry of Pretrial Order No. 1 (the "*Howard* Plaintiffs' Brief"), in which the *Howard* Plaintiffs request that the Court appoint Aaron Howard and Shelden Greenberg as Interim Lead Plaintiffs, Schiffrin Barroway Topaz & Kessler, LLP ("SBTK") and Keller Rohrback L.L.P. ("Keller Rohrback") as Interim Co-Lead Counsel and Dealy & Silberstein, LLP ("DS") as Interim Liaison Counsel in the above-referenced actions (collectively, the "ERISA Actions").

Pending before this Court are a number of actions, nine as of the filing of this brief, alleging breaches of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA") against The Bear Stearns Companies Inc. ("Bear Stearns" or the "Company") and other fiduciary defendants with respect to certain investments in The Bear Stearns Companies Inc. Employee Stock Ownership Plan (the "Plan") sponsored by Bear Stearns. As a result of the similar legal and factual allegations, motions to consolidate and appoint lead plaintiffs and lead counsel were filed by the *Howard* Plaintiffs, the *Weber* Plaintiffs (Plaintiffs Estelle Weber,

---

[1] The *Weber* Plaintiffs propose Wolf Popper LLP ("Wolf Popper") and Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Interim Co-Lead Counsel.

Anthony Pisano, and Ira Gewirtz) and the *Lounsbury* Plaintiff (Plaintiff Drew Lounsbury).[2] The *Howard* Plaintiffs are unaware of any additional motions filed.

The Court's task is clear. When presented with competing motions, the Federal Rules of Civil Procedure provide that "[i]f more than one applicant seeks appointment as class counsel, the court must appoint the applicant *best able* to represent the interests of the class." FED. R. CIV. P. 23(g)(B) (emphasis added). The standards for selecting class counsel are outlined in FED. R. CIV. P. 23(g)(1)(A). Pursuant to this Rule, there are four factors that the Court should consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. FED. R. CIV. P. 23(g)(1)(A).

With all due respect to counsel for the *Weber* Plaintiffs, they cannot provide the Class with the combined experience and expertise of Keller Rohrback and SBTK in this ERISA case. Accordingly, the criteria set forth in FED. R. CIV. P. 23(g) firmly supports the appointment of Keller Rohrback and SBTK as Interim Co-Lead Counsel.[3]

---

[2] Within the response time prescribed under the local rules of this Court, the *Howard* Plaintiffs intend to respond to the *Lounsbury* Plaintiff's Memorandum of Points and Authorities in Support of Motion for Consolidation of All Related ERISA Actions and Appointment of a Lead Plaintiff and Interim Class Counsel ("*Lounsbury* Plaintiff's Memo"), in which the *Howard* Plaintiffs will explain that, while Plaintiff Lounsbury's counsel, Stull Stull & Brody, has ERISA litigation experience, it cannot come close to providing the Class with the combined experience, directly relevant expertise and resources of Keller Rohrback and SBTK.

[3] As there is no dispute amongst the parties as to the motion for consolidation of the ERISA cases, this opposition will focus on the proposed leadership structure for these cases.

**INTRODUCTION**

As detailed in the *Howard* Plaintiffs' Brief, the interests of the current and former participants in the Plan would be best served by the Court's appointment of SBTK and Keller Rohrback as Interim Co-Lead Counsel.

Keller Rohrback is a pioneer and national leader of the precise type of ERISA class action litigation presented here, and possesses both the expertise and experience that is necessary to litigate this matter forcefully, effectively, and efficiently. Indeed, Keller Rohrback has obtained favorable landmark decisions and recovered over $750 million dollars on behalf of employees in this type of ERISA case. Keller Rohrback serves or has served as lead or co-lead counsel in numerous similar ERISA class actions, such as *In re Enron Corp. ERISA Litig.*, No. 01-3913 (S.D. Tex.),[4] as well as several leading cases in the Southern District of New York, including: *In re WorldCom, Inc. ERISA Litig.*, No. 02-4816 (S.D.N.Y.) (J. Cote); *In re Global Crossing ERISA Litig.*, No. 02-7453 (S.D.N.Y.) (J. Lynch); *In re Polaroid ERISA Litig.*, No. 03-8335 (S.D.N.Y.) (J. Pauley); *In re Marsh ERISA Litig.*, No. 04-cv-8157 (S.D.N.Y) (J. Kram); *In re Pfizer Inc. ERISA Litig.*, No. 04-10071 (S.D.N.Y.) (J. Owen); *In re AIG ERISA Litig.*, No. 04-8141 (S.D.N.Y.) (J. Sprizzo);[5] and *In re Merrill Lynch & Co., Inc. Sec., Derivative & ERISA Litig.*, No. 07-9633 (S.D.N.Y.) (J. Sand), as well as numerous others throughout the country. Keller Rohrback is involved in a leadership capacity in several ERISA class actions involving the subprime industry, and asset-backed and mortgage-backed securities, including cases against Merrill Lynch & Co., Inc., Countywide Financial Corp., Fremont General Corp., Beazer Homes

