UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON HOWARD, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES INC., THE BEAR STEARNS COMPANIES INC. EXECUTIVE COMMITTEE, JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No: 08 Civ. 2804 (RWS)(HBP)<br><br>ELECTRONICALLY FILED |

[additional captions appear on next page]

## *WEBER* PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO MOTIONS FOR CONSOLIDATION

Lester L. Levy, Esq.
Andrew Lencyk, Esq.
James Kelly-Kowlowitz
**WOLF POPPER LLP**
845 Third Avenue
New York, New York 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093

Steve W. Berman, Esq.
Andrew M. Volk, Esq.
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0958

Proposed Co-Lead Counsel for Plaintiffs

| | |
|---|---|
| ESTELLE WEBER, individually, on behalf of the Bear Stearns Companies Inc. Employee Stock Ownership Plan, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES, INC., CUSTODIAL TRUST COMPANY, JAMES CAYNE, ALAN SCHWARTZ, WARREN SPECTOR, SAMUEL MOLINARO, ALAN GREENBERG, and JOHN DOES 1 - 20,<br><br>Defendants. | Civil Action No: 08 Civ. 2870 (RWS)(JCF) |
| ANTHONY PISANO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20,<br><br>Defendants. | Civil Action No: 08 Civ. 3006 (UA) |
| HANS MENOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20,<br><br>Defendants. | Civil Action No: 08 Civ. 3035 (RWS)(HBP) |

| | |
|---|---|
| IRA GEWIRTZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20,<br><br>Defendants. | Civil Action No: 08 Civ. 3089 (RWS)(JCF) |
| DREW V. LOUNSBURY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES E. CAYNE, ALAN C. GREENBERG, ALAN D. SCHWARTZ, PAUL A. NOVELLY, FRANK T. NICKELL, FREDERICK V. SALERNO, VINCENT TESE, and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No: 08 Civ. 3326 (RWS) |
| SHELDEN GREENBERG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, ALAN C. GREENBERG, and JOHN AND JANE DOES 1-10,<br><br>Defendants. | Civil Action No: 08 Civ. 3334 (RWS)(HBP) |

| | |
|---|---|
| SCOTT WETTERSTEN, individually and on behalf of all others similarly situated,<br><br>                       Plaintiff,<br><br>     v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, ALAN C. GREENBERG, and JOHN AND JANE DOES 1-10,<br><br>Defendants. | Civil Action No: 08 Civ. 3351 (UA) |
| RITA RUSIN, individually and on behalf of all others similarly situated,<br><br>                       Plaintiff,<br><br>     v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20,<br><br>Defendants. | Civil Action No: 08 Civ. 3441 (UA) |
| LAWRENCE FINK, individually and on behalf of all others similarly situated,<br><br>                       Plaintiff,<br><br>     v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20,<br><br>Defendants. | Civil Action No: 08 Civ. 3602 (UA) |

Plaintiffs Estelle Weber, Anthony Pisano, Ira Gewirtz, Rita Rusin and Lawrence Fink ("*Weber* Plaintiffs" or "Plaintiffs"),[1] respectfully submit this memorandum in Reply to Defendants'[2] Response to Motions for Consolidation.

## I. INTRODUCTION

The *Weber* Plaintiffs and the Defendants are largely in agreement. All parties agree that all of the above-captioned Bear Stearns ERISA actions should be consolidated for all purposes pursuant to Fed. R. Civ. P. 42(a) and they agree that interim lead counsel should be appointed and a schedule set for the resolution of the ERISA claims.[3] The parties also agree that Defendants and interim lead counsel should confer regarding the schedule for the filing of a consolidated amended complaint and for defendants to respond to that complaint.

However, Defendants object to a provision in the *Weber* Plaintiffs' proposed Order that would require them to produce certain "core" ERISA documents – as is customary in ERISA cases. Producing those documents imposes no burden on Defendants, will ensure that all of the proper persons are named as Defendants from the outset, and will promote the complete and efficient resolution of Defendants' anticipated motions to dismiss. Accordingly, those documents should be produced prior to the filing of the consolidated amended complaint.

