# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DREW V. LOUNSBURY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES INC., JAMES E. CAYNE, ALAN C. GREENBERG, ALAN D. SCHWARTZ, PAUL A. NOVELLY, FRANK T. NICKELL, FREDERIC V. SALERNO, VINCENT TESE and JOHN DOES 1-10,<br><br>Defendants. | CIVIL ACTION NO. 08- CV-3326(RWS)<br><br><br>CLASS ACTION |
| AARON HOWARD, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BEAR STEARNS COMPANIES INC., THE BEAR STEANS COMPANIES INC. EXECUTIVE COMMITTEE, JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10,<br><br>Defendants. | CIVIL ACTION NO. 08-Civ. 2804 (RWS) (HBP)<br><br><br>CLASS ACTION |

| | |
|---|---|
| ESTELLE WEBER, Individually and on behalf of Bear Stearns Companies Inc. Employee Stock Ownership Plan, and all Others Similarly Situated, )<br>)<br>)<br>) | |
| Plaintiff, ) | CIVIL ACTION NO. 08-Civ. 2870 |
| ) | (RWS)(JCF) |
| v. ) | |
| ) | |
| THE BEAR STEARNS COMPANIES INC., CUSTODIAL TRUST COMPANY, JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10, )<br>)<br>)<br>)<br>)<br>) | CLASS ACTION |
| Defendants. ) | |
| ANTHONY PISANO, individually and on behalf of all Others Similarly Situated, )<br>)<br>) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO. 08-Civ. 3006 |
| ) | (UA) |
| THE BEAR STEARNS COMPANIES INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10, )<br>)<br>)<br>) | CLASS ACTION |
| Defendants. ) | |

| | |
|---|---|
| IRA GERWITZ, individually and on behalf of all Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> THE BEAR STEARNS COMPANIES INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10, <br><br> Defendants. | CIVIL ACTION NO. 08-Civ. 3089 (RWS)(JCF) <br><br> CLASS ACTION |
| SHELDEN GREENBERG, individually and on behalf of all Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> THE BEAR STEARNS COMPANIES INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, ALAN C. GREENBERG, AND JOHN AND JANE DOES 1-10, <br><br> Defendants. | CIVIL ACTION NO. 08-Civ. 03334 (RWS)(HBP) <br><br> CLASS ACTION |
| SCOTT WETTERSTEIN, individually and on behalf of all Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> THE BEAR STEARNS COMPANIES INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, ALAN C. GREENBERG, AND JOHN AND JANE DOES 1-10, <br><br> Defendants. | CIVIL ACTION NO. 08-Civ. 03351 (UA) <br><br> CLASS ACTION |

| | |
|---|---|
| **RITA RUSIN, individually and on behalf of all Others Similarly Situated,**  )<br>)<br>)<br>**Plaintiff,**  )<br>)<br>**v.**  )<br>)<br>**THE BEAR STEARNS COMPANIES INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20,**  )<br>)<br>)<br>)<br>**Defendants.**  )<br>) | **CIVIL ACTION NO. 08-Civ. 03441 (UA)**<br><br><br>**CLASS ACTION** |
| **SCOTT WETTERSTEIN, individually and on behalf of all Others Similarly Situated,**  )<br>)<br>)<br>)<br>**Plaintiff,**  )<br>**v.**  )<br>)<br>)<br>**THE BEAR STEARNS COMPANIES INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20,**  )<br>)<br>**Defendants.**  )<br>) | **CIVIL ACTION NO. 08-Civ. 03602 (UA)**<br><br><br>**CLASS ACTION** |

**REPLY MEMORANDUM OF PLAINTIFF DREW V. LOUNSBURY IN SUPPORT OF HIS MOTION FOR THE CONSOLIDATION OF RELATED ERISA CASES AND OTHER RELIEF AND IN RESPONSE TO THE <u>LIMITED OPPOSITIONS OF THE WEBER AND HOWARD PLAINTIFFS</u>**

It appears that the only current issues with respect to the motions which have been filed in the Bear Stearns ERISA Cases are who should be appointed lead plaintiff(s) and interim class counsel. For the following reasons Plaintiff Lounsbury and his counsel, Stull, Stull & Brody ("SSB"), should be appointed.

<u>Lounsbury's Counsel Has Extensive and Specialized Experience in Cases of this Nature</u>

In addition to SSB's service in the 401(k) class action involving AOL Time Warner, where a $100 million settlement recovery was obtained before Judge Kram in this district, SSB has also been at the forefront of the emerging case law in cases of this nature. SSB is currently briefing in the Second Circuit the impact of *LaRue v. DeWolff, Boberg & Assocs.*, 128 S. Ct. 1020, 1022 (2008), on ERISA Section 502(a)(2) claims; the applicability of the so-called "settlor doctrine" to claims that making employer stock available to 401(k) participants was imprudent where the governing plan document contemplated or required the offering of employer stock; the identification of fiduciary communications covered by ERISA; and class certification issues including reliance and the applicability of the ERISA Section 404(c) defense. *Fisher v. JPMorgan*, 07-0032-cv. Similarly, SSB is court-appointed class counsel for a certified class of 401(k) plan participants in the breach of fiduciary duty case against Motorola, Inc. and others relating to Motorola's dealings with Turkish telecommunications company Telsim and the controlling Uzan family.[1] There have been five appeals filed in the Motorola ERISA

---

[1] There has also been considerable litigation in this district relating to Motorola's dealings with Telsim. *See, e.g., Motorola Credit Corp. v. Uzan*, 274 F. Supp. 2d 481, 491 (S.D.N.Y. 2003) (Rakoff, J.).

