## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON HOWARD, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THE BEAR STEARNS COMPANIES INC., THE BEAR STEARNS COMPANIES INC. EXECUTIVE COMMITTEE, JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10, <br><br> Defendants. | ) <br> ) <br> )    Case No. 08-CV-2804 (RWS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

*[additional captions follow]*

**PLAINTIFFS AARON HOWARD'S AND SHELDEN
GREENBERG'S MEMORANDUM IN PARTIAL OPPOSITION TO PLAINTIFF
LOUNSBURY'S MOTION FOR CONSOLIDATION AND APPOINTMENT OF
LEAD PLAINTIFF AND INTERIM CLASS COUNSEL**

| | |
|---|---|
| ESTELLE WEBER, individually, on behalf of the Bear Stearns Companies Inc. Employee Stock Ownership Plan, and all others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>THE BEAR STEARNS COMPANIES, INC., CUSTODIAL TRUST COMPANY, JAMES CAYNE, ALAN SCHWARTZ, WARREN SPECTOR, SAMUEL MOLINARO, ALAN GREENBERG, and JOHN DOES 1-20,<br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 08-CV-2870 (RWS) |
| ANTHONY PISANO, individually and on behalf of all others similarly situated.<br><br>       Plaintiff,<br><br>       v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20,<br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 08-CV-3006 (UA) |

HANS MENOS, individually and on behalf of all
others similarly situated,

                     Plaintiff,

   v.

THE BEAR STEARNS COMPANIES, INC.,
JAMES CAYNE, ALAN D. SCHWARTZ,
WARREN J. SPECTOR, SAMUEL L.
MOLINARO, JR., ALAN C. GREENBERG, and
JOHN AND JANE DOES 1-10,

                 Defendants.

Case No. 08-CV-3035 (RWS)

IRA GEWIRTZ, individually and on behalf of all
others similarly situated,

                     Plaintiff,

      v.

THE BEAR STEARNS COMPANIES, INC.,
JAMES E. CAYNE, ALAN D. SCHWARTZ,
WARREN J. SPECTOR, SAMUEL L.
MOLINARO, JR., ALAN C. GREENBERG, and
JOHN AND JANE DOES 1-20,

                 Defendants.

Case No. 08-CV-3089 (RWS)

DREW V. LOUNSBURY, Individually and On
Behalf of All Others Similarly Situated,

                Plaintiff,

        vs.

THE BEAR STEARNS COMPANIES INC.
JAMES E. CAYNE; ALAN C. GREENBERG;
ALAN D. SCHWARTZ; PAUL A. NOVELLY;
FRANK T. NICKELL; FREDERIC V. SALERNO;
VINCENT TESE; and JOHN AND JANE DOES 1-
10,

                Defendants.

) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )

Case No. 08-CV-3326 (RWS)

SHELDEN GREENBERG, Individually and On
Behalf of All Others Similarly Situated,

                Plaintiff,

        vs.

THE BEAR STEARNS COMPANIES INC.
JAMES E. CAYNE; ALAN C. GREENBERG;
JEFFREY MAYER; SAMUEL L. MOLINARO,
JR., ALAN D. SCHWARTZ; WARREN J.
SPECTOR; and JOHN AND JANE DOES 1-10,

                Defendants.

) ) ) ) ) ) ) ) ) ) ) ) ) ) )

Case No. 08-CV-3334 (RWS)

SCOTT WETTERSTEN, individually and on
behalf of all others similarly situated,

)
)
)   Case No. 08-CV-3351 (UA)

Plaintiff,

)
)

vs.

)
)
)

THE BEAR STEARNS COMPANIES INC.,
JAMES E. CAYNE, ALAN D. SCHWARTZ,
WARREN J. SPECTOR, SAMUEL L.
MOLINARO, ALAN C. GREENBERG, and JOHN
AND JANE DOES 1-10,

)
)
)
)
)
)

Defendants.

)
)

RITA RUSIN, individually and on behalf of all
others similarly situated,

)
)
)   Case No. 08-CV-3441 (UA)

Plaintiff,

)
)

v.

)
)
)

THE BEAR STEARNS COMPANIES, INC.,
JAMES E. CAYNE, ALAN D. SCHWARTZ,
WARREN J. SPECTOR, SAMUEL L.
MOLINARO, JR., ALAN C. GREENBERG, and
JOHN AND JANE DOES 1-20,

)
)
)
)
)
)

Defendants.

)
)

LAWRENCE FINK, individually and on behalf of
all others similarly situated,

)
)
)   Case No. 08-CV-3602 (UA)

Plaintiff,

)
)

v.

)
)
)

THE BEAR STEARNS COMPANIES, INC.,
JAMES E. CAYNE, ALAN D. SCHWARTZ,
WARREN J. SPECTOR, SAMUEL L.
MOLINARO, JR., ALAN C. GREENBERG, and
JOHN AND JANE DOES 1-20,

)
)
)
)
)
)

Defendants.

)
)

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................2

ARGUMENT .......................................................................................................4

    A.    All Four Rule 23(g) Factors Support the Appointment of SBTK and Keller Rohrback as Interim Co-Lead Counsel...................................................4

        1.    Counsel for the Howard Plaintiffs have demonstrated a commitment to identifying and investigating potential claims in this action. ...............................................................................4

        2.    Counsel for the Howard Plaintiffs have experience in class actions and other complex litigation, have experience in litigating the claims asserted in this case, and have knowledge of the law applicable in this case. ...............................................................5

        3.    Counsel for the Howard Plaintiffs have the resources necessary to represent the Class. ......................................................10

    B.    The Court Should Reject Plaintiff Lounsbury's Proposed Leadership Structure..........................................................................11

        1.    Counsel for the Howard Plaintiffs have more directly relevant experience than counsel for the Weber Plaintiffs. ......................................11

        2.    The fact that Plaintiff Lounsbury may not have signed a release of claims is of no moment. ......................................................12

        3.    The fact that Lounsbury named as defendants members of the Finance and Risks Committee is without significance. ...................13

CONCLUSION ..................................................................................................14

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*In re ADC Telecomms., Inc. ERISA Litig.*,
    No. 03-CV-2989, 2004 WL 1683144 (D. Minn. July 26, 2004) ................................................7