---

[4] Keller Rorhback and Hagens Berman served as co-lead counsel in the *Enron ERISA Litigation*.

[5] In the *AIG ERISA Litigation*, Keller Rohrback serves on a four firm "Provisional Committee" that includes Wolf Popper.

USA Inc., and State Street Bank & Trust Co., which could provide certain efficiencies in this case against Bear Stearns.

Likewise, SBTK has substantial experience and success in this area of law, with one of the largest legal departments dedicated to ERISA breach of fiduciary duty class action litigation in the country.  SBTK (1) has been named lead or co-lead counsel in dozens of analogous actions across the country and within the Southern District of New York, including: *See In re AOL ERISA Litig.*, 02-CV-8853 (S.D.N.Y. 2007); *In re Citigroup Litig.*, No. 03-CV-2932 (S.D.N.Y. Nov. 15, 2006); *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y. 2004); *In re Bristol-Myers Squibb Co. ERISA Litig.*, No. 02-CV-10129 (LAP) (S.D.N.Y. 2005); *Koch v. Loral Space & Commc'ns Ltd.*, 03-CV-9729 (S.D.N.Y. Dec. 8, 2003); *Wilson v. Federal Home Loan Mortgage Corp.*, MDL Docket No. 1584, No. 04-CV-2632 (JES) (S.D.N.Y. Apr. 7, 2004); *In re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461 (S.D.N.Y. 2005); (2) is responsible for landmark decisions in the complex and evolving ERISA breach of fiduciary duty jurisprudence and (3) during the firm's successful history, SBTK has recovered billions of dollars on behalf of its clients, including investors, consumers and ERISA pension plan class members.

SBTK and Keller Rohrback have experience working together as co-lead counsel in several ERISA breach of fiduciary duty company stock class action cases, including: *Miller v. Beazer*, No. 07-00952 (N.D. Ga.); *In re Ford Motor Co. ERISA Litig.*, No. 06-11718 (E.D. Mich.); *In re Merck Co., Inc. Sec., Derivative & "ERISA" Litig.*, MDL. No. 1658 (D. N.J.); *In re Mirant ERISA Litig.*, No. 03-1027 (N.D. Ga.); and *In re Visteon Corp. ERISA Litig.*, No. 05-71205 (E.D. Mich.).  Thus, SBTK and Keller Rohrback will be able to draw heavily upon their collective experience and expertise to ensure that this case is litigated effectively and efficiently.

## ARGUMENT

A.    **All Four Rule 23(g) Factors Support the Appointment of SBTK and Keller Rohrback as Interim Co-Lead Counsel.**

1.    **Counsel for the *Howard* Plaintiffs have demonstrated a commitment to identifying and investigating potential claims in this action.**

With respect to the first 23(g) factor, counsel for the *Howard* Plaintiffs have already taken substantial steps in prosecuting this action.  *See Howard* Plaintiffs' Brief at 9-10.  Counsel for the *Howard* Plaintiffs have:

- requested documents from Defendants on behalf of proposed Interim Lead Plaintiffs pursuant to ERISA § 104(b)(4);

- obtained and analyzed Plan documents;

- spoken with numerous class members;

- interviewed additional witnesses about the allegations in the complaints;

- drafted detailed Complaints;

- monitored on-going government investigations;

- sent letters to Defendants instructing them to preserve documents; and

- sent letters to Defendants requesting documents produced in the pending "acquisition cases" filed against Bear Stearns regarding the terms of its proposed acquisition by J.P. Morgan..

*Howard* Plaintiffs' Brief at 9-10.