---

[1] Since the filing of their Motion For (1) Consolidation (2) Appointment Of Lead Plaintiffs And Leadership Structure And (3) Entry Of [Proposed] Pretrial Order No. 1 (the "Motion"), the *Weber* Plaintiffs now include two additional plaintiffs, Rita Rusin and Lawrence Fink.

[2] Defendants include The Bear Stearns Companies, Inc. ("Bear Stearns"), The Bear Stearns Companies, Inc., Executive Committee, Custodial Trust Companies, Inc., James E. Cayne, Alan D. Schwartz, Samuel D. Molinaro, Jr., Alan C. Greenberg, and Warren J. Spector.

[3] The *Weber* Plaintiffs note that Defendants do not seek consolidation of the ERISA cases with the securities or derivative actions now pending against Bear Stearns and affiliated defendants. Such cases should be coordinated but not consolidated with the ERISA actions. Defendants take no position as to which counsel should be appointed as interim lead counsel, and Plaintiffs accordingly do not address that issue in this Reply. Instead, they address that question in their separate Memorandum Of Law In Further Support Of Their Motion For (1) Consolidation (2) Appointment Of Lead Plaintiffs And Leadership Structure And (3) Entry Of [Proposed] Pretrial Order No. 1 And In Opposition To The Cross-Motions Of The *Howard* Plaintiffs And Plaintiff *Lounsbury* For The Appointment Of Lead Counsel And Related Relief.

Moreover, while discovery is delayed in securities cases pursuant to the stay provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the PSLRA stay provisions have no application to cases brought under ERISA, and discovery in the Bear Stearns ERISA cases should commence in short order.

Plaintiffs' Motion should be granted, and their Proposed Pretrial Order No. 1 should be entered.

## II. ARGUMENT

### A. The Bear Stearns ERISA Actions Should Be Consolidated For All Purposes, And Interim Lead Counsel And Plaintiffs Should Be Appointed.

All parties, including the *Weber* Plaintiffs and the Defendants, agree that, for the reasons stated in the *Weber* Plaintiffs' Motion, all Bear Stearns ERISA actions should be consolidated into a single action, and Interim Lead Counsel and Plaintiffs should be appointed. Hence, all parties concur in the request that the Court enter Sections 1 though VI, of the *Weber* Plaintiffs' [Proposed] Pretrial Order No. 1.

### B. The *Weber* Plaintiffs' Provision Requiring The Prompt Production Of Core ERISA Documents Should Be Entered

Under Section X of the *Weber* Plaintiffs' [Proposed] Pretrial Order No. 1, interim Lead Counsel and counsel for Defendants would confer regarding a proposed schedule for the filing of a consolidated amended complaint and Defendants' response to that Complaint, and Defendants would have no obligation to respond to the consolidated complaint prior to that time. Defendants do not object to this portion of Section X.

Consistent with common practice in similar ERISA actions, the preliminary schedule would provide for an initial production of "core" ERISA documents. As Defendants do not contest, these documents can be readily gathered by defense counsel, and will ensure that all of the proper fiduciaries (many of whose identities are otherwise unobtainable) are named in the consolidated amended complaint. Defendants provide no compelling reason why this should not

be done in order to promote the fair and efficient conduct of the ERISA litigation. Indeed, the production of these documents prior to the filing of the consolidated complaint will promote the complete and effective resolution of Defendants' inevitable motions to dismiss by ensuring that all of the proper Defendant-fiduciaries (and *only* the proper Defendants) are named. Accordingly, Section X of the *Weber* Plaintiffs' [Proposed] Pretrial Order No. 1 should be entered.