1

case, two of which are currently pending and which have been consolidated for decision. Appeal No. 07-cv-3837 raises the issue of whether an employee who executes a general release upon the termination of employment may be held to have knowingly or voluntarily released breach of fiduciary duty claims affecting his 401(k) account. Appeal No. 08-1696 raises the issue of whether alleged intra-class conflicts in cases of this nature may be sufficient to preclude class certification. SSB has thoroughly briefed or is now briefing both issues at the district court and appellate levels. Simultaneously, SSB is briefing summary judgment on many liability-related issues in the Motorola ERISA case. SSB also briefed and argued *Bridges v. Am. Elec. Power Co.*, 2007 U. S. App. LEXIS 19337 (6th Cir. 2007), in which the Sixth Circuit made new law in that Circuit and reversed the district court, holding that the plaintiff had ERISA standing despite having "cashed out" his plan account. SSB is also co-lead counsel in the ongoing ERISA class action against Tyco International, Ltd. (02-1335, D.N.H.), in which there have been millions of documents reviewed by SSB and there have been over two hundred days of deposition, over one hundred of which were participated in by SSB.

      The above is just a sample of SSB's ERISA experience and resources, which, as further demonstrated by the résumé of SSB, are extensive. Any suggestion to the contrary is without merit. SSB has researched and briefed practically every legal angle that could arise in this action, and is more than adequately staffed to vigorously prosecute all claims on behalf of the proposed class.

<u>SSB Has Done the Best Work to Date in this Case</u>

      Consistent with its specialized experience in cases of this nature SSB conducted a thorough investigation and identified as proper defendants in this case the members of the Finance and Risk Committee of the Bear Stearns Board of Directors. SSB's investigation

found that in early 2007 a committee of the Board of Directors was created to specifically focus on credit management and credit risk at Bear Stearns.  As Board members, these individuals had oversight responsibility for the Plan and any other individuals administering it, and at the same time these individuals were at least supposed to develop and share with the administrators information about how best to protect Bear Stearns and the Plan from excessive and imprudent credit and financial risk.  No other plaintiffs' counsel identified these defendants. While the Weber Plaintiffs' and Howard Plaintiffs' pleading identify as defendants members of the Board of Directors who served on the Executive Committee of the Board (as does Lounsbury's Complaint) only the Lounsbury Complaint names as defendants Board members who served on the Finance and Risk Committee.

Plaintiff Lounsbury believes, based upon the research of his counsel to date, that the Finance and Risk Committee was uniquely knowledgeable as to the problems at Bear as a result of its charter (as cited to in the Lounsbury Complaint) and that its members were, at the very least, fiduciaries by virtue of their service on the Board of Directors of Bear.  The work of Plaintiff Lounsbury's counsel, SSB, with regards to the identification of these defendants should be appropriately weighed by the Court under Rule 23(g)(c)(i) in its decision on the pending motions.

<u>Lounsbury is Best Suited to Serve as Lead Plaintiff</u>

Despite the contentions of the Howard Plaintiffs and the Weber Plaintiffs, Lounsbury is best suited to serve as lead plaintiff.  Like counsel for the Howard Plaintiffs, Lounsbury's counsel has litigated the release issue and, as noted above, is currently appealing the finding that a release was applicable to individual claims like those brought here in the Motorola ERISA case.  Lounsbury's counsel is well-aware of

3

the *Polaroid ERISA* holding cited by the Howard Plaintiffs.  All that *Polaroid* holds is that an individual can not release the plan's 502(a)(2) claims.  A release can serve as a distraction and a potential unique defense to certain individual claims, and the lack of proposed lead plaintiffs having signed a release is unquestionably relevant.  Plaintiff Lounsbury also does not plan to exclude any releasees from the proposed class, he simply notes that his appointment as lead plaintiff will not cause undue distraction on the potential release issue.

The Weber Plaintiffs claim that they are highly motivated and the Plaintiff Lounsbury's holdings (and losses) are less than their combined holdings.  The Weber Plaintiffs cite to no authority holding that the movant with the largest losses should be appointed.  This case is governed by ERISA and the pending motions are brought under Rule 23.  A PSLRA-style analysis of losses is not applicable.

Similarly, the Weber Plaintiffs acknowledge that at least one of their members may have signed releases and claim that their combined stake, number of proposed lead plaintiffs [5], and diversity will be a benefit to the proposed class (Weber Plaintiffs' Memorandum of Law in Further Support at 5).  But these factors are just as likely to be distractions.  For example, the Weber Plaintiffs or Howard Plaintiffs may be split as to whether to approve a settlement, which could further complicate matters.

Conclusion

For these reasons Lounsbury should be appointed as lead plaintiff and his counsel should be appointed as interim class counsel.

4

Dated: April 23, 2008                              **STULL, STULL & BRODY**

By: s/ Edwin J. Mills
Jules Brody (JB-9151)
Edwin J. Mills (EM-7117)
6 East 45th Street
New York, New York 10017
Tel: (212) 687-7230
Fax: (212) 490-2022

**KANTROWITZ GOLDHAMER & GRAIFMAN, P.C.**
Gary S. Graifman
Michael L. Braunstein
Reginald H. Rutishauser
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: (845) 356-2570
Fax: (845) 356-2570

*Attorneys for Plaintiff and the Proposed Class*