*Alvidres v. Countrywide Fin. Corp.*,
    No. 07-CV-05810-RGK, 2008 WL 803132 (C.D. Cal. Mar. 17, 2008) ...................................8

*In re AOL Time Warner, Inc., Sec. & "ERISA" Litig.*,
    No. 02-CV-8853, 2005 WL 563166 (S.D.N.Y. Mar. 10, 2005) .............................................7

*Brieger v. Tellabs, Inc.*,
    473 F. Supp. 2d 878 (N.D. Ill. 2007) .....................................................................................7

*In re CMS Energy ERISA Litig.*,
    225 F.R.D. 539 (E.D. Mich. 2004) .........................................................................................9

*In re CMS ERISA Litig.*,
    312 F. Supp. 2d 898 (E.D. Mich. 2004)..................................................................................8

*Cokenour v. Household Int'l, Inc.*,
    2004 WL 725973 (N.D. Ill. Mar. 31, 2004)...........................................................................8

*In re Ford Motor Co. ERISA Litig.*,
    2008 WL 880161 (E.D. Mich. Mar. 31, 2008) .......................................................................8

*Gee v. UnumProvident Corp.*,
    No. 03-CV-0147, 2005 WL 534873 (E.D. Tenn. Jan. 13, 2005)............................................7

*In re Global Crossing Sec. & ERISA Litig.*,
    225 F.R.D. 436 (S.D.N.Y. 2004) ..........................................................................................4

*Hill v. BellSouth Corp.*,
    313 F. Supp. 2d 1361 (N.D. Ga. 2004) ...............................................................................7, 8

*In re Honeywell Intern. ERISA Litig.*,
    No. 03-CV-1214, 2004 WL 3245931 (D.N.J. Sept. 14, 2004) ...............................................7

*In re JDS Uniphase Corp. ERISA Litig.*,
    No. C 03-04743, 2005 WL 1662131 (N.D. Cal. July 14, 2005).............................................7

*In re Marsh ERISA Litig.*,
    2006 WL 3706169 (S.D.N.Y. Dec. 14, 2006) .......................................................................8

*In re: Merck & Co., Inc. Sec. Derivative & ERISA Litig.*,
  No. 05-CV-2369, 2006 WL 2050577 (D.N.J. July 11, 2006)....................................7

*Nowak v. Ford Motor Co.*,
  240 F.R.D. 355 (E.D. Mich. 2006) ...................................................................7, 8

*In re Polaroid ERISA Litig.*,
  240 F.R.D. 65 (S.D.N.Y. 2006) .....................................................................9, 12

*In re Polaroid ERISA Litig.*,
  362 F. Supp. 2d 461 (S.D.N.Y. 2005).........................................................4, 7, 8

*In re Sears, Roebuck & Co. ERISA Litig.*,
  No. 02-CV-8324, 2004 WL 407007 (N.D. Ill. March 3, 2004)...............................7

*In re Syncor ERISA Litig.*,
  227 F.R.D. 338 (C.D. Cal. 2005) ........................................................................9

*In re Syncor ERISA Litig.*,
  351 F. Supp. 2d 970 (C.D. Cal. 2004) .................................................................7

*In re Syncor ERISA Litig.*,
  516 F.3d 1095 (9th Cir. 2008) ............................................................................6

*In re Terazosin Hydrochloride*,
  220 F.R.D. 672 (S.D. Fla. 2004)..........................................................................5

*Tittle v. Enron Corp.*,
  2006 WL 1662596 (S.D. Tex. June 7, 2006) ........................................................9

*Tittle v. Enron Corp.*,
  284 F. Supp. 2d 511 (S.D. Tex. 2003) .................................................................8

*Whetman v. IKON*,
  191 F.R.D. 457 (E.D. Pa. 2000)..........................................................................9

*Whetman v. IKON*,
  86 F. Supp. 2d 481 (E.D. Pa. 2000) ...................................................................8

*In re Williams Cos. ERISA Litig.*,
  231 F.R.D.416 (N.D. Okla. 2005).......................................................................9

*In re Williams Cos. ERISA Litig.*,
  271 F. Supp. 2d 1328 (N. D. Okla. 2003) ............................................................8

*Woods v. Southern Co.*,
  396 F. Supp. 2d 1351 (N.D. Ga. 2005) ...............................................................7

*In re WorldCom ERISA Litig.,*
   263 F. Supp. 2d 745 (S.D.N.Y. 2003)...................................................................8

*In re WorldCom, Inc. ERISA Litig.,*
   2004 WL 2211664 (S.D.N.Y. Oct. 4, 2004) ...........................................................9

*In re WorldCom, Inc. ERISA Litig.,*
   339 F. Supp. 2d 561 (S.D.N.Y. 2004)...................................................................9

*In re Xerox Corp. ERISA Litig.,*
   483 F. Supp. 2d 206 (D. Conn. 2007)....................................................................8

**DOCKETED CASES**

*In re AIG ERISA Litig.,*
   No. 04- 8141 (S.D.N.Y.) ........................................................................................3

*In re AIG ERISA Litig.,*
   No. 04-9387 (S.D.N.Y.) .........................................................................................9

*In re AOL ERISA Litig.,*
   02-CV-8853 (S.D.N.Y. 2007)................................................................................3

*In re Beazer Homes USA, Inc. ERISA Litig.,*
   07-CV-00952-RWS (N.D. Ga. April 30, 2007)......................................................7

*Beazer Homes USA, Inc.,*
   No. 07-00952 (N.D. Ga.) .......................................................................................9

*BellSouth Corp.,*
   No. 02-2440 (N.D. Ga.) .........................................................................................9

*In re Bristol-Myers Squibb Co. ERISA Litig.,*
   No. 02-CV-10129 (LAP) (S.D.N.Y. 2005)............................................................4

*In re Calpine Corp. ERISA Litig.,*
   No. 03-CV-1685 (N.D. Cal. Apr. 17, 2003) ..........................................................7

*In re CIGNA Corp. ERISA Litig.,*
   No. 03-CV-00714 (JPF) (E.D. Pa. Aug. 2, 2004)..................................................7