A comparison of the *Howard* Plaintiffs' complaints with the *Weber* Plaintiffs' complaints is telling.  Many of the allegations in the complaints filed by the *Weber* Plaintiffs track, virtually verbatim, the allegations of the *Howard* Plaintiffs' Complaints.  However, there are key differences among the complaints which should be recognized and which reflect the work counsel for the *Howard* Plaintiffs devoted to drafting their respective complaints.  For instance,

the *Weber* complaint fails to describe the events leading up to Bear Stearns' debacle in nearly as much detail as the *Howard* Plaintiffs. *Cf.*, the *Weber* complaint, ¶¶ 35-57, with the *Howard* complaint, ¶¶ 55-113. Moreover, the *Howard* complaint describes in great detail the sub-prime mortgage industry itself and how deeply entrenched Bear Stearns became involved in it despite signs warning against it. *See Howard* complaint, ¶¶ 55-70. SBTK and Keller Rohrback have done more work and created better work product identifying potential claims. Indeed, as herein noted, there are material differences in the complaints filed by both groups which reflect the greater skill and effort of the *Howard* plaintiffs.

Moreover, recently, counsel for Bear Stearns in the ERISA Actions wrote the Court to ask for coordination of the ERISA Actions with related securities and derivative actions that have also been filed to date and in which Bear Stearns is also a named defendant. Bear Stearns asked for all related cases to be assigned to one Judge. *See* Bear Stearns letter of Mar. 26, 2008 attached to Declaration of Edward W. Ciolko ("Ciolko Decl.") as Exhibit A.

Plaintiff Howard, while agreeing that placing all of the factually related cases before the Court was appropriate, alerted the Court of the potential for Bear Stearns' letter to be perceived as a request that all of the ERISA, securities and derivative cases be *consolidated* for all pretruial purposes. Plaintiffs Howard and Greenberg, of course, would oppose any request for full consolidation of the ERISA, securities and derivative actions. *See* Ciolko letter of Mar. 27, 2008 attached to Ciolko Decl. as Exhibit B. Given the inherent differences in the claims brought in the ERISA and securities/derivative actions, Plaintiff Howard felt compelled to protect the interests of the members of the proposed ERISA class.[6] SBTK and Keller Rohrback have

---

[6] Indeed, the *Lounsbury* Plaintiff recognized in his response to the *Howard* and *Weber* motions to consolidate, that the ERISA Actions should be docketed and maintained separate from any securities fraud and/or derivative cases against Bear Stearns. (*Lounsbury* Plaintiff's Memo at 1).

resisted such omnibus "consolidation" attempts by defendants in similar situations. By contrast, Wolf Popper's letter to the Court in response to Bear Stearns simply agreed with the Company's request with no further commentary. *See* Wolf Popper letter of Mar. 27, 2008 attached to Ciolko Decl. as Exhibit C.

Keller Rohrback and SBTK's concerted efforts in investigating the Plan's provisions, researching the law, drafting the Complaints filed on behalf of the *Howard* Plaintiffs, and otherwise protecting the ERISA class members are representative of the substantial steps we have taken to date to advance this litigation, and reflect our expertise in this complex and rapidly developing area of law.

> **2.     Counsel for the *Howard* Plaintiffs have experience in class actions and other complex litigation, have experience in litigating the claims asserted in this case, and have knowledge of the law applicable in this case.**

The second and third Rule 23(g) factors, generally considered the most important, demonstrate that SBTK and Keller Rohrback are best qualified to serve as Interim Co-Lead Counsel in this ERISA breach of fiduciary duty class action. *See, e.g., In re Terazosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (explaining that the "most persuasive" factor in choosing lead counsel pursuant to Rule 23(g) may be proposed counsel's "experience in, and knowledge of, the applicable law in this field").

A review of the various firms' resumes submitted in this case demonstrates SBTK and Keller Rohrback have the most experience in and knowledge of ERISA company stock cases and other relevant class action matters. *See Howard* Plaintiffs' Brief at 10-21; *See also* the Keller Rohrback Complex Litigation Group resume, attached as Exhibit A to the Declaration of Derek W. Loeser filed with the *Howard* Plaintiffs' Brief; and the SBTK firm resume, attached as Exhibit C to the Declaration of Edward W. Ciolko filed with the *Howard* Plaintiffs' Brief.