**C.    Discovery in the Bear Stearns ERISA Actions Will Focus On Unique Factual Areas And Should Not Be Delayed By The PSLRA**

While discovery in the consolidated Bear Stearns ERISA Actions can and should be coordinated with overlapping areas of discovery in the related securities cases to avoid duplicative effort, ***discovery in the Bear Stearns ERISA Actions can and should proceed forthwith***. Notwithstanding the factual overlap among the cases, the Bear Stearns ERISA Actions assert different legal claims than the securities cases, on behalf of a different class of plaintiffs, are governed by different pleading standards, and are not subject to the stay provisions of the PSLRA.

The securities actions assert claims by shareholders for false or misleading statements or omissions made by Bear Stearns to the market at large that caused individual monetary losses. In contrast, the Bear Stearns ERISA Actions are brought by participants and beneficiaries of the Bear Stearns Companies Inc. Employee Stock Ownership Plan (the "Plan") on behalf of the Plan. The Bear Stearns ERISA actions seek to recover the Plan's losses that arose when the Plan fiduciaries breached their fiduciary duties to Plan participants under ERISA. Hence, the unique focus of the Bear Stearns ERISA Actions will be the conduct of fiduciaries towards the Plan and its participants and beneficiaries. Entire areas of discovery in the ERISA cases will simply not occur in the securities case – including fiduciary communications with Plan participants, the bases of the fiduciaries' decision to maintain Bear Stearns stock as an investment vehicle in the Plan during the Class Period, the actions taken by Defendants to monitor the prudence of Bear

Stearns stock as an investment vehicle, and discovery of the persons responsible for making disclosures required by ERISA and how that obligation was fulfilled.

Finally, and most significantly, discovery in the Bear Stearns ERISA actions can and should commence immediately – unlike the securities cases which are governed by the stay provisions of the PSLRA. Thus, while the *Weber* Plaintiffs agree that discovery in all the actions should be coordinated with respect to common fact issues, under the governing legal standards and principles of efficiency, discovery in the Bear Stearns ERISA actions should proceed at once. Indeed, courts have routinely allowed ERISA-specific discovery to proceed at this stage of the litigation.[4]

## III. CONCLUSION

For the foregoing reasons as well as those stated in the *Weber* Plaintiffs' Motion, the *Weber* Plaintiffs respectfully request that, pursuant to Fed. R. Civ. P. 42(a), this Court consolidate all the Bear Stearns ERISA actions for all purposes; appoint Hagens Berman Sobol Shapiro LLP and Wolf Popper LLP as Interim Co-Lead Counsel; and enter the *Weber* Plaintiffs' [Proposed] Pretrial Order No. 1.

//
//
//
//
//

---

[4] *See, e.g., In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 251, 252 (D. Md. 2004) ("Indeed, the ERISA plaintiffs included in this very litigation are prepared to proceed with discovery, and there is no indication that Congress intended to extend the [PLSRA] discovery stay to them.") (citing *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305-06 (S.D.N.Y. 2002)); *Tittle v. Enron*, N. H-01-4236, at 7 (S.D. Tex. Jan. 18, 2002) (attached as Ex. A to the Declaration of Andrew E. Lencyk, filed herewith) (noting that the Court "does not intend to rigidly impose on the ERISA cases the delayed schedule or procedural hoops required for the securities fraud case governed by the PSLRA").

Dated: New York, New York
      April 18, 2008

                    Respectfully submitted,

                    **WOLF POPPER LLP**

                    By: _____
                    Lester L. Levy (LL-9956)
                    Andrew E. Lencyk (AL-4329)
                    James Kelly-Kowlowitz (JK-9616)
                    845 Third Avenue
                    New York, New York 10022
                    Tel. (212) 759.4600

                    Steve W. Berman, Esq.
                    Andrew M. Volk, Esq.
                    **HAGENS BERMAN SOBOL SHAPIRO LLP**
                    1301 Fifth Avenue, Suite 2900
                    Seattle, Washington 98101
                    Telephone: (206) 623-7292
                    Facsimile: (206) 623-0958

                    **Proposed Interim Co-Lead Counsel for Plaintiffs**