*In re Citigroup Litig.,*
   No. 03-CV-2932 (S.D.N.Y. Nov. 15, 2006) ..........................................................3

*CMS Energy,* No. 02-72834 (E.D. Mich.) .................................................................9

*Countrywide Financial Corporation,*
   No. 07-05810 (C.D. Cal.).......................................................................................9

iv

*Dell, Inc.*,
    No. 06-758 (W.D. Tex.) ............................................................................................9

*Delphi Corp.*,
    No. 05-70882 (E.D. Mich.) ......................................................................................9

*Dynegy, Inc.*,
    No. 02-3076 (S.D. Tex.) ...........................................................................................9

*Enron Corp.*,
    MDL No. 1446 (S.D. Tex.) .......................................................................................9

*In re Enron Corp. ERISA Litig.*,
    No. 01-3913 (S.D. Tex.) ...........................................................................................3

*Falk v. Amerada Hess Corp.*,
    No. 03-CV-2491 (D.N.J. May 10, 2004) ..................................................................7

*In re Ford Motor Co. ERISA Litig.*,
    No. 06-11718 (E.D. Mich.) ....................................................................................4, 9

*Fremont Gen. Corp.*,
    No. 07-2693 (C.D. Cal.) ..........................................................................................9

*Gee v. UnumProvident Corp.*,
    03-CV-1552 (E.D. Tenn. Sept. 3, 2003) ...................................................................7

*In re Global Crossing ERISA Litig.*,
    No. 02-7453 (S.D.N.Y.) ...........................................................................................3

*Goodyear Tire & Rubber Co.*,
    No. 03-02182 (N.D. Ohio) ........................................................................................9

*Hargrave v. TXU Corp.*
    No. 3:02-cv-2573-K (N.D. Texas) ............................................................................8

*HealthSouth Corp.*,
    No. 03-1700 (N.D. Ala.) ...........................................................................................9

*In re Honeywell ERISA Litig.*,
    No. 03-CV-1214 (D.N.J. Oct. 22, 2004) ..................................................................7

*Household Int'l, Inc.*,
    No. 02-7921 (N.D. Ill.) .............................................................................................9

*In re Merck Co., Inc. Sec., Derivative & "ERISA" Litig.*,
    MDL. No. 1658 (D. N.J.) .........................................................................................4

v

*Koch v. Loral Space & Commc'ns Ltd.,*
    03-CV-9729 (S.D.N.Y. Dec. 8, 2003) ...................................................................7

*Krispy Kreme Doughnut Corp.,*
    No. 05-00187 (M.D.N.C.) ...................................................................................9

*In re Lear ERISA Litig.,*
    No. 06-CV-11735 (E.D. Mich. Apr. 10, 2006) .....................................................7

*In re Marsh ERISA Litig.,*
    No. 04-8157 (S.D.N.Y.) .....................................................................................3, 9

*In re Merrill Lynch & Co., Inc. Sec., Derivative & ERISA Litig.,*
    No. 07-9633 (S.D.N.Y.) .........................................................................................3

*In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.,*
    05-CV-2369 (D.N.J. July 11, 2006) ......................................................................8

*Miller v. Beazer,*
    No. 07-00952 (N.D. Ga.) ......................................................................................4

*In re Mirant ERISA Litig.,*
    No. 03-1027 (N.D. Ga.) ........................................................................................4

*In re Pfizer Inc. ERISA Litig.,*
    No. 04-10071 (S.D.N.Y.) .......................................................................................3

*In re Polaroid ERISA Litig.,*
    No. 03-8335 (S.D.N.Y.) .........................................................................................3

*In re Raytheon ERISA Litigation,*
    No. 03-CV-10940-RGS (D. Mass. Mar. 19, 2003) ...............................................7

*In re Schering-Plough Corp. ERISA Litig.,*
    No. 03-CV-1204 (D.N.J. Oct. 25, 2005) ...............................................................7

*In re Schering-Plough Corp. ERISA Litig.,*
    No. 03-CV-1204 (D.N.J. Oct. 25, 2005) ...............................................................7

*In re Visteon Corp. ERISA Litig.,*
    No. 05-71205 (E.D. Mich.) ...................................................................................4

*In re Westar Energy Inc. ERISA Litig.,*
    03-CV-4032 (D. Kan. Mar. 7, 2003) .....................................................................7

*In re Williams Cos. ERISA Litig.,*
    02-CV-153 (N.D. Okla. Dec. 20, 2004) ................................................................9

vi

*Wilson v. Federal Home Loan Mortgage Corp.*,
  MDL Docket No. 1584, No. 04-CV-2632 (JES) (S.D.N.Y. Apr. 7, 2004) ..............................7

*Wilson v. Federal Home Loan Mortgage Corp.*,
  MDL Docket No. 1584, No. 04-CV-2632 (JES) (S.D.N.Y. Feb. 7, 2005)...........................4, 7

*In re WorldCom, Inc. ERISA Litig.*,
  No. 02-4816 (S.D.N.Y.)...................................................................................................3

**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

Employee Retirement Income Security Act of 1974 ("ERISA") .......................................... passim

ERISA § 104(b)(4).................................................................................................................4

ERISA § 502(a)(2).............................................................................................................12

FED. R. CIV. P. 23(g) ....................................................................................................... passim