Both SBTK and Keller Rohrback have extensive experience litigating ERISA class action cases of this type, especially in the Southern District of New York.  As noted in our moving papers, we have:

- Pioneered and obtained ground-breaking opinions in the area of ERISA class action company stock cases;

- Litigated every stage of this type of ERISA case, from motions to dismiss through discovery (fact and expert), motions for summary judgment, *see, e.g., In re Syncor ERISA Litig.,* 516 F.3d 1095 (9th Cir. 2008), trial, and settlement;

- Frequently appeared as faculty at national CLEs and other training programs addressing ERISA breach of fiduciary duty class actions;[7]

- Worked closely with the U.S. Department of Labor ("DOL") on ERISA class action cases;

- Established relationships with many of the key experts in the field;

- Worked extensively with counsel in parallel securities and derivative cases, and developed systems for effectively coordinating the discovery in the parallel cases; and

- Successfully guided clients through the exceptionally complex ERISA field, recovering hundreds of millions of dollars on behalf of employees.

This catalog of experience is not mere puffery.  It reflects many years of dedication by the attorneys at SBTK and Keller Rohrback to this specific area of law.  The *Weber* Plaintiffs' Counsel are fine attorneys, to be sure, but they do not have the same level of experience or dedication to this area of law as Keller Rohrback and SBTK.

---

[7] For example, Lynn L. Sarko of Keller Rohrback recently spoke at the following ERISA conferences: DOL Speaks: Employee Benefits Conference, the American Bar Association's Employee Benefits Committee Meeting; the Glasser Annual ERISA Litigation Conference; and The Los Angeles Benefits Conference which was co-sponsored by the Internal Revenue Service, the American Society of Pension Professionals & Actuaries, and the National Institute of Pension Administrators.  Similarly, Derek W. Loeser of Keller Rohrback recently spoke at the West Legalworks 20th Annual ERISA Litigation Conference on ERISA Breach of Fiduciary Duty Company Stock Litigation, and also spoke at the 19th Annual ERISA Litigation Conference as well as the 2003 International Conference on "ERISA Litigation: Aftershocks of Enron, Lucent, WorldCom and Others."

(1)   **SBTK**

As noted in depth in the *Howard* Plaintiffs' Brief, SBTK is among the most recognized firms in the specialized field of ERISA company stock class action litigation. During its successful history, the firm has recovered billions of dollars for class members and has been widely recognized by Courts for its outstanding service to class members. *See, e.g., Howard* Plaintiffs' Brief at 11-17.[8] Moreover, courts across the country, acknowledging the firm's history and track record of impressive results, have not hesitated to appoint SBTK as Lead or Co-Lead Counsel in ERISA breach of fiduciary class actions, directly analogous to the instant matter.[9]

---

[8] SBTK has achieved numerous favorable rulings in ERISA cases of this type, including: *In re Ford Motor Company ERISA Litig.*, No. 06-11718 (E.D. Mich. 2008) (U.S. Magistrate Report and Recommendation Denying Defendants' Motion to Dismiss) (Co-Lead Counsel with Keller Rohrback); *Brieger v. Tellabs, Inc.*, 473 F. Supp. 2d 878 (N.D. Ill. 2007); *In re Lear ERISA Litig.*, No. 06-CV-11735 (S.D. Mich. Apr. 10, 2006); *Woods v. Southern Co.*, 396 F. Supp. 2d 1351 (N.D. Ga. 2005); *In re: Merck & Co., Inc. Sec. Derivative & ERISA Litig.*, No. 05-CV-2369, 2006 WL 2050577 (D.N.J. July 11, 2006); *In re JDS Uniphase Corp. ERISA Litig.*, No. C 03-04743, 2005 WL 1662131 (N.D. Cal. July 14, 2005); *Gee v. UnumProvident Corp.*, No. 03-CV-0147, 2005 WL 534873 (E.D. Tenn. Jan. 13, 2005); *In re Honeywell Intern. ERISA Litig.*, No. 03-CV-1214, 2004 WL 3245931 (D.N.J. Sept. 14, 2004); *In re ADC Telecomms., Inc. ERISA Litig.*, No. 03-CV-2989, 2004 WL 1683144 (D. Minn. July 26, 2004); *In re Sears, Roebuck & Co. ERISA Litig.*, No. 02-CV-8324, 2004 WL 407007 (N.D. Ill. March 3, 2004); *Falk v. Amerada Hess Corp.*, No. 03-CV-2491 (D.N.J. May 10, 2004); *In re Syncor ERISA Litig.*, 351 F. Supp. 2d 970 (C.D. Cal. 2004); *In re CIGNA Corp. ERISA Litig.*, No. 03-CV-00714 (JPF) (E.D. Pa. Aug. 2, 2004); *In re AOL Time Warner, Inc., Sec. & "ERISA" Litig.*, No. 02-CV-8853, 2005 WL 563166 (S.D.N.Y. Mar. 10, 2005); *Hill v. BellSouth Corp.*, 313 F. Supp. 2d 1361 (N.D. Ga. 2004); *Wilson v. Federal Home Loan Mortgage Corp.*, MDL Docket No. 1584, No. 04-CV-2632 (JES) (S.D.N.Y. Feb. 7, 2005); *In re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461 (S.D.N.Y. 2005).