Plaintiffs Aaron Howard and Shelden Greenberg (the "*Howard* Plaintiffs"), by their undersigned counsel, respectfully submit this memorandum of law in partial opposition to Plaintiff Lounsbury's Motion for Consolidation and Appointment of Lead Plaintiff and Interim Class Counsel.[1]  In support of this Opposition, the *Howard* Plaintiffs incorporate by reference (1) the Memorandum of Law in Support of Plaintiffs Aaron Howard and Shelden Greenberg's Motion to: Consolidate ERISA Actions; Appoint Interim Lead Plaintiffs, Interim Co-Lead Counsel and Interim Liaison Counsel; and for Entry of Pretrial Order No. 1 (the "*Howard* Plaintiffs' Brief"), in which the *Howard* Plaintiffs request that the Court appoint Aaron Howard and Shelden Greenberg as Interim Lead Plaintiffs, Schiffrin Barroway Topaz & Kessler, LLP ("SBTK") and Keller Rohrback L.L.P. ("Keller Rohrback") as Interim Co-Lead Counsel and Dealy & Silberstein, LLP ("DS") as Interim Liaison Counsel in the above-referenced actions (collectively, the "ERISA Actions"); (2) Plaintiffs Aaron Howard and Shelden Greenberg's Memorandum in Partial Opposition to the *Weber* Plaintiffs' Motion for (1) Consolidation, (2) Appointment of Lead Plaintiffs and Leadership Structure and (3) Entry of [Proposed] Pretrial Order No. 1 ("Opp. to *Weber*"); and (3) Plaintiffs Aaron Howard and Shelden Greenberg's Reply to Plaintiff Drew V. Lounsbury's Response to the Motions of *Weber* and *Howard* Plaintiffs for Consolidation of all Related ERISA Cases and Other Relief.

Pending before this Court are a number of actions, ten as of the filing of this brief, alleging breaches of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA") against The Bear Stearns Companies Inc. ("Bear Stearns" or the "Company") and other fiduciary defendants with respect to certain investments in The Bear Stearns Companies Inc. Employee Stock Ownership Plan (the "Plan") sponsored by Bear Stearns.  As a result of the

_____

[1] Plaintiff Lounsbury proposes Stull, Stull & Brody ("SS&B") as Interim Class Counsel.

similar legal and factual allegations, motions to consolidate and appoint lead plaintiffs and lead counsel were filed by the *Howard* Plaintiffs, the *Weber* Plaintiffs (Plaintiffs Estelle Weber, Anthony Pisano, Ira Gewirtz, Rita Rusin and Lawrence Fink) and Plaintiff Lounsbury (Plaintiff Drew Lounsbury). The *Howard* Plaintiffs are unaware of any additional motions filed.

The Court's task is clear. When presented with competing motions, the Federal Rules of Civil Procedure provide that "[i]f more than one applicant seeks appointment as class counsel, the court must appoint the applicant *best able* to represent the interests of the class." FED. R. CIV. P. 23(g)(B) (emphasis added). The standards for selecting class counsel are outlined in FED. R. CIV. P. 23(g)(1)(A). Pursuant to this Rule, there are four factors that the Court should consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. FED. R. CIV. P. 23(g)(1)(A).

With all due respect to counsel for Plaintiff Lounsbury, they cannot provide the Class with the combined experience and expertise of Keller Rohrback and SBTK in this ERISA case. Accordingly, the criteria set forth in FED. R. CIV. P. 23(g) firmly supports the appointment of Keller Rohrback and SBTK as Interim Co-Lead Counsel.[2]

## INTRODUCTION

As detailed in the *Howard* Plaintiffs' Brief, the interests of the current and former participants in the Plan would be best served by the Court's appointment of SBTK and Keller Rohrback as Interim Co-Lead Counsel.

---

[2] As there is no dispute among the parties as to the motion for consolidation of the ERISA cases, this opposition will focus on the proposed leadership structure for these cases.

Keller Rohrback is a pioneer and national leader of the precise type of ERISA class action litigation presented here, and possesses both the expertise and experience that is necessary to litigate this matter forcefully, effectively, and efficiently.    Indeed, Keller Rohrback has obtained favorable landmark decisions and recovered over $750 million dollars on behalf of employees in this type of ERISA case.    Keller Rohrback serves or has served as lead or co-lead counsel in numerous similar ERISA class actions, such as *In re Enron Corp. ERISA Litig.*, No. 01-3913 (S.D. Tex.), as well as several leading cases in the Southern District of New York, including:  *In re WorldCom, Inc. ERISA Litig.*, No. 02-4816 (S.D.N.Y.) (J. Cote); *In re Global Crossing ERISA Litig.*, No. 02-7453 (S.D.N.Y.) (J. Lynch); *In re Polaroid ERISA Litig.*, No. 03-8335 (S.D.N.Y.) (J. Pauley); *In re Marsh ERISA Litig.*, No. 04-cv-8157 (S.D.N.Y) (J. Kram); *In re Pfizer Inc. ERISA Litig.*, No. 04-10071 (S.D.N.Y.) (J. Owen); *In re AIG ERISA Litig.,* No. 04-8141 (S.D.N.Y.) (J. Sprizzo); and *In re Merrill Lynch & Co., Inc. Sec., Derivative & ERISA Litig.,* No. 07-9633 (S.D.N.Y.) (J. Sand), as well as numerous others throughout the country. Keller Rohrback is involved in a leadership capacity in several ERISA class actions involving the subprime industry, and asset-backed and mortgage-backed securities, including cases against Merrill Lynch & Co., Inc., Countywide Financial Corp., Fremont General Corp., Beazer Homes USA Inc., and State Street Bank & Trust Co., which could provide certain efficiencies in this case against Bear Stearns.

Likewise, SBTK has substantial experience and success in this area of law, with one of the largest legal departments dedicated to ERISA breach of fiduciary duty class action litigation in the country.  SBTK (1) has been named lead or co-lead counsel in dozens of analogous actions across the country and within the Southern District of New York, including: *See In re AOL ERISA Litig.*, 02-CV-8853 (S.D.N.Y. 2007); *In re Citigroup Litig.*, No. 03-CV-2932 (S.D.N.Y.

Nov. 15, 2006); *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y. 2004); *In re Bristol-Myers Squibb Co. ERISA Litig.*, No. 02-CV-10129 (LAP) (S.D.N.Y. 2005); *Koch v. Loral Space & Commc'ns Ltd.*, 03-CV-9729 (S.D.N.Y. Dec. 8, 2003); *Wilson v. Federal Home Loan Mortgage Corp.*, MDL Docket No. 1584, No. 04-CV-2632 (JES) (S.D.N.Y. Apr. 7, 2004); *In re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461 (S.D.N.Y. 2005); (2) is responsible for landmark decisions in the complex and evolving ERISA breach of fiduciary duty jurisprudence and (3) during the firm's successful history, SBTK has recovered billions of dollars on behalf of its clients, including investors, consumers and ERISA pension plan class members.