[9] *See, e.g., In re Beazer Homes USA, Inc. ERISA Litig.*, 07-CV-00952-RWS (N.D. Ga. April 30, 2007); *Nowak* 240 F.R.D. at 355; *In re Lear ERISA Litig.*, No. 06-CV-11735 (E.D. Mich. Apr. 10, 2006); *In re Raytheon ERISA Litigation*, No. 03-CV-10940-RGS (D. Mass. Mar. 19, 2003); *Gee v. UnumProvident Corp.*, 03-CV-1552 (E.D. Tenn. Sept. 3, 2003); *In re Westar Energy Inc. ERISA Litig.*, 03-CV-4032 (D. Kan. Mar. 7, 2003); *In re Honeywell ERISA Litig.*, No. 03-CV-1214 (D.N.J. Oct. 22, 2004); *In re Schering-Plough Corp. ERISA Litig.*, No. 03-CV-1204 (D.N.J. Oct. 25, 2005); and *In re Calpine Corp. ERISA Litig.*, No. 03-CV-1685 (N.D. Cal. Apr. 17, 2003). Notably, the foregoing represent a subset of the ERISA class actions prosecuted by SBTK.

As a result of its extensive ERISA litigation experience, the firm "has also successfully engaged in extensive, intricate and successful settlement negotiations involving [complex] ERISA claims,"[10] including court-ordered mediations, and has recovered hundreds of millions of dollars for its clients and class members. Recently, the Honorable Ed Kinkeade in *Hargrave v. TXU Corp.* No. 3:02-cv-2573-K (N.D. Texas)*, a case that presented significant hurdles regarding standing and measure of damages, noted the following at the Final Fairness Hearing in recognition of SBTK's exemplary work for the Class:

> And I know for you sometimes it's few and far between that you're able to recover this kind of fee. So I'm happy for you that you were able to do a good job for these folks. And, you know, for people that lost money, they are going to be able to get money back.

*See* Final Fairness Hearing Transcript, *Hargrave v. TXU Corp.* No. 3:02-cv-2573-K (N.D. Texas) (March 25, 2008), p. 24 (attached to the Ciolko Decl. as Exhibit D).

(2)    **Keller Rohrback**

As noted previously, Keller Rohrback has played a leading role in the development of this area of law by obtaining favorable landmark decisions[11] and recovering over $750 million

---

[10] *Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 362 (E.D. Mich. 2006)(collecting cases).

[11] Some of the many examples of favorable motion to dismiss ERISA company stock opinions involving Keller Rohrback include: *Whetman v. IKON*, 86 F. Supp. 2d 481 (E.D. Pa. 2000); *In re WorldCom ERISA Litig.*, 263 F. Supp. 2d 745 (S.D.N.Y. 2003); *In re Williams Cos. ERISA Litig.*, 271 F. Supp. 2d 1328 (N. D. Okla. 2003); *Tittle v. Enron Corp.*, 284 F. Supp. 2d 511 (S.D. Tex. 2003); *Hill v. BellSouth Corp.*, 313 F. Supp. 2d 1361 (N.D Ga. 2004); *Cokenour v. Household Int'l, Inc.*, 2004 WL 725973 (N.D. Ill. Mar. 31, 2004); *In re CMS ERISA Litig.*, 312 F. Supp. 2d 898 (E.D. Mich. 2004); *In re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461 (S.D.N.Y. Mar. 31, 2005);*In re Marsh ERISA Litig.*, 2006 WL 3706169 (S.D.N.Y. Dec. 14, 2006); *In re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d 206 (D. Conn. 2007); *In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*, 05-CV-2369 (D.N.J. July 11, 2006); *Alvidres v. Countrywide Fin. Corp.*, No. 07-CV-05810-RGK, 2008 WL 803132 (C.D. Cal. Mar. 17, 2008); and *In re Ford Motor Co. ERISA Litig.*, 2008 WL 880161 (E.D. Mich. Mar. 31, 2008) (U.S. Magistrate Report and Recommendation Denying Defendants' Motion to Dismiss) (Co-Lead Counsel with SBTK). Examples of favorable class certification ERISA company stock opinions include: *Whetman v. IKON*, 191 F.R.D. 457 (E.D. Pa. 2000); *In re WorldCom, Inc. ERISA Litig.*, 2004 WL 2211664 (S.D.N.Y. Oct. 4, 2004); *In re CMS Energy ERISA Litig.*, 225 F.R.D. 539 (E.D. Mich. 2004); *In re Syncor ERISA Litig.*, 227 F.R.D. 338 (C.D. Cal. 2005); *In re Williams Cos. ERISA Litig.*, 231