SBTK and Keller Rohrback have experience working together as co-lead counsel in several ERISA breach of fiduciary duty company stock class action cases, including: *Miller v. Beazer*, No. 07-00952 (N.D. Ga.); *In re Ford Motor Co. ERISA Litig.*, No. 06-11718 (E.D. Mich.); *In re Merck Co., Inc. Sec., Derivative & "ERISA" Litig.*, MDL. No. 1658 (D. N.J.); *In re Mirant ERISA Litig.*, No. 03-1027 (N.D. Ga.); and *In re Visteon Corp. ERISA Litig.*, No. 05-71205 (E.D. Mich.). Thus, SBTK and Keller Rohrback will be able to draw heavily upon their collective experience and expertise to ensure that this case is litigated effectively and efficiently.

## ARGUMENT

### A.    All Four Rule 23(g) Factors Support the Appointment of SBTK and Keller Rohrback as Interim Co-Lead Counsel.

#### 1.    Counsel for the *Howard* Plaintiffs have demonstrated a commitment to identifying and investigating potential claims in this action.

With respect to the first 23(g) factor, counsel for the *Howard* Plaintiffs have already taken substantial steps in prosecuting this action. *See Howard* Plaintiffs' Brief at 9-10. Counsel for the *Howard* Plaintiffs have:

- requested and obtained documents from Defendants on behalf of proposed Interim Lead Plaintiffs pursuant to ERISA § 104(b)(4), and analyzed those documents;

- obtained and analyzed other Plan documents;

- spoken with numerous class members;

- interviewed additional witnesses about the allegations in the complaints;

- drafted detailed Complaints;

- monitored on-going government investigations;

- sent letters to Defendants instructing them to preserve documents; and

- sent letters to Defendants requesting documents produced in the pending "acquisition cases" filed against Bear Stearns regarding the terms of its proposed acquisition by J.P. Morgan..

*Howard* Plaintiffs' Brief at 9-10.

> **2.    Counsel for the *Howard* Plaintiffs have experience in class actions and other complex litigation, have experience in litigating the claims asserted in this case, and have knowledge of the law applicable in this case.**

The second and third Rule 23(g) factors, generally considered the most important, demonstrate that SBTK and Keller Rohrback are best qualified to serve as Interim Co-Lead Counsel in this ERISA breach of fiduciary duty class action. *See, e.g., In re Terazosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (explaining that the "most persuasive" factor in choosing lead counsel pursuant to Rule 23(g) may be proposed counsel's "experience in, and knowledge of, the applicable law in this field").

A review of the various firms' resumes submitted in this case demonstrates that SBTK and Keller Rohrback have the most experience in and knowledge of ERISA company stock cases and other relevant class action matters. *See Howard* Plaintiffs' Brief at 10-21; *See also* the Keller Rohrback Complex Litigation Group resume, attached as Exhibit A to the Declaration of

Derek W. Loeser filed with the *Howard* Plaintiffs' Brief; and the SBTK firm resume, attached as Exhibit C to the Declaration of Edward W. Ciolko filed with the *Howard* Plaintiffs' Brief.

Both SBTK and Keller Rohrback have extensive experience litigating ERISA class action cases of this type, especially in the Southern District of New York. As noted in the *Howard* Plaintiffs' moving papers, counsel have:

- Pioneered and obtained ground-breaking opinions in the area of ERISA class action company stock cases;

- Litigated every stage of this type of ERISA case, from motions to dismiss through discovery (fact and expert), motions for summary judgment, *see, e.g., In re Syncor ERISA Litig.,* 516 F.3d 1095 (9th Cir. 2008), trial, and settlement;

- Frequently appeared as faculty at national CLEs and other training programs addressing ERISA breach of fiduciary duty class actions;[3]

- Worked closely with the U.S. Department of Labor ("DOL") on ERISA class action cases;

- Established relationships with many of the key experts in the field;

- Worked extensively with counsel in parallel securities and derivative cases, and developed systems for effectively coordinating the discovery in the parallel cases; and

- Successfully guided clients through the exceptionally complex ERISA field, recovering hundreds of millions of dollars on behalf of employees.

This catalog of experience is not mere puffery. It reflects many years of dedication by the attorneys at SBTK and Keller Rohrback to this specific area of law. Plaintiff Lounsbury's

---

[3] For example, Lynn L. Sarko of Keller Rohrback recently spoke at the following ERISA conferences: DOL Speaks: Employee Benefits Conference, the American Bar Association's Employee Benefits Committee Meeting; the Glasser Annual ERISA Litigation Conference; and The Los Angeles Benefits Conference which was co-sponsored by the Internal Revenue Service, the American Society of Pension Professionals & Actuaries, and the National Institute of Pension Administrators. Similarly, Derek W. Loeser of Keller Rohrback recently spoke at the West Legalworks 20th Annual ERISA Litigation Conference on ERISA Breach of Fiduciary Duty Company Stock Litigation, and also spoke at the 19th Annual ERISA Litigation Conference as well as the 2003 International Conference on "ERISA Litigation: Aftershocks of Enron, Lucent, WorldCom and Others."

counsel, SS&B, are fine attorneys, to be sure, but they do not have the same level of experience or dedication to this area of law as Keller Rohrback and SBTK.