dollars on behalf of employees in this type of ERISA case. *Howard* Plaintiffs' Brief at 17-21; *See also* Keller Rohrback Complex Litigation Group resume, attached as Exhibit A to the Declaration of Derek W. Loeser submitted with the *Howard* Plaintiffs' Brief. In this district alone, Keller Rohrback serves or has served as lead or co-lead counsel in the following nationally prominent ERISA company stock cases:

- *In re WorldCom, Inc. ERISA Litig.n*, No. 02-4816 (S.D.N.Y.) (J. Cote);
- *In re Global Crossing ERISA Litig.*, No. 02-7453 (S.D.N.Y.) (J. Lynch);
- *In re Polaroid ERISA Litig.*, No. 03-8335 (S.D.N.Y.) (J. Pauley);
- *In re Marsh ERISA Litig.*, No. 04-8157 (S.D.N.Y.) (J. Kram);
- *In re Pfizer Inc. ERISA Litig.*, No. 04-10071 (S.D.N.Y.) (J. Owen);
- *In re AIG ERISA Litig.*, No. 04-9387 (S.D.N.Y.) (J. Sprizzo);[12] and
- *In re Merrill Lynch & Co., Inc. Sec., Derivative & ERISA Litig.*, No. 07-9633 (S.D.N.Y.) (J. Sand).

In addition, Keller Rohrback serves, or has served, in a leadership capacity in ERISA company stock cases throughout the country, including cases against the following companies:

- *Beazer Homes USA, Inc.*, No. 07-00952 (N.D. Ga.);
- *BellSouth Corp.*, No. 02-2440 (N.D. Ga.);
- *CMS Energy*, No. 02-72834 (E.D. Mich.);
- *Countrywide Financial Corporation*, No. 07-05810 (C.D. Cal.);[13]
- *Dell, Inc.*, No. 06-758 (W.D. Tex.);
- *Delphi Corp.*, No. 05-70882 (E.D. Mich.);
- *Dynegy, Inc.*, No. 02-3076 (S.D. Tex.);
- *Enron Corp.*, MDL No. 1446 (S.D. Tex.);
- *Ford Motor Co.*, No. 06-11718 (E.D. Mich.);
- *Fremont Gen. Corp.*, No. 07-2693 (C.D. Cal.);
- *Goodyear Tire & Rubber Co.*, No. 03-02182 (N.D. Ohio);

---

F.R.D.416 (N.D. Okla. 2005); *Tittle v. Enron Corp.*, 2006 WL 1662596 (S.D. Tex. June 7, 2006); and *In re Polaroid ERISA Litig.*, 240 F.R.D. 65 (S.D.N.Y. 2006). Other favorable ERISA company stock opinions include: *In re WorldCom, Inc. ERISA Litig.*, 339 F. Supp. 2d 561 (S.D.N.Y. 2004) (bar order approved); and *In re Williams Cos. ERISA Litig.*, 02-CV-153 (N.D. Okla. Dec. 20, 2004) (ERISA fiduciary exception to attorney-client privilege).

[12] As noted above, in the *AIG ERISA Litigation*, Keller Rohrback serves on a "Provisional Committee" that includes three other firms, including Wolf Popper.

[13] In December, 2007, the Honorable R. Gary Klausner issued an order which stayed each of the Countrywide ERISA company stock cases except *Alvidres v. Countrywide*, Keller Rohrback's case, pending the Court's ruling on the class certification motion in *Alvidres v. Countrywide*.