(1)    <strong>SBTK</strong>

As noted in depth in the *Howard* Plaintiffs' Brief, SBTK is among the most recognized firms in the specialized field of ERISA company stock class action litigation. During its successful history, the firm has recovered billions of dollars for class members and has been widely recognized by Courts for its outstanding service to class members. *See, e.g., Howard* Plaintiffs' Brief at 11-17.[4] Moreover, courts across the country, acknowledging the firm's history and track record of impressive results, have not hesitated to appoint SBTK as Lead or Co-Lead Counsel in ERISA breach of fiduciary class actions, directly analogous to the instant matter.[5]

---

[4] SBTK has achieved numerous favorable rulings in ERISA cases of this type, including: *In re Ford Motor Company ERISA Litig.*, No. 06-11718 (E.D. Mich. 2008) (U.S. Magistrate Report and Recommendation Denying Defendants' Motion to Dismiss) (Co-Lead Counsel with Keller Rohrback); *Brieger v. Tellabs, Inc.*, 473 F. Supp. 2d 878 (N.D. Ill. 2007); *In re Lear ERISA Litig.*, No. 06-CV-11735 (S.D. Mich. Apr. 10, 2006); *Woods v. Southern Co.*, 396 F. Supp. 2d 1351 (N.D. Ga. 2005); *In re: Merck & Co., Inc. Sec. Derivative & ERISA Litig.*, No. 05-CV-2369, 2006 WL 2050577 (D.N.J. July 11, 2006); *In re JDS Uniphase Corp. ERISA Litig.*, No. C 03-04743, 2005 WL 1662131 (N.D. Cal. July 14, 2005); *Gee v. UnumProvident Corp.*, No. 03-CV-0147, 2005 WL 534873 (E.D. Tenn. Jan. 13, 2005); *In re Honeywell Intern. ERISA Litig.*, No. 03-CV-1214, 2004 WL 3245931 (D.N.J. Sept. 14, 2004); *In re ADC Telecomms., Inc. ERISA Litig.*, No. 03-CV-2989, 2004 WL 1683144 (D. Minn. July 26, 2004); *In re Sears, Roebuck & Co. ERISA Litig.*, No. 02-CV-8324, 2004 WL 407007 (N.D. Ill. March 3, 2004); *Falk v. Amerada Hess Corp.*, No. 03-CV-2491 (D.N.J. May 10, 2004); *In re Syncor ERISA Litig.*, 351 F. Supp. 2d 970 (C.D. Cal. 2004); *In re CIGNA Corp. ERISA Litig.*, No. 03-CV-00714 (JPF) (E.D. Pa. Aug. 2, 2004); *In re AOL Time Warner, Inc., Sec. & "ERISA" Litig.*, No. 02-CV-8853, 2005 WL 563166 (S.D.N.Y. Mar. 10, 2005); *Hill v. BellSouth Corp.*, 313 F. Supp. 2d 1361 (N.D. Ga. 2004); *Wilson v. Federal Home Loan Mortgage Corp.*, MDL Docket No. 1584, No. 04-CV-2632 (JES) (S.D.N.Y. Feb. 7, 2005); *In re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461 (S.D.N.Y. 2005).

[5] *See, e.g., In re Beazer Homes USA, Inc. ERISA Litig.*, 07-CV-00952-RWS (N.D. Ga. April 30, 2007); *Nowak* 240 F.R.D. at 355; *In re Lear ERISA Litig.*, No. 06-CV-11735 (E.D. Mich. Apr. 10, 2006); *In re Raytheon ERISA Litigation*, No. 03-CV-10940-RGS (D. Mass. Mar. 19, 2003); *Gee v. UnumProvident Corp.*, 03-CV-1552 (E.D. Tenn. Sept. 3, 2003); *In re Westar Energy Inc. ERISA Litig.*, 03-CV-4032 (D. Kan. Mar. 7, 2003); *In re Honeywell ERISA Litig.*, No. 03-CV-1214 (D.N.J. Oct. 22, 2004); *In re Schering-Plough Corp. ERISA Litig.*, No. 03-CV-1204 (D.N.J. Oct. 25, 2005); and *In re Calpine Corp. ERISA Litig.*, No. 03-CV-1685 (N.D. Cal. Apr. 17,

As a result of its extensive ERISA litigation experience, the firm "has also successfully engaged in extensive, intricate and successful settlement negotiations involving [complex] ERISA claims,"[6] including court-ordered mediations, and has recovered hundreds of millions of dollars for its clients and class members.  Recently, the Honorable Ed Kinkeade in *Hargrave v. TXU Corp.* No. 3:02-cv-2573-K (N.D. Texas)*, a case that presented significant hurdles regarding standing and measure of damages, noted the following at the Final Fairness Hearing in recognition of SBTK's exemplary work for the Class:

> And I know for you sometimes it's few and far between that you're able to recover this kind of fee.  So I'm happy for you that you were able to do a good job for these folks.  And, you know, for people that lost money, they are going to be able to get money back.

*See* Final Fairness Hearing Transcript,  *Hargrave v. TXU Corp.* No. 3:02-cv-2573-K (N.D. Texas) (March 25, 2008), p. 24 (attached as Exhibit D to the Declaration of Edward W. Ciolko, submitted in conjunction with the *Weber* Opp. ).

### (2)    **Keller Rohrback**

As noted previously, Keller Rohrback has played a leading role in the development of this area of law by obtaining favorable landmark decisions[7] and recovering over $750 million

---

2003).  Notably, the foregoing represent a subset of the ERISA class actions prosecuted by SBTK.

[6] *Nowak v. Ford Motor Co.***,** 240 F.R.D. 355, 362 (E.D. Mich. 2006)(collecting cases).

[7] Some of the many examples of favorable motion to dismiss ERISA company stock opinions involving Keller Rohrback include: *Whetman v. IKON*, 86 F. Supp. 2d 481 (E.D. Pa. 2000); *In re WorldCom ERISA Litig.*, 263 F. Supp. 2d 745 (S.D.N.Y. 2003); *In re Williams Cos. ERISA Litig.*, 271 F. Supp. 2d 1328 (N. D. Okla. 2003); *Tittle v. Enron Corp.*, 284 F. Supp. 2d 511 (S.D. Tex. 2003); *Hill v. BellSouth Corp.*, 313 F. Supp. 2d 1361 (N.D Ga. 2004); *Cokenour v. Household Int'l, Inc.*, 2004 WL 725973 (N.D. Ill. Mar. 31, 2004); *In re CMS ERISA Litig.*, 312 F. Supp. 2d 898 (E.D. Mich. 2004); *In re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461 (S.D.N.Y. Mar. 31, 2005);*In re Marsh ERISA Litig.*, 2006 WL 3706169 (S.D.N.Y. Dec. 14, 2006); *In re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d 206 (D. Conn. 2007); *In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*, 05-CV-2369 (D.N.J. July 11, 2006); *Alvidres v. Countrywide Fin. Corp.*, No. 07-CV-05810-RGK, 2008 WL 803132 (C.D. Cal. Mar. 17, 2008); and *In re Ford Motor Co. ERISA Litig.*, 2008 WL 880161 (E.D. Mich. Mar. 31, 2008) (U.S. Magistrate Report

dollars on behalf of employees in this type of ERISA case.  *Howard* Plaintiffs' Brief at 17-21;
*See also* Keller Rohrback Complex Litigation Group resume, attached as Exhibit A to the
Declaration of Derek W. Loeser submitted with the *Howard* Plaintiffs' Brief.  In this district
alone, Keller Rohrback serves or has served as lead or co-lead counsel in the following
nationally prominent ERISA company stock cases:

- *In re WorldCom, Inc. ERISA Litig.n*, No. 02-4816 (S.D.N.Y.) (J. Cote);
- *In re Global Crossing ERISA Litig.*, No. 02-7453 (S.D.N.Y.) (J. Lynch);
- *In re Polaroid ERISA Litig.*, No. 03-8335 (S.D.N.Y.) (J. Pauley);
- *In re Marsh ERISA Litig.*, No. 04-8157 (S.D.N.Y.) (J. Kram);
- *In re Pfizer Inc. ERISA Litig.*, No. 04-10071 (S.D.N.Y.) (J. Owen);
- *In re AIG ERISA Litig.*, No. 04-9387 (S.D.N.Y.) (J. Sprizzo); and
- *In re Merrill Lynch & Co., Inc. Sec., Derivative & ERISA Litig.,* No. 07-9633 (S.D.N.Y.) (J. Sand).

In addition, Keller Rohrback serves, or has served, in a leadership capacity in ERISA
company stock cases throughout the country, including cases against the following companies:

- *Beazer Homes USA, Inc.*, No. 07-00952 (N.D. Ga.);
- *BellSouth Corp.*, No. 02-2440 (N.D. Ga.);
- *CMS Energy*, No. 02-72834 (E.D. Mich.);
- *Countrywide Financial Corporation*, No. 07-05810 (C.D. Cal.);
- *Dell, Inc.*, No. 06-758 (W.D. Tex.);
- *Delphi Corp.*, No. 05-70882 (E.D. Mich.);
- *Dynegy, Inc.*, No. 02-3076 (S.D. Tex.);
- *Enron Corp.*, MDL No. 1446 (S.D. Tex.);
- *Ford Motor Co.*, No. 06-11718 (E.D. Mich.);
- *Fremont Gen. Corp.*, No. 07-2693 (C.D. Cal.);
- *Goodyear Tire & Rubber Co.*, No. 03-02182 (N.D. Ohio);
- *HealthSouth Corp.*, No. 03-1700 (N.D. Ala.);
- *Household Int'l, Inc.*, No. 02-7921 (N.D. Ill.);
- *Krispy Kreme Doughnut Corp.*, No. 05-00187 (M.D.N.C.);

---

and Recommendation Denying Defendants' Motion to Dismiss) (Co-Lead Counsel with SBTK).
Examples of favorable class certification ERISA company stock opinions include: *Whetman v. IKON*, 191 F.R.D. 457 (E.D. Pa. 2000); *In re WorldCom, Inc. ERISA Litig.*, 2004 WL 2211664 (S.D.N.Y. Oct. 4, 2004); *In re CMS Energy ERISA Litig.*, 225 F.R.D. 539 (E.D. Mich. 2004); *In re Syncor ERISA Litig.*, 227 F.R.D. 338 (C.D. Cal. 2005); *In re Williams Cos. ERISA Litig.*, 231 F.R.D.416 (N.D. Okla. 2005); *Tittle v. Enron Corp.*, 2006 WL 1662596 (S.D. Tex. June 7, 2006); and *In re Polaroid ERISA Litig.*, 240 F.R.D. 65 (S.D.N.Y. 2006).  Other favorable ERISA company stock opinions include: *In re WorldCom, Inc. ERISA Litig.*, 339 F. Supp. 2d 561 (S.D.N.Y. 2004) (bar order approved); and *In re Williams Cos. ERISA Litig.*, 02-CV-153 (N.D. Okla. Dec. 20, 2004) (ERISA fiduciary exception to attorney-client privilege).

- *Lucent Tech., Inc.*, No. 01-3491 (D.N.J.);
- *Merck & Co., Inc.*, No. 05-01151 (D.N.J.);
- *Mirant Corp.*, No. 03-1027 (N.D. Ga.);
- *Providian Fin. Corp.*, No. 01-5027 (N.D. Cal.);
- *Southern Co.*, No. 04-1912 (N.D. Ga.);
- *Visteon Corp.*, No. 05-71205 (E.D. Mich.);
- *Williams Cos.*, No. 02-153 (N.D. Okla.); and
- *Xerox Corp.*, No. 02-1138 (D. Conn.).

Because of this extensive experience and the results achieved on behalf of our clients, Keller Rohrback is widely regarded as the nation's leading firm in litigating ERISA breach of fiduciary duty class actions.

> **3.    Counsel for the *Howard* Plaintiffs have the resources necessary to represent the Class.**

The *Howard* Plaintiffs' Counsel have successfully managed numerous prominent ERISA company stock suits and have invested substantial resources in these efforts. *Howard* Plaintiffs' Brief at 21-22.  There is no question regarding their ability to dedicate the necessary resources to effectively pursue this case.  Keller Rohrback includes fifty-four attorneys, while SBTK has over fifty-five lawyers.  Numerous attorneys at both firms dedicate their practice to ERISA litigation, and, indeed, have done so for years.  Importantly, SBTK and Keller Rohrback's successful history of collaboration on other ERISA cases ensures that the class will be represented by a cohesive team of attorneys, proven capable of the efforts necessary to pursue these claims, and bound by a shared history of shaping the field of ERISA law.  Consequently, the Interim Co-Lead Counsel structure proposed by the *Howard* Plaintiffs meets the fourth and final requirement of Rule 23(g).  Considering all four factors, the *Howard* Plaintiffs respectfully submit that SBTK and Keller Rohrback are the best qualified to represent the class in this case as Interim Co-Lead Counsel.