- *HealthSouth Corp.*, No. 03-1700 (N.D. Ala.);
- *Household Int'l, Inc.*, No. 02-7921 (N.D. Ill.);
- *Krispy Kreme Doughnut Corp.*, No. 05-00187 (M.D.N.C.);
- *Lucent Tech., Inc.*, No. 01-3491 (D.N.J.);
- *Merck & Co., Inc.*, No. 05-01151 (D.N.J.);
- *Mirant Corp.*, No. 03-1027 (N.D. Ga.);
- *Providian Fin. Corp.*, No. 01-5027 (N.D. Cal.);
- *Southern Co.*, No. 04-1912 (N.D. Ga.);
- *Visteon Corp.*, No. 05-71205 (E.D. Mich.);
- *Williams Cos.*, No. 02-153 (N.D. Okla.); and
- *Xerox Corp.*, No. 02-1138 (D. Conn.).

Because of this extensive experience and the results achieved on behalf of our clients, Keller Rohrback is widely regarded as the nation's leading firm in litigating ERISA breach of fiduciary duty class actions.

### 3.    Counsel for the *Howard* Plaintiffs have the resources necessary to represent the Class.

The *Howard* Plaintiffs' Counsel have successfully managed numerous prominent ERISA company stock suits and have invested substantial resources in these efforts. *Howard* Plaintiffs' Brief at 21-22.  There is no question regarding our ability to dedicate the necessary resources to effectively pursue this case.  Keller Rohrback includes fifty-four attorneys, while SBTK has over fifty-five lawyers.  Numerous attorneys at both firms dedicate their practice to ERISA litigation, and, indeed, have done so for years.  Importantly, SBTK and Keller Rohrback's successful history of collaboration on other ERISA cases ensures that the class will be represented by a cohesive team of attorneys, proven capable of the efforts necessary to pursue these claims, and bound by a shared history of shaping the field of ERISA law.  Consequently, the Interim Co-Lead Counsel structure proposed by the *Howard* Plaintiffs meets the fourth and final requirement of Rule 23(g).  Considering all four factors, we respectfully submit that SBTK and Keller Rohrback are the best qualified to represent the class in this case as Interim Co-Lead Counsel.

**B.     The Court Should Reject the *Weber* Plaintiffs' Proposed Leadership Structure**

In their competing motion, the *Weber* Plaintiffs fail to articulate any persuasive basis to appoint that group over the more experienced team of SBTK and Keller Rohrback. Rather, the arguments set forth in their memorandum – that they are best able to lead the Class and have the support of a majority of cases filed – are not persuasive.

**1.     Counsel for the *Howard* Plaintiffs have more directly relevant experience than counsel for the *Weber* Plaintiffs.**

Hagens Berman and Wolf Popper are fine attorneys and have accomplishments in complex litigation including the ERISA field. Indeed, as previously noted, counsel for the *Howard* Plaintiffs have successfully worked with them in previous ERISA company stock cases. However, Keller Rohrback and SBTK are recognized as national leaders in ERISA class actions, including breach of fiduciary duty company stock cases, and have had unparalleled success recovery benefits for employees and retirees in cases of this type. In addition, we have many times served in a leadership capacity in ERISA company stock cases in this district, and know well the nuances of ERISA standards in the Second Circuit.

Quite simply, an analysis of the factors under Rule 23(g), described above in detail, heavily favors the appointment of SBTK and Keller Rohrback as Interim Co-Lead Counsel, as they comprise the counsel structure "best able to represent the interests of the class."

**2.     Claiming to have the support of the majority of the Plaintiffs and Plaintiffs' Counsel is both inaccurate and irrelevant.**

An irrelevant argument raised by the *Weber* Plaintiffs in support of their motion is that "Hagens Berman and Wolf Popper also have the support of the majority of the plaintiffs and plaintiffs' counsel." *See Weber* Brief at 9. First and foremost, this statement is no longer accurate. Since the *Weber* Plaintiffs filed their motion, four additional actions involving similar

claims under ERISA were file by three separate counsel.[14]  What was once a majority of the plaintiffs and plaintiffs' counsel (three out of five), no longer exists (four out of nine).[15]

However, even if Wolf Popper and/or Hagens Berman are *de facto* in control of cases filed by other counsel in this matter, giving them support of a 'majority' of plaintiffs and plaintiffs' counsel, this is not a factor that is properly considered under Rule 23(g).  In support of their argument, *Weber* Plaintiffs argue that the Court may view the support of the majority of the plaintiffs and plaintiffs' counsel "as in (sic) important factor in selecting interim lead counsel," citing to *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, MDL No. 05-1720, 2006 WL 2038650 (E.D.N.Y. Feb. 24, 2006).  However, the proposed application of *Payment Card* to the instant matter is improper.  In *Payment Card*, the Court was asked to choose between two leadership candidates.  The Court affirmed that it should consider such factors "similar to those considered in appointing class counsel pursuant to Rule 23(g)(1)(C) of the Federal Rules of Civil Procedure."[16]  *See id.* at *2.