**B.     The Court Should Reject Plaintiff Lounsbury's Proposed Leadership Structure**

In his competing motion, Plaintiff Lounsbury fails to articulate any persuasive reasons for appointing him and his attorneys, SS&B, over the more experienced team of SBTK and Keller Rohrback. To the contrary, the arguments set forth in Lounsbury's memorandum – that his counsel is best able to lead the Class, and has identified as defendants the Finance and Risk Committee members of Bear Stearns' Board of Directors – are not persuasive.

**1.     Counsel for the *Howard* Plaintiffs have more directly relevant experience than counsel for the *Weber* Plaintiffs.**

Plaintiff Lounsbury's counsel, SS&B, cites to a handful of ERISA breach of fiduciary duty cases in which it acted in a leadership capacity with other firms. Notably, however, it does not and cannot claim that its experience level approaches the combined experience of Keller Rohrback and SBTK. For example, Keller Rohrback has achieved settlements in excess of $750 million on behalf of employees and retires in analogous ERISA cases. Additionally, SS&B does not claim any role in the development of this practice area (*Cf.* Sections A and B, *supra*, explaining that Keller Rohrback and SBTK have pioneered and obtained ground-breaking opinions in the area of ERISA class action company stock cases). Nor is SS&B as widely recognized for its expertise in ERISA class action cases as counsel for the *Howard* Plaintiffs (*Cf. supra* at 7 and n.3, explaining that Lynn L. Sarko and Derek W. Loeser of Keller Rohrback frequently appear as faculty at national CLEs and other training programs addressing ERISA breach of fiduciary duty class actions).

Indeed, Keller Rohrback and SBTK have devoted years to this practice area, and through that process have honed the skill set and deep understanding of ERISA law needed to litigate cases of this type efficiently and effectively. While counsel for the *Howard* Plaintiffs acknowledge that the attorneys at SS&B are good lawyers, their experience and expertise simply

do not match the *Howard* Plaintiffs' knowledge of ERISA and track record of success in this precise type of case. This knowledge and expertise ensures that Keller Rohrback and SBTK will be best able to represent the interests of the class, as mandated by the selection criteria under Fed. R. Civ. P. 23(g)(2)(B).

Thus, an analysis of the factors under Rule 23(g), described above in detail, heavily favors the appointment of SBTK and Keller Rohrback as Interim Co-Lead Counsel, as they comprise the counsel structure "best able to represent the interests of the class."

### 2. The fact that Plaintiff Lounsbury may not have signed a release of claims is of no moment.

Plaintiff Lounsbury argues that he should be appointed Lead Plaintiff because he did not sign a release of claims. However, Keller Rohrback and SBTK have litigated and prevailed on this precise issue – the validity of releases in ERISA company stock litigation – in this very district. As Judge Pauley held in *Polaroid*, since a claim under ERISA § 502(a)(2) in on behalf of a plan, "individuals do not have the authority to release a defined contribution plan's right to recover for breaches of fiduciary duty." *Polaroid ERISA Litig.*, 240 F.R.D. 65, 75 (S.D.N.Y. 2006) (listing cases holding same). Additionally, to the extent releases need to be addressed at all in ERISA company stock litigation, they should be dealt with on a class-wide basis. *Id.* at 76 (rejecting argument that releases signed by certain class members defeated typicality requirement in motion for class certification). Accordingly, the fact that Plaintiff Lounsbury did not (to the best of his recollection) sign a release provides no evidence that SS&B would be better able to lead this litigation than Keller Rohrback and SBTK.

**3.    The fact that Lounsbury named as defendants members of the Finance and Risks Committee is without significance.**

Finally, Plaintiff Lounsbury argues that SS&B should be appointed interim lead counsel over Keller Rohrback and SBTK because the *Howard* Plaintiffs' complaints do not name members of Bear Stearns' Finance and Risks Committee as defendants.  However, the *Howard* Plaintiffs' review of available Plan documents to date fails to indicate this Committee, or its members, had any fiduciary responsibility regarding the Plan.  In the event that further discovery reveals that certain of this committee's members were *de facto* fiduciaries, the *Howard* Plaintiffs will amend the Complaint accordingly.  This eminently reasonable approach is wholly appropriate in cases of this type, as it promotes judicial efficiency and economy by preventing unnecessary parties, with no responsibility for the Plan or its assets, from being brought needlessly into litigation.  Accordingly, the *Howard* Plaintiffs' decision not to name Finance and Risks Committee members as Defendants at this juncture is of no moment.

## CONCLUSION

For the foregoing reasons, the *Howard* Plaintiffs respectfully request that the Court enter their [Proposed] Pretrial Order No. 1, appointing Aaron Howard and Shelden Greenberg as Interim Lead Plaintiffs, appointing SBTK and Keller Rohrback as Interim Co-Lead Counsel, pursuant to Fed. R. Civ. P. 23(g) and DS as Interim Liaison Counsel, and deny Plaintiff Lounsbury's Motion for Consolidation and Appointment of Lead Plaintiff and Interim Class Counsel.

Dated:   April 28, 2008.                                    Respectfully submitted,

**DEALY & SILBERSTEIN, LLP**

Milo Silberstein (MS 4637)
225 Broadway, Suite 1405
New York, NY 10007
Telephone: (212) 385-0066
Facsimile:  (212) 385-2117

*Proposed Interim Liaison Counsel for
the Class.*

**SCHIFFRIN BARROWAY
TOPAZ & KESSLER, LLP**
Joseph H. Meltzer
Edward W. Ciolko
Mark K. Gyandoh
James A. Maro
280 King of Prussia Road
Radnor, PA  19087
Telephone: (610) 667-7706
Facsimile:  (610) 667-7056

*Counsel for Aaron Howard and
Proposed Interim Co-Lead Counsel for
the Class.*

**KELLER ROHRBACK L.L.P**
Lynn L. Sarko
Derek W. Loeser
Erin M. Riley
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone:  (206) 623-1900
Facsimile:  (206) 623-3384

*Counsel for Shelden Greenberg and*
*Proposed Interim Co-Lead Counsel for*
*the Class.*