In *Payment Card*, the Court concluded that the leadership candidates were eminently qualified.  *See id.* at *2 ("Each brings to the table an array of experienced attorneys who have achieved successful results for class clients in antitrust litigation and earned the respect of the bench and bar.").  The Court is not confronted with the same issue here.  As detailed above, and

---

[14] *Lounsbury v. The Bear Stearns Companies, Inc.*, No. 08-CV-3326 (UA), and *Greenberg v. The Bear Stearns Companies Inc.*, No. 08-CV-3334 (UA) commenced on April 3, 2008, while the complaint in *Wettersten v. The Bear Stearns Companies, Inc.*, No. 08-CV-3351 (UA) was filed on April 4, 2008 and the complaint in *Rusin v. The Bear Stearns Companies, Inc.,* No. 08-CV-3441 (UA). was filed on April 8, 2008.

[15] Indeed, the *Lounsbury* Plaintiff also makes the observation that the present record does not reflect that the *Weber* Plaintiffs have the majority of support from other Plaintiffs and their counsel.

[16] Wolf Popper and/or Hagens Berman may also be in at least de facto control of cases filed by other counsel in this matter.

in the *Howard* Plaintiffs' Brief, the *Weber* Plaintiffs' counsel cannot match the experience or results that have been achieved by SBTK and Keller Rohrback in this type of ERISA litigation.

As counsel for the *Weber* Plaintiffs are surely aware, the selection of lead counsel is not a matter of packing the bench (and the docket) with duplicative complaints. Indeed, Rule 23(g) is designed to avoid the precise arguments raised by counsel for the *Weber* Plaintiffs, rather Rule 23(g) is intended to safeguard the interests of the putative class by ensuring that the most experienced and capable counsel are appointed. *See* Fed. R. Civ. P. 23(g) ("the court must appoint the applicant best able to represent the class."). With all due respect to competing counsel, the *Howard* Counsel successfully have litigated and resolved many more cases of this specific type, and, thus, are better able to represent the interests of the class in this important, large-scale ERISA class action.

## CONCLUSION

For the foregoing reasons, the *Howard* Plaintiffs respectfully request that the Court enter their [Proposed] Pretrial Order No. 1, appointing Aaron Howard and Shelden Greenberg as Interim Lead Plaintiffs, appointing SBTK and Keller Rohrback as Interim Co-Lead Counsel, pursuant to Fed. R. Civ. P. 23(g) and DS as Interim Liaison Counsel, and deny the Motion For Appointment of Lead Plaintiffs and Leadership Structure and Entry of [Proposed] Pretrial Order No. 1 filed in conjunction with the *Weber* Plaintiffs' Motion for Appointment of Interim Lead Plaintiff and Lead Counsel.

Dated: April 14, 2008.                                    Respectfully submitted,

                                                          **DEALY & SILBERSTEIN, LLP**

                                                          Milo Silberstein (MS 4637)
                                                          225 Broadway, Suite 1405
                                                          New York, NY 10007

Telephone: (212) 385-0066
Facsimile:  (212) 385-2117

*Proposed Interim Liaison Counsel for*
*the Class.*

**SCHIFFRIN BARROWAY**
**TOPAZ & KESSLER, LLP**
Joseph H. Meltzer
Edward W. Ciolko
Mark K. Gyandoh
James A. Maro
280 King of Prussia Road
Radnor, PA  19087
Telephone: (610) 667-7706
Facsimile:   (610) 667-7056

*Counsel for Aaron Howard and*
*Proposed Interim Co-Lead Counsel for*
*the Class.*


**KELLER ROHRBACK L.L.P**
Lynn L. Sarko
Derek W. Loeser
Erin M. Riley
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone:  (206) 623-1900
Facsimile:  (206) 623-3384

*Counsel for Shelden Greenberg and*
*Proposed Interim Co-Lead Counsel for*
*the Class.*