**EXHIBIT A**
**to**
**DECLARATION OF ERIN M. RILEY**


**(Class Action Settlement Agreement)**

| | |
|---|---|
| IN RE BEAR STEARNS COMPANIES ERISA LITIGATION | Master File No.: 08 MDL No. 1963 (RWS)<br><br>ECF Case |
| This Document Relates To:<br>ERISA Action, No. 08 Civ. 2804 (RWS) | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into by and between Shelden Greenberg and Aaron Howard ("Named Plaintiffs") for themselves and on behalf of the Settlement Class and the Plan, on the one hand, and The Bear Stearns Companies Inc., and the Individual Defendants (collectively, "Defendants") on the other. Capitalized terms used herein shall have the meanings set forth in Section 1 below or as specified elsewhere in this Settlement Agreement.

## RECITALS

WHEREAS, on March 17, 2008, Plaintiff Aaron Howard filed an initial complaint asserting claims for relief against certain of the Defendants under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and on April 3, 2008, Plaintiff Shelden Greenberg filed his initial complaint asserting claims for relief against certain of the Defendants under ERISA;

WHEREAS ten other ERISA complaints alleging claims similar to the Howard and Greenberg complaints were filed between March 18, 2008 and June 18, 2008;

WHEREAS, after hearing motions for leadership, the Court on December 29, 2008 consolidated the twelve ERISA cases then on file and appointed Keller Rohrback L.L.P. and Schiffrin Barroway Topaz & Kessler, LLP (now known as Kessler Topaz Meltzer & Check, LLP) as Interim Co-Lead Counsel and Shelden Greenberg and Aaron Howard, Named Plaintiffs, as Interim Co-Lead Plaintiffs;

WHEREAS, on April 20, 2009, Named Plaintiffs filed an Amended Consolidated Complaint, which was corrected on July 21, 2009;[1]

WHEREAS, on February 1, 2010, Defendants filed a Motion to Dismiss all claims against all Defendants named in the Amended Consolidated Complaint;

WHEREAS, after oral argument on that motion on April 28, 2010, the Court dismissed all claims against all Defendants in an Opinion dated January 19, 2011 and entered judgment on January 26, 2011;

---

[1] *See* Dkt. No. 88 in ERISA action 08 CV 2804 (RWS) (S.D.N.Y.).

WHEREAS, on February 23, 2011, Named Plaintiffs filed a Motion to Alter or Amend the Judgment and for Leave to Amend the Amended Consolidated Complaint;

WHEREAS, on February 24, 2011, Named Plaintiffs filed a Notice of Appeal of this Action to the United States Court of Appeals for the Second Circuit;

WHEREAS, on September 6, 2011, the Court granted Named Plaintiffs' Motion to Alter or Amend the Judgment and for Leave to Amend the Amended Consolidated Complaint;

WHEREAS, on September 26, 2011, pursuant to the Court's Order, Named Plaintiffs filed their Second Amended Consolidated Complaint for Violations of the Employee Retirement Income Security Act of 1974 ("Complaint"), which alleges that The Bear Stearns Companies Inc. and certain Individual Defendants breached their duties to prudently and loyally manage the Plan and Assets of the Plan in violation of ERISA section 404 (Count I), that The Bear Stearns Companies Inc., and all of the Individual Defendants breached their duty to avoid conflicts of interest (Count II), and that The Bear Stearns Companies Inc. and certain Individual Defendants failed to adequately monitor other fiduciaries in violation of ERISA sections 404 and 405 (Count III);

WHEREAS, on October 17, 2011, Named Plaintiffs and Defendants filed a Stipulation of Dismissal of the Appeal;

WHEREAS, the Parties negotiated a schedule for briefing Defendants' anticipated motion to dismiss, which has been held in abeyance by the Court for the purposes of negotiating a settlement of this matter;

WHEREAS, the Parties, through their counsel, have conducted extensive, arms' length negotiations concerning a possible compromise and settlement of the Action, including mediation in multiple sessions before the Honorable Daniel Weinstein during the two-year period from late 2009 to late 2011, as well as in numerous telephonic conferences;

WHEREAS, Named Plaintiffs believe that the claims asserted in the Complaint have merit, but despite the strengths of their case, after considering (i) the substantial benefits that Named Plaintiffs and members of the Settlement Class will receive from the Settlement; (ii) the risks, difficulties, and delays involved with complex litigation such as this, including prosecution through trials and appeals; (iii) the specific risks inherent in complex actions under ERISA, including problems of proof and the variety of defenses potentially available to Defendants; and (iv) the desirability of permitting the Settlement to be consummated as provided herein, Named Plaintiffs and their counsel have concluded that the terms of this Settlement are fair, reasonable, and adequate to Named Plaintiffs and the Settlement Class, and in their best interests, and have agreed to settle the Action on the terms set forth herein;

WHEREAS, Defendants deny the material allegations of the Complaint and deny any wrongdoing or liability whatsoever; believe that they acted at all times reasonably and prudently and in compliance with ERISA with respect to the Plan, its participants, beneficiaries, and other members of the Settlement Class; would assert complete defenses to the Complaint if this Settlement were not consummated; are not opposing the Court's certification of the Settlement Class contemplated by this Settlement Agreement solely for purposes of effectuating the

Settlement; and enter into the Settlement solely to avoid the cost, disruption, and uncertainty of litigation;

WHEREAS, the Insurer has agreed to provide certain funds for this Settlement under the Insurance Policy;

WHEREAS, the Parties desire to promptly and fully resolve and settle with finality all of the Released Claims against the Defendants asserted by Named Plaintiffs for themselves and on behalf of the Settlement Class and the Plan, on the terms set forth herein and subject to the approval of the Court;

NOW, THEREFORE, the Parties, in consideration of the promises, covenants and agreements herein described, and for other good and valuable consideration, acknowledged by each of them to be satisfactory and adequate, and without any admission or concession as to any matter of fact or law, and intending to be legally bound, do hereby agree as follows:

1. DEFINITIONS

As used in this Settlement Agreement, capitalized terms and phrases not otherwise defined have the meanings provided below:

1.1. "*Action*" shall mean the action captioned *In re Bear Stearns Companies, Inc. ERISA Litigation*, Case No. 08-cv-2804-RWS, pending in the United States District Court for the Southern District of New York, as part of Master MDL File No. 08-mdl-1963-RWS, and any and all cases now or hereafter consolidated therewith.

1.2. "*Affiliate*" shall mean any entity which owns or controls, is owned or controlled by, or is under common ownership or control with, a Person. For purposes of this definition, "control" shall mean the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of such Person, whether through the ownership of voting securities or otherwise.

1.3. "*Agreement Execution Date*" shall mean the date on which this Settlement Agreement is fully executed, as provided in Section 12.15 below.

1.4. "*Bear Stearns*" shall mean The Bear Stearns Companies Inc., a Delaware corporation, and each of its Affiliates, predecessors and Successors-In-Interest.

1.5. "*CAFA Notice*" means notice of this proposed Settlement to the appropriate federal and state officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

1.6. "*Case Contribution Award*" shall mean the amount of $10,000 to be requested by Co-Lead Class Counsel and payable to each of the Named Plaintiffs from the Settlement Fund.

1.7. "*Co-Lead Class Counsel*" shall mean the following law firms: Keller Rohrback L.L.P. and Kessler Topaz Meltzer & Check, LLP.

1.8.    "*Board*" shall mean the Board of Directors of Bear Stearns.

1.9.    "*Class Exemption*" shall mean Prohibited Transaction Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended June 15, 2010, 75 Fed. Reg. 33830.

1.10.    "*Class Notice*" shall mean the notice in a form and substance substantially similar to Exhibit A to the form of Preliminary Approval Order, attached hereto as Exhibit 1.

1.11.    "*Complaint*" shall mean the Second Amended Consolidated Complaint for Violations of the Employee Retirement Income Security Act, filed September 26, 2011, Dkt. 134, in the above-captioned proceeding.

1.12.    "*Court*" shall mean the United States District Court for the Southern District of New York.

1.13.    "*Defendants*" shall mean Bear Stearns and the Individual Defendants, collectively.

1.14.    "*Effective Date of Settlement*" shall mean the date on which the Final Order has become Final in accordance with Section 1.17.

1.15.    "*ERISA*" shall mean the Employee Retirement Income Security Act of 1974, as amended, including all regulations promulgated and case law thereunder.

1.16.    "*Fairness Hearing*" shall have the meaning set forth in Section 2.3.5.

1.17.    "*Final*" shall mean, with respect to any judicial ruling or order, that the period for any appeals, petitions, motions for reconsideration, rehearing or certiorari or any other proceedings for review ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that there has occurred a full and final disposition of any such Review Proceeding without a reversal or modification, including the exhaustion of proceedings in any remand and/or subsequent appeal after remand.  Notwithstanding any other provision hereof, the Final Order shall be deemed Final without regard to whether (i) the Court has entered an order regarding the Plan of Allocation or an award of legal fees and expenses; (ii) any order referred to in (i) above, if entered, has become Final; or (iii) any order referred to in (i) is reversed or modified on appeal.

1.18.    "*Final Order*" shall mean the order and judgment approving the Settlement in the form annexed as Exhibit 2 hereto and shall have the meaning set forth in Section 2.6.

1.19.    "*Final Approval Motion*" shall mean Named Plaintiffs' motion for final approval of the Settlement prior to the Fairness Hearing, along with Named Plaintiffs' Application for Attorneys' Fees and Expenses and for Compensation to Named Plaintiffs, as set forth in Sections 11.1 and 11.2.

1.20.    "*Financial Institution*" shall have the meaning set forth in Section 7.3.

1.21.    "*Immediate Family Members*" shall mean the parents, children, siblings and spouses of any of the Individual Defendants.

1.22.    "*Independent Fiduciary*" shall mean a fiduciary of the Plan selected and retained at Bear Stearns's expense that has no "relationship to" or "interest in" (as those terms are used in the Class Exemption) any of the Parties.

1.23.    "*Individual Defendants*" shall mean Henry S. Bienen, Kathleen Cavallo, James E. Cayne, Carl D. Glickman, Michael Goldstein, Alan C. Greenberg, Donald J. Harrington, Stephen Lacoff, Jeffrey Mayer, Samuel L. Molinaro, Jr., Frank T. Nickell, Paul A. Novelly, Frederic V. Salerno, Alan D. Schwartz, Warren J. Spector, Robert Steinberg, Vincent Tese, and Wesley S. Williams, Jr.

1.24.    "*Insurance Policy*" shall mean Employee Benefit Plan Fiduciary Liability Insurance Policy Number 673-89-56, providing fiduciary and employee benefits liability insurance to Defendants.

1.25.    "*Insurer*" shall mean Illinois National Insurance Company, issuing the Insurance Policy identified in Section 1.24.

1.26.    "*Internet Notice*" shall mean publication of the Settlement Agreement and the Class Notice on the following website: www.BearStearnsERISASettlement.com.

1.27.    "*Liaison Counsel*" shall mean Dealy & Silberstein, LLP.

1.28.    "*Named Plaintiffs*" shall mean Shelden Greenberg and Aaron Howard.

1.29.    "*Net Proceeds*" shall have the meaning set forth in Section 9.1.

1.30.    "*Parties*" shall mean Named Plaintiffs and Defendants, collectively.

1.31.    "*Person*" shall mean an individual, partnership, corporation, governmental entity or any other form of legal entity or organization.

1.32.    "*Plaintiffs' Counsel*" shall mean Co-Lead Class Counsel and Liaison Counsel.

1.33.    The "*Plan*" shall mean The Bear Stearns Companies Inc. Employee Stock Ownership Plan (As Amended and Restated Effective as of January 1, 2007) and the amendments thereto, including all predecessor and successor plans, individually and collectively, and any trust created under such Plan.

1.34.    "*Plan of Allocation*" shall mean the Plan of Allocation approved by the Court as described in Article 9.

1.35.    "*Preliminary Approval Order*" shall mean the order preliminarily approving the Settlement in the form annexed as Exhibit 1 hereto and shall have the meaning set forth in Section 2.3.1.

1.36. "*Preliminary Motion*" shall have the meaning set forth in Section 2.3.1.

1.37. "*Released Claims*" shall have the meaning set forth in Section 3.1.

1.38. "*Released Parties*" shall have the meaning set forth in Section 3.1.

1.39. "*Releasees*" shall mean the Released Parties, the Named Plaintiffs and the members of the Settlement Class.

1.40. "*Releases*" shall mean the releases set forth in Article 3.

1.41. "*Representatives*" shall mean attorneys, agents, directors, officers, and employees.

1.42. "*Settlement*" shall mean the settlement to be consummated under this Settlement Agreement pursuant to the Final Order.

1.43. "*Settlement Agreement*" means this Class Action Settlement Agreement, including all exhibits hereto.

1.44. "*Settlement Amount*" shall have the meaning set forth in Section 7.1.

1.45. "*Settlement Class*" shall mean (a) all Persons, who have been participants in The Bear Stearns Companies Inc. Employee Stock Ownership Plan, or the predecessors or successors thereto, at any time between August 1, 2007 and the Agreement Execution Date and whose accounts included investments in Bear Stearns stock, and (b) as to each Person within the scope of subsection (a) of this Section 1.45, his, her, or its beneficiaries, alternate payees, Representatives and Successors in Interest; provided, however, that, notwithstanding the foregoing, the Settlement Class shall not include any of the Defendants or Immediate Family members of Defendants, except for Immediate Family, beneficiaries, alternate payees, Representatives or Successors in Interest who themselves are members of the Settlement Class with respect to their own Plan accounts.

1.46. "*Settlement Fund*" shall have the meaning set forth in Section 7.3.2.

1.47. "*Successor-In-Interest*" shall mean: a Person's estate, legal representatives, heirs, successors or assigns, including successors or assigns that result from corporate mergers or other structural changes.

1.48. "*Summary Notice*" shall mean the notice in a form and substance substantially similar to Exhibit B to the form of Preliminary Approval Order attached hereto as Exhibit 1.

1.49. "*Unconditional*" shall have the meaning set forth in Article 2.

2. CONDITIONS TO THE EFFECTIVENESS OF THE SETTLEMENT

This Settlement shall be Unconditional when each of the following conditions in this Article has been satisfied or waived. The Parties will use their good faith best efforts to cause each of the conditions to occur within the times indicated.

2.1.    Condition #1: Class Certification for Purposes of Settlement.  The Court shall certify the Settlement Class and no other as a non-opt out class for settlement purposes pursuant to Rule 23(a)(1)-(4); 23(b)(1) and 23(e) of the Federal Rules of Civil Procedure, with Named Plaintiffs as the named Class Representatives and Co-Lead Class Counsel as counsel for the Named Plaintiffs and the Settlement Class.  The Parties agree to a certification of the Class solely for settlement purposes only on the terms set forth in this Settlement Agreement.  The Parties further agree that if the Settlement does not become Unconditional, then no Settlement Class will be deemed to have been certified by, or as a result of, this Settlement Agreement, and the Action and the claims asserted by the Named Plaintiffs and the Settlement Class will for all purposes with respect to the Parties revert to their status as of the day immediately before the Agreement Execution Date.  In such event, Defendants will not be deemed to have consented to the certification of any class, the agreements and stipulations in this Settlement Agreement concerning class definition, class period, or class certification shall not be used as evidence or argument to support class certification, class definition, any class period, or for any other purpose, and Defendants will retain all rights to oppose class certification, including certification of a class identical to that provided for in this Settlement Agreement.

2.2.    Condition #2:  Determination by the Independent Fiduciary.

2.2.1.   Defendants shall retain an Independent Fiduciary, at Bear Stearns's expense, for the purpose of reviewing the fairness of the Settlement Agreement to the Plan.

2.2.2.   Defendants and Plaintiffs' Counsel on behalf of the Named Plaintiffs will comply with reasonable requests for information made by the Independent Fiduciary for the purpose of reviewing this Settlement Agreement.

2.2.3.   At least twenty-one (21) days before the Fairness Hearing is held, the Plan, acting by and through the Independent Fiduciary engaged for the specific purpose of reviewing this Settlement Agreement, and the Independent Fiduciary, in its capacity as a fiduciary of the Plan, shall have agreed in writing, in consideration of the terms herein: to grant, effective upon the entry of the Final Order by the Court, releases of the Releasees, which such releases (i) shall release the same claims as the Releases set forth in Article 3 below, and (ii) shall be determined by the Independent Fiduciary to meet the requirements of the Class Exemption.  The Independent Fiduciary shall have no authority to renegotiate or seek to alter any of the terms of the Settlement as set forth in this Settlement Agreement.

2.2.4.   If the Independent Fiduciary fails to timely grant the releases prescribed in Section 2.2.3 above, the Settlement shall terminate and become null and void, and the provisions of Section 10.2 shall apply, unless the Parties agree to extend the deadline for the grant of such releases.

2.2.5.   If the Independent Fiduciary disapproves or otherwise does not authorize the Settlement, the Parties may, through their counsel, agree in writing prior to the Fairness Hearing to modify the Settlement to satisfy objections by the Independent

Fiduciary to the Settlement.  Otherwise, the Settlement Agreement shall terminate and become null and void.

2.3.    Condition #3:  Court Approval.  The Settlement shall have been approved by the Court in accordance with the following steps.

2.3.1.  *Motion for Preliminary Approval of Settlement and of Notices*.  Within twenty-one (21) days after the Agreement Execution Date, Named Plaintiffs will file a motion ("Preliminary Motion") with the Court for an order in the form annexed hereto as Exhibit 1, including the exhibits thereto (the "Preliminary Approval Order").  Named Plaintiffs shall give Defendants at least three (3) days to review the Preliminary Motion before filing.

2.3.2.  *Issuance of Class Notice*.   Subject to the requirements of the Preliminary Approval Order, Named Plaintiffs shall cause the Class Notice to be disseminated.  The Class Notice will be made as follows:  (a) by publishing the Summary Notice by publication in USA Today and by release on the *BusinessWire*; (b) by causing the Internet Notice to be published on www.BearStearnsERISASettlement.com; and (c) by mailing the Class Notice to each Settlement Class member via United States First Class Mail.  The Class Notice shall conform to the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Local Civil Rules of the Southern District of New York and any other applicable law.  Bear Stearns shall provide Co-Lead Class Counsel with the names and last known addresses of Settlement Class members in electronic spreadsheet format at least 21 days prior to the deadline for mailing notice.  Collecting the names/last known addresses from Plan records shall be done at the expense of Bear Stearns.  All other costs of the Class Notice, including without limitation reasonable costs of locating Settlement Class members from sources other than Plan records, shall be paid from the Settlement Fund.

2.3.3.  *Issuance of Notice under CAFA*.  Defendants shall prepare and provide the notices required of each of them by CAFA, including the notices to the United States Department of Justice and to the Attorneys General of all states in which members of the Settlement Class reside, as specified by 28 U.S.C. § 1715, within ten (10) business days of filing the Preliminary Motion.  All costs associated with providing CAFA notices shall be borne by Defendants.

2.3.4.  *Request by Court or Plaintiffs' Counsel for Information*.  If the Court deems it necessary for Defendants to supply information in their possession as part of the Court's review of the Settlement Agreement, Defendants agree to reasonably expedite provision of such information as directed by the Court.  If Plaintiffs' Counsel reasonably deem it necessary for Defendants to supply information in their possession in order to respond to any timely filed objection, Defendants agree to reasonably expedite provision of such information, which Plaintiffs' Counsel shall treat as confidential, to be used only for purposes of obtaining approval of the Settlement Agreement, and to be returned promptly to Defendants upon Final approval or disapproval of the Settlement Agreement.

2.3.5. *The Fairness Hearing*. The Court will conduct a hearing, to be scheduled no sooner than 90 days after the last date on which the appropriate Federal official and the appropriate State officials are served with the notice under CAFA as described in Section 2.3.3, at which it will consider whether the Settlement is fair, reasonable, and adequate ("Fairness Hearing"). On or after the Fairness Hearing, the Court will determine: (i) whether to enter judgment finally approving the Settlement and dismissing the Action (which judgment is referred to herein as the "Final Order") and (ii) what legal fees and expenses should be awarded to Co-Lead Class Counsel and what compensation should be awarded to Named Plaintiffs as contemplated by Sections 11.1 and 11.2 of this Settlement Agreement. The Parties agree to support entry of the Final Order as contemplated by clause (i) of this Section 2.3.5; however, Defendants agree not to take any position, and are not required to take any position, with respect to the matters described in clause (ii) of this Section 2.3.5 (provided that nothing contained herein shall prohibit the Independent Fiduciary from taking a position with respect to such matters), nor will any of the Defendants enter into any agreement that restricts the application or disposition of the Settlement Fund. The Parties covenant and agree that they will take all reasonable steps and reasonably cooperate with one another in obtaining the Final Order, and that they will not use an appeal or petition by either Party, if the Court does not approve the terms of the Settlement Agreement, as a basis for terminating the Settlement.

2.4. <u>Condition #4: Funding of Cash Amount</u>. Defendants and Insurer responsible for the Settlement Amount shall have caused deposits to be made to fully fund the Settlement Amount in the Settlement Fund Account as defined in Section 7.3 and in accordance with Sections 7.3.1 and 7.3.2.

2.5. <u>Condition #5: Resolution of Department of Labor Issues</u>. If any issue between the United States Department of Labor and any Defendant regarding the subject matter of the Released Claims has not been resolved on terms acceptable to the Defendants in their sole and absolute discretion, any Defendant shall have the right to terminate this Settlement Agreement as to that Defendant by written notice given pursuant to Section 12.11 at any time up to the fifteenth (15th) day before the Fairness Hearing. If any Defendant timely gives such notice, the Settlement Agreement shall become null and void as to that Defendant only on the tenth (10th) day after delivery of such notice unless, prior to the Fairness Hearing, the Defendant that delivered such notice waives this provision by written notice given pursuant to Section 12.11. If the Settlement Agreement is terminated pursuant to this Section 2.5, and if the Court determines that supplemental notice should be given to members of the Settlement Class, Named Plaintiffs, Plaintiffs' Counsel, and the Plan shall not be responsible for payment of the cost of such supplemental notice, which shall be paid from the Settlement Fund.

2.6. <u>Condition #6: Finality of Final Order</u>. The Final Order is the order or judgment entered by the Court approving the Settlement Agreement, attached hereto as Exhibit 2, which has become Final in accordance with Section 1.17 above.

2.7.    Condition #7:  Dismissal of Claims.  Upon the entry of the Final Order, the Action and all claims asserted therein shall be dismissed with prejudice as against Defendants.

3.    RELEASES

3.1.    Released Claims.  Effective upon the entry of the Final Order and except as set forth in Section 3.5 below, Named Plaintiffs, on behalf of themselves and as Class Representatives, the Plan (subject to review by the Independent Fiduciary as described herein), and the Settlement Class shall be deemed to have, and by operation of the Final Order shall have fully, finally, and forever released, relinquished, and discharged all Defendants, the Defendants' Affiliates, and any person or entity that at any time served as a named or functional fiduciary or a trustee of the Plan, as well as any representative of any Defendant, Affiliate of a Defendant, or any such person or entity, including, but not limited to, their attorneys, agents, directors, officers, and employees, and the Insurer (the "Released Parties") from, and shall forever be enjoined from prosecution of all of the Released Parties for, any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, and costs through the date of execution of the Settlement Agreement, whether arising under local, state, or federal law, whether by statute, contract, common law, equity, or otherwise, whether brought in an individual, representative, or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that have been, could have been, or could be brought (a) by Named Plaintiffs; (b) by or on behalf of the Plan; and/or (c) by or on behalf of each and every member of the Settlement Class, that arise out of the acts, omissions, facts, matters, transactions, or occurrences that have been alleged in the Action based on: (1) breach of fiduciary duties to the Plan, to Named Plaintiffs, to the Settlement Class, and to the other participants and beneficiaries of the Plan in connection with offering or maintaining Bear Stearns stock in the Plan; (2) failure to provide complete and accurate information to the Plan's fiduciaries or the Plan's participants and beneficiaries regarding the condition of Bear Stearns; (3) failure to appoint, remove and/or adequately monitor the Plan's fiduciaries with responsibility for offering and retaining Bear Stearns stock as an investment option; (4) conflicts of interest related to offering or maintaining as an investment option Bear Stearns stock; (5) claims that would be barred by principles of res judicata had the claims asserted in the Action been fully litigated and resulted in a final judgment or order; and (6) claims that pertain to the Plan of Allocation, except claims related to the failure of Defendants or the Plan trustee/recordkeeper to take reasonable steps to provide accurate data utilized in the calculations performed pursuant to the Plan of Allocation or to properly allocate the Net Proceeds to the Plan accounts of the Settlement Class (collectively, "Released Claims").

3.2.    Releases of Named Plaintiffs, Plaintiffs' Counsel, the Plan and the Settlement Class.  Except as set forth in Section 3.5 below, Defendants shall be deemed to have, and by operation of the Final Order shall have, fully, finally, and forever released, relinquished, and discharged from, and shall forever be enjoined from prosecution of Named Plaintiffs, Plaintiffs' Counsel, the Plan, the Settlement Class, and/or any other Defendant for, any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, or costs, whether arising under local, state, or

federal law, whether by statute, contract, common law, or equity, whether brought in an individual, representative, or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that have been, could have been, or could be brought by the Defendants and arise out of or are related in any way to the acts, omissions, facts, matters, transactions, or occurrences that have been alleged or referred to in the Action, or the method and manner of the distribution of the Settlement Fund, except claims against Plaintiffs' Counsel for contribution or indemnity arising from matters for which Co-Lead Class Counsel have or share responsibility under this Agreement in the event that Defendants or the Plan trustee/recordkeeper are found liable in connection with the Plan of Allocation (collectively "Defendants' Released Claims").

3.3.    Reciprocal Releases Among Defendants.  Each Defendant absolutely and unconditionally releases and forever discharges each and every other Person who is a Defendant from any and all claims relating to the Released Claims, including any and all claims for contribution or indemnification for such claims other than as required by this Settlement Agreement.  The foregoing notwithstanding, nothing in this Settlement Agreement shall be construed as a release or waiver (i) by any Defendant of any claim, right, or defense against another Defendant that is unrelated to the Action or defense of the Action or (ii) by any Individual Defendant of his or her rights or claims for advancement or indemnification from Bear Stearns under any applicable contract, provision of law, certificate of incorporation, or bylaws.

3.4.    Scope of Releases.

3.4.1.   The releases set forth in Sections 3.1, 3.2, and 3.3 (the "Releases") are not intended to include the release of any rights or duties arising out of this Settlement Agreement, including the express warranties and covenants in this Settlement Agreement.

3.4.2.   As limited by Sections 3.1, 3.2, and 3.3, the Parties intend and agree that the Releases granted in this Article 3 shall be effective as a bar to any and all currently unsuspected, unknown, or partially known claims within the scope of their express terms and provisions.  Accordingly, Named Plaintiffs hereby expressly waive, on their own behalf and on behalf of all members of the Settlement Class and on behalf of the Plan, and Defendants hereby expressly waive, any and all rights and benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common laws of any other State, Territory, or other jurisdiction.  Section 1542 reads in pertinent part:

"A general release does not extend to claims that the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Named Plaintiffs, on their own behalf and on behalf of all members of the Settlement Class and on behalf of the Plan, and Defendants each hereby acknowledge that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other State, Territory, or other

jurisdiction was separately bargained for and that neither Named Plaintiffs, on the one hand, nor Defendants, on the other, would enter into this Settlement Agreement unless it included a broad release of unknown claims. Named Plaintiffs, on their own behalf and on behalf of all members of the Settlement Class and on behalf of the Plan, and Defendants each expressly agree that all release provisions in this Settlement Agreement shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, and future claims, demands, and causes of action. Named Plaintiffs assume for themselves, and on behalf of the Settlement Class and on behalf of the Plan, and Defendants assume for themselves, the risk of his, her or its respective subsequent discovery or understanding of any matter, fact, or law, that if now known or understood, would in any respect have affected his, her, or its entering into this Settlement Agreement.

3.5.    Claims Not Released.  This Settlement Agreement does not in any way bar, limit, waive, or release any right by members of the Settlement Class to recover any moneys resulting from a judgment in or settlement of the securities and derivative actions that are part of the above captioned MDL, including but not limited to all actions that have been or will be consolidated with and/or deemed related to the lead securities case, *In re The Bear Stearns Cos., Inc. Securities Litigation*, No. 08 Civ. 2793 (RWS); and the lead derivative case, *Cohen v. The Bear Stearns Cos., Inc., et al.*, No. 07 Civ. 10453 (RWS).

4.    COVENANTS

The Parties covenant and agree as follows:

4.1.    Covenants Not to Sue.

4.1.1.    Named Plaintiffs covenant and agree on their own behalf, and on behalf of the Settlement Class and on behalf of the Plan: (i) not to commence or assert against any Released Party any action or claim based on or arising from any Released Claim under Article 3; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such claims against any of the respective Released Parties under Article 3.

4.1.2.    Defendants covenant and agree (i) not to assert against Named Plaintiffs or Plaintiffs' Counsel any claim released under Article 3, (ii) not to assert against any other Defendant any claim released under Article 3; and (iii) that the foregoing covenants and agreements shall be a complete defense to any such claims against any of the respective Plaintiffs or Defendants.

4.2.    Taxation of Settlement Fund.  Named Plaintiffs acknowledge on their own behalf, and on behalf of the Settlement Class and on behalf of the Plan, that the Released Parties and Insurer have no responsibility for any taxes due on funds once deposited in the Settlement Fund Account or that Named Plaintiffs or Plaintiffs' Counsel receive from the Settlement Fund, should any be awarded pursuant to Article 11 hereof.   Nothing

herein shall constitute an admission or representation that any taxes will or will not be due on the Settlement Fund.

4.3.    Cooperation.  The Parties shall reasonably cooperate with each other to effectuate this Settlement and to implement the Class Notice program and the Plan of Allocation.

5.    REPRESENTATIONS AND WARRANTIES

5.1.    Named Plaintiffs' Representations and Warranties.

5.1.1.    Named Plaintiffs represent and warrant that they have not assigned or otherwise transferred any interest in any Released Claims against any Released Party, and further covenant that they will not assign or otherwise transfer any interest in any Released Claims.

5.1.2.    Pursuant to Articles 3 and 4, Named Plaintiffs represent and warrant that they shall have no surviving claim or cause of action against any of the Released Parties with respect to the Released Claims.

5.2.    Parties' Representations and Warranties.  The Parties, and each of them, represent and warrant:

5.2.1.    That they are voluntarily entering into this Settlement Agreement as a result of arm's length negotiations among their counsel, with the assistance and recommendation of the mediator, Judge Daniel Weinstein; that in executing this Settlement Agreement they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing this Settlement Agreement by any representations, statements or omissions pertaining to any of the foregoing matters by any party or by any Person representing any party to this Settlement Agreement. Each of the Parties assumes the risk of mistake as to facts or law; and

5.2.2.    That they have carefully read the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each Person executing this Settlement Agreement on behalf of each of the Parties.  The Parties, and each of them, further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to the Settlement, this Settlement Agreement and all of the matters pertaining thereto, as he, she, or it deems necessary.

5.3.    Counsel Signatories:  Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Settlement Agreement on behalf of his or her respective clients, subject to Court approval.  It is agreed that because the Settlement Class is so numerous, it is impossible or impractical to have each member of the Settlement Class execute this Settlement.  The Class Notice will provide the Settlement Class with a summary of this Settlement and will advise the

Settlement Class of the binding nature of the Releases. The Class Notice will have the same force and effect as if this Settlement were executed by each member of the Settlement Class.

6.      NO ADMISSION OF LIABILITY

6.1.    The Parties understand and agree that this Settlement Agreement embodies a compromise settlement of disputed claims, and that nothing in this Settlement Agreement, including the furnishing of consideration for this Settlement Agreement, shall be deemed to constitute any finding of fiduciary status under ERISA or wrongdoing by any of the Defendants, or give rise to any inference of fiduciary status under ERISA or wrongdoing or admission of wrongdoing or liability in this or any other proceeding. This Settlement Agreement and the payments made hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal or factual. Defendants expressly deny any liability or wrongdoing with respect to the matters alleged in the Complaint. Neither the fact nor the terms of this Settlement Agreement shall be offered or received in evidence in any action or proceeding for any purpose, except (i) in an action or proceeding arising under this Settlement Agreement or arising out of or relating to the Preliminary Approval Order or the Final Order, or (ii) in an action or proceeding where the Releases provided pursuant to this Settlement Agreement may serve as a bar to recovery.

7.      THE SETTLEMENT AMOUNT AND SETTLEMENT FUND ACCOUNT

7.1.    The Settlement Amount. In consideration of, and expressly in exchange for, all of the promises and agreements set forth in this Settlement Agreement, the Settlement Amount shall consist of the following amount contributed by Defendants and/or Insurer: the sum of Ten Million Dollars ($10,000,000) (the "Settlement Amount"). The Settlement Amount will be made available for settlement purposes pursuant to Sections 7.3.1 and 7.3.2.

7.2.    Sole Monetary Contribution. The Settlement Amount shall constitute a non-recourse settlement amount, and it shall be the full and sole monetary contribution made by or on behalf of Defendants in connection with the Settlement effected between Named Plaintiffs and Defendants under this Settlement Agreement. Notwithstanding Sections 7.1 and 2.4, in no circumstance shall anyone other than Bear Stearns and Insurer have any personal obligation to fund any or all of the Settlement Amount. The Settlement Amount specifically covers any claims for costs and attorneys' fees by Named Plaintiffs, on their behalf or on behalf of the Settlement Class, any costs or expenses of the Class Notice, and any compensation to Named Plaintiffs. Except as otherwise specified in this Settlement Agreement, the Parties shall bear their own costs and expenses (including attorneys' fees) in connection with effectuating the Settlement and securing all necessary court orders and approvals with respect thereto.

7.3.    Settlement Fund Account: Before entry of the Preliminary Approval Order, Co-Lead Class Counsel shall establish at a financial institution ("Financial Institution"), a settlement fund account ("Settlement Fund Account") which is considered a common

fund created as a result of the Action. The account name of the Settlement Fund Account shall not include the words Bear Stearns or JPMorgan Chase. Co-Lead Class Counsel shall promptly provide to Insurer and Defendants written notification of the date of establishment of the Settlement Fund Account, Financial Institution name, address, ABA number, account number, taxpayer identification number, and any additional information needed to deposit the Settlement Amount into the Settlement Fund Account. Co-Lead Class Counsel shall direct the Financial Institution to make distributions by wire transfer or check from the Settlement Fund only in strict accordance with the Settlement Agreement and Court Orders. No other disbursements may be authorized by Co-Lead Class Counsel.

7.3.1.  The Settlement Fund Account shall be funded as follows. No later than fifteen (15) days after entry of the Preliminary Approval Order the Defendants and Insurer shall cause $100,000 ("Class Notice Amount") of the Settlement Amount to be deposited into the Settlement Fund Account to enable Named Plaintiffs to pay the costs of the Class Notice and Summary Notice. No later than thirty (30) days after entry of the Preliminary Approval Order, Defendants and Insurer shall deposit the remaining $9,900,000 of the Settlement Amount into the Settlement Fund Account. Funding shall be made by wire transfer. Co-Lead Class Counsel shall provide to counsel for Bear Stearns any information in writing needed to fund the Settlement Fund Account no later than eight (8) days prior to the first funding deadline. If any wire transfer fails to occur on the date it is due, the unpaid amount will incur interest at the daily interest rate of the Settlement Fund.

7.3.2.  Should any transfer into the Settlement Fund Account fail to occur in accordance with the terms of Section 7.3.1, Named Plaintiffs shall have the right either to compel transfer by filing a motion with the Court in this Action or to terminate the Settlement. Termination shall render the Settlement null and void, with the Parties and the Plan reserving all rights and returning to their respective positions on the day immediately before the Agreement Execution Date, including with respect to class certification. If the Independent Fiduciary fails to take the actions set forth in Section 2.2, if the Court fails to finally approve the Settlement, or if the Settlement terminates or fails for any reason, all of the money held in the Settlement Fund Account, together with interest earned thereon ("Settlement Fund"), shall be returned promptly to Defendants and the Insurer in proportion to their contributions, and the Parties will return to their respective positions on the day immediately before the Agreement Execution Date. The only deductions from the amounts returned to Defendants and Insurer from the Settlement Fund Account shall be any costs incurred in connection with the administration of the Settlement Fund, including but not limited to taxes, accounting, or fees associated with establishing and maintaining the Settlement Fund Account, with such deductions allocated to Defendants and Insurer on a basis consistent with their obligations to make contributions to the Settlement Amount. Under no circumstances shall the Insurer or Defendants be responsible for any payments, costs or fees whatsoever under this paragraph or the Settlement beyond their respective obligations to cause the Settlement Amount to be deposited in the Settlement Fund Account as specified in Sections 7.3.1 and 2.4 above.

7.3.3.   The Settlement Fund shall be structured and managed to qualify as a qualified settlement fund ("Qualified Settlement Fund") under Section 468B of the Internal Revenue Code and provide reports to Co-Lead Class Counsel for tax purposes.  It is intended that the Settlement Fund be structured and administered to preserve, to the maximum degree possible, the tax benefits associated with ERISA-qualified plans.  The Parties shall not take a position in any filing or before any tax authority inconsistent with such treatment.  All taxes on the income of the Qualified Settlement Fund and tax-related expenses incurred in connection with the taxation of the Qualified Settlement Fund shall be the responsibility of Plaintiffs and shall be paid out of the Qualified Settlement Fund.  Co-Lead Class Counsel together shall have signature authority over the Settlement Fund Account, and shall direct the Financial Institution to pay from the Settlement Fund the reasonable cost of administering the Settlement Fund without further order of the Court, which expenses shall include (i) expenses associated with the preparation and filing of all tax reports and tax returns required to be filed by the Settlement Fund; (ii) payment of any taxes owed by the Settlement Fund; (iii) expenses associated with the preparation and issuance of any required Forms 1099 associated with payments from the Settlement Fund; (iv) fees charged and expenses incurred by the Financial Institution associated with administration of the Settlement Fund; and (v) expenses incurred by Plaintiffs' Counsel in preparing notice and any supplemental notice to the Settlement Class.  Co-Lead Class Counsel together may instruct the Financial Institution to reserve any portion of the Settlement Fund for the purpose of satisfying future or contingent expenses or obligations, including expenses of Settlement Fund administration or any disbursement provided under the terms of this Settlement Agreement.  Defendants take no position, directly or indirectly, with respect to such matters.  The Parties acknowledge and agree that Defendants shall have no authority, control, or liability in connection with the design, management, administration, investment, maintenance, or control of the Settlement Fund, or for any expenses the Settlement Fund may incur or for any taxes that may be payable by the Settlement Fund or for any distributee therefrom.

8.    PAYMENTS FROM THE SETTLEMENT FUND

8.1.    Expenses of Class Notice.  Upon entry of the Preliminary Approval Order and after funding of the Class Notice Amount as set forth in Section 7.3.1, Co-Lead Class Counsel may jointly direct the Financial Institution in writing, with notice to Bear Stearns but without further order of the Court, to disburse from the Settlement Fund an amount for the payment of reasonable costs of the Class Notice and Summary Notice.  If the Settlement Agreement is terminated for any reason or if any condition stated in Article 2 above is not satisfied or waived, no Person shall have an obligation to reimburse to the Settlement Fund the costs of the Class Notice, or other costs of or expenses of the Settlement Fund charged to the Settlement Fund in accordance with this paragraph.

8.2.    Disbursements from the Settlement Fund.  Except as provided in Section 8.1 or in Section 11.3, no distribution of any part or all of the Settlement Fund shall be paid from the Settlement Fund until the Financial Institution has received (a) a joint notice signed by each of Co-Lead Class Counsel that the Settlement is Final or (b) a Court order

directing that the Settlement Fund be disbursed and designating the appropriate recipient. When the earlier of the conditions stated in (a) or (b) has been satisfied, Co-Lead Class Counsel shall jointly direct the Financial Institution in writing, with notice to Bear Stearns, to disburse money from the Settlement Fund to the Plan for purposes of the Plan of Allocation.

9. PLAN OF ALLOCATION

9.1. The Plan of Allocation shall be prepared by Co-Lead Class Counsel and submitted to the Court for approval in connection with final approval of the Settlement. The Plan of Allocation shall provide for distribution of the Settlement Fund net of the disbursements called for in Sections 7.3.3, 8.1, 9.2, 9.5 and Article 11 (the "Net Proceeds") to members of the Settlement Class.

9.2. Defendants shall have no responsibility for structuring the content of the Plan of Allocation, but will have the right to review it for feasibility and cost of implementation before submission to the Court. Defendants, their counsel, and the trustee shall not be reimbursed from the Net Proceeds for work they do to facilitate implementation of the Plan of Allocation, provided, however, that the Plan and the Plan's recordkeeper shall be reimbursed from the Net Proceeds for actual and reasonable expenses incurred in implementation of the Plan of Allocation (which Defendants anticipate to be not more than $25,000), in an amount not to exceed $50,000 without prior written notice to and consent of Co-Lead Counsel, and in an amount not to ultimately exceed $75,000. Nothing herein shall constitute approval or disapproval of the Plan of Allocation by Defendants, and Defendants shall take no position for or against the Plan of Allocation.

9.3. The Plan of Allocation is a matter separate and apart from the Settlement, and no decision by the Court or any appellate court concerning the Plan of Allocation shall affect the validity of the Settlement Agreement or the finality of the Settlement.

9.4. Co-Lead Class Counsel shall designate and retain a qualified third-party vendor (the "Claims Administrator") to calculate the amounts payable to the members of the Settlement Class pursuant to the Plan of Allocation. The necessary data to perform calculations pursuant to the Plan of Allocation shall be provided by Bear Stearns or the Plan trustee/recordkeeper. The Plan trustee/recordkeeper shall confirm the accuracy of the data provided. The Claims Administrator will provide the final results of its calculations to the Plan.

9.5. The actual and reasonable expenses incurred by (i) the Claims Administrator in connection with its performance of its calculations pursuant to the Plan of Allocation and (ii) the Plan and the Plan's recordkeeper for work they do to facilitate implementation of the Plan of Allocation shall be considered a cost of administration of the Settlement and shall be paid out of the Net Proceeds.

9.6. The Claims Administrator shall be exclusively responsible and liable for calculating the amounts payable to the members of the Settlement Class pursuant to the Plan of Allocation, except to the extent any liability or claims relating to the calculation of

amounts payable arise from inaccurate or incomplete data as provided by Bear Stearns or the Plan trustee/recordkeeper pursuant to section 9.4 supra. The Parties and their counsel shall have no responsibility or liability for the Claims Administrator's calculations, the distribution of the Net Proceeds based on the calculations, or for the expenses incurred by the Claims Administrator in connection with its performance of such calculations, except the Plan or the Plan's recordkeeper shall be responsible for taking reasonable steps to distribute the Net Proceeds pursuant to the Plan of Allocation.

9.7.    Co-Lead Class Counsel shall direct the Financial Institution to disburse the Net Proceeds to the Plan. Defendants shall direct the Plan to distribute the Net Proceeds received by the Plan to members of the Settlement Class pursuant to the Plan of Allocation.

9.8.    The Plan or, at the Plan's discretion, the Plan's recordkeeper, shall then be exclusively responsible for distributing the Net Proceeds to the members of the Settlement Class in accordance with the Plan of Allocation based on the calculations of the Claims Administrator. Plaintiffs' Counsel shall have no responsibility or liability for the distribution of the Net Proceeds to the members of the Settlement Class. Further, the Plan or the Plan's recordkeeper shall be responsible for taking reasonable steps to (1) provide accurate data that is utilized in performing the calculations under the Plan of Allocation and (2) properly allocate the Net Proceeds to the Plan accounts of the Settlement Class members.

9.9.    Once the Claims Administrator has performed its responsibilities, any questions regarding implementation of the Plan of Allocation shall be directed to the Plan and not to Plaintiffs' Counsel.

9.10.   In the event that the Claims Administrator or the Plan determines that it is necessary to modify the Plan of Allocation, Co-Lead Class Counsel and Defendants shall jointly determine whether the modification is reasonable and appropriate under the circumstances. The Parties will jointly petition the Court for approval of any such material modification.

9.11.   Other than as specifically provided in this Section 9, Defendants and Plan fiduciaries shall maintain full authority to terminate, modify, and amend the Plan and shall maintain full control over the administration of the Plan, including selection of investment options, record keepers, and matters of Plan administration.

10.    TERMINATION OF THE SETTLEMENT AGREEMENT

10.1.   Termination. Automatic termination of this Settlement Agreement, thereby making the Settlement Agreement null and void, will occur under the following circumstances:

10.1.1. If the Court declines to approve the Settlement and if such order declining approval has become Final, then this Settlement Agreement shall automatically terminate, and thereupon become null and void, on the date that any such order becomes Final.

10.1.2. If the Court issues an order modifying the Settlement Agreement, and if, within thirty-one (31) days after the date of any such ruling, or, within thirty-one (31) days after the date of the Court's order following a motion for reconsideration of any such ruling, whichever is later, the Parties have not agreed in writing to proceed with all or part of the Settlement Agreement as modified by the Court or the Parties, then provided that no appeal is then pending from either such ruling, this Settlement Agreement shall automatically terminate, and thereupon become null and void, on the thirty-first (31st) day after issuance of the order referenced in this Section 10.1.2.

10.1.3. If the Second Circuit reverses the Court's order approving the Settlement, and if within thirty-one (31) days after the date of any such ruling the Parties have not agreed in writing to proceed with all or part of the Settlement Agreement as modified by the Court or by the Parties then, provided that no appeal is then pending from such ruling this Settlement Agreement shall automatically terminate, and thereupon become null and void, on the thirty-first (31st) day after issuance of the order referenced in this Section 10.1.3.

10.1.4. If the Supreme Court of the United States reverses a Second Circuit order approving the Settlement, and if within thirty-one (31) days after the date of any such ruling the Parties have not agreed in writing to proceed with all or part of the Settlement Agreement as modified by the Court or by the Parties then this Settlement Agreement shall automatically terminate, and thereupon become null and void, on the thirty-first (31st) day after issuance of the order referenced in this Section 10.1.4.

10.1.5. If any or all of the conditions of Article 2 of this Settlement Agreement are not fully satisfied or waived in accordance with their terms and on the timetables set forth in that Article, then this Settlement Agreement shall terminate, and thereupon become null and void.

10.2. <u>Consequences of Termination of the Settlement Agreement</u>. If the Settlement Agreement is terminated and rendered null and void for any reason specified in Section 10.1, the following shall occur:

10.2.1. Co-Lead Class Counsel shall within ten (10) days after the date of termination of the Settlement Agreement notify the Financial Institution in writing to return to Defendants and Insurer the amounts contributed by each of them to the Settlement Fund, with all net income earned thereon, minus the expenses charged by the Financial Institution, and any expense of the Settlement Fund disbursed or owed pursuant to Articles 7 or 8, directing the Financial Institution to effect such return within ten (10) days. Deductions for amounts disbursed or owed as provided in this Section 10.2.1 shall be made in proportion to the respective contributions to the Settlement Amount made by Bear Stearns and the Insurer.

10.2.2. The Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the Agreement Execution Date, including a lifting of any stay of the Action.

10.2.3. All provisions of this Settlement Agreement shall be null and void except as otherwise provided herein. Neither the fact nor the terms of this Settlement Agreement shall be offered or received in evidence in any action or proceeding for any purpose, except as provided by Section 6.1.

11. ATTORNEYS' FEES AND EXPENSES

11.1. <u>Application for Attorneys' Fees and Expenses</u>. Pursuant to the common fund doctrine, Co-Lead Class Counsel, on behalf of Plaintiffs' Counsel, shall petition the Court no later than thirty (30) days prior to the Fairness Hearing for an award of attorneys' fees, in an amount not to exceed 30% of the Settlement Fund, and for reimbursement of costs and expenses, to be paid from the Settlement Fund. Defendants will not take any position on Co-Lead Class Counsel's application for fees, costs, or reimbursement of expenses. Defendants do not agree or concede that the amount of attorneys' fees, costs and expenses that may be sought by Co-Lead Class Counsel is appropriate or reasonable, and nothing in this Settlement Agreement shall be construed otherwise. The Parties acknowledge and agree that Defendants shall have no authority, control, or liability in connection with Plaintiffs' Counsel's attorneys' fees, costs, and expenses. After entry of the Final Order and (if separate) the entry of an order approving the attorneys' fees and expenses, and upon wire transfer of the remaining Settlement Amount into the Settlement Fund according to Section 7.3.1, Co-Lead Class Counsel may jointly direct payment of any court-approved award of fees and expenses from the Settlement Fund, with written notice to Bear Stearns. Plaintiffs' Counsel shall be entitled to receive attorneys' fees and expenses from the Settlement Fund to the extent awarded by the Court, and payable as set forth in Section 11.3 herein.

11.2. <u>Application for Compensation to Named Plaintiffs</u>: Co-Lead Class Counsel may apply to the Court for a Case Contribution Award to Named Plaintiffs in an amount not to exceed $10,000 to each of the two Named Plaintiffs, payable solely from the Settlement Fund, and the Named Plaintiffs shall be entitled to receive such compensation from the Settlement Fund to the extent awarded by the Court, and payable as set forth in Section 11.3 herein. Defendants will not take any position on the amount to be requested as a Case Contribution Award to Named Plaintiffs.

11.3. <u>Disbursement of Attorneys' Fees and Expenses and Named Plaintiffs' Case Contribution Award</u>. Upon (i) entry of an order or orders by the Court awarding payment of attorneys' fees and expenses and payment of Named Plaintiffs' Case Contribution Award from the Settlement Fund and (ii) wire transfer of the remaining Settlement Amount into the Settlement Fund according to Section 7.3.1, Co-Lead Class Counsel may jointly instruct the Financial Institution in writing to either disburse the award of attorneys' fees and expenses to Co-Lead Class Counsel and to disburse payment of the Named Plaintiffs' Case Contribution Award from the Settlement Fund or to only disburse the award of attorneys' fees and expenses, which the Financial

Institution shall implement within one (1) business day of receipt of such instruction. In the event that before the Effective Date of Settlement, the Settlement is set aside or the award of attorneys' fees and expenses is set aside or modified, Co-Lead Class Counsel shall promptly deposit into the Settlement Fund the award of attorneys' fees and expenses paid out which has been set aside or modified, plus interest accrued thereon for the period from payment from the Settlement Fund to Co-Lead Class Counsel at a rate equal to the rate of interest earned by the Settlement Fund during the same period. If at the time of any disbursement from the Settlement Fund pursuant to Article 8 there is a pending application for attorneys' fees or expenses or Named Plaintiffs' Case Contribution Award, there shall be reserved in the Settlement Fund an amount equal to the amount of the pending application, until such time as the Court rules upon such application and such ruling shall become Final.

12. MISCELLANEOUS PROVISIONS.

12.1. <u>Governing Law</u>. This Settlement Agreement shall be governed by the laws of the State of New York without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

12.2. <u>Return of Materials</u>. Except for attorney notes, pleadings, non-confidential transcripts, and other court submissions and exhibits thereto, each Party that received material designated as Confidential, including confidential material contained in formal and informal discovery, and information provided for purposes of settlement, and all other confidential material, from another Party in the course of litigating this Action shall, within one hundred and twenty (120) days after the Effective Date of Settlement, at the producing Party's option either (i) return all such materials in its custody or control, including in the possession of consultants of the receiving Party, to the producing Party or (ii) certify that all such materials in its custody or control, including in the possession of consultants of the receiving Party, have been destroyed; provided that if a producing Party requests the physical return of its materials, that Party shall reimburse the receiving Party for its reasonable costs of assembling and shipping such materials.

12.3. <u>Confidentiality</u>. The negotiation and terms of this Settlement shall remain strictly confidential and shall not be revealed to anyone other than the Parties, their accountants and financial advisors, counsel of record, the Independent Fiduciary, their retained consultants, and Judge Daniel Weinstein. Notwithstanding the provisions of this Section 12.3, the following is permitted:

12.3.1. Bear Stearns may disclose the terms of the Settlement in filings that it is required to make, including filings with the Securities and Exchange Commission, such as 10-Q and 10-K filings.

12.3.2. Named Plaintiffs' Counsel may disclose the terms of the Settlement in filings made as part of the Preliminary Motion and, following filing of that motion, may announce the terms of the Settlement on their respective firm websites, along with

posting of the Settlement Agreement, documents filed in connection with Preliminary and Final Approval papers, and the operative Complaint. Further, nothing under this section 12.3 shall prohibit Named Plaintiffs' Counsel from communicating with Settlement Class members concerning the Settlement as well as establishing a Settlement website. Moreover, in the prosecution of other actions and on its website and firm publications, Plaintiffs' Counsel shall be entitled to refer to and summarize the material terms of this Settlement Agreement as evidence of their experience and qualifications.

12.3.3. The Parties may disclose the terms of the Settlement and the Settlement Agreement (a) in an action or proceeding arising under the Settlement Agreement or arising out of or relating to the Preliminary Approval Order or the Final Order; (b) in any action or proceedings where the Releases may serve as a bar to recovery; (c) for purposes of determining a remedy in *In re The Bear Stearns Cos., Inc. Securities Litigation,* No. 08 Civ. 2793 (RWS); or *Cohen v. The Bear Stearns Cos., Inc., et al*., No. 07 Civ. 10453 (RWS), (d) in any action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the settlement and defense of this Action; (e) following filing of the Preliminary Motion, to respond to inquiries from members of the Settlement Class, including as set forth in Section 12.3.2, and (f) in response to a court order, validly-served subpoena or valid discovery request made in the course of ongoing litigation or arbitration.

12.4. <u>Severability</u>. The provisions of this Settlement Agreement are not severable.

12.5. <u>Amendment</u>. Before entry of the Final Order, the Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Parties. Following entry of the Final Order, the Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Parties, and approved by the Court.

12.6. <u>Waiver</u>. The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party. The waiver by any party of any breach of this Settlement Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

12.7. <u>Construction</u>. None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

12.8. <u>Principles of Interpretation</u>. The following principles of interpretation apply to this Settlement Agreement.

12.8.1. *Singular and Plural*. Definitions apply to the singular and plural forms of each term defined.

12.8.2.  *Gender*.  Definitions apply to the masculine, feminine, and neuter genders of each term defined.

12.8.3.  *References to a Person*.  References to a Person are also to the Person's permitted successors and assigns.

12.9.  <u>Further Assurances</u>.  Each of the Parties agrees, without further consideration and as part of finalizing the Settlement hereunder, that they will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter and purpose of this Settlement Agreement.

12.10.  <u>Survival</u>.  All representations, warranties and covenants set forth in this Settlement Agreement shall be deemed continuing and shall survive the Effective Date of Settlement but shall not survive the termination or expiration of this Settlement Agreement.

12.11.  <u>Notices</u>.  Any notice, demand or other communication under this Settlement Agreement (other than the Class Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail (postage prepaid), sent by confirmed facsimile, or delivered by reputable express overnight courier.  However if the Notice in this paragraph is an objection by a Class member, in order not to cause any perceived burden on the Class member, the Class member shall only have to serve the objection on the Court, both Co-Lead Class Counsel, and defense counsel for Bear Stearns, who shall send the objection to the other defense counsel:

IF TO NAMED PLAINTIFFS:

Lynn Lincoln Sarko
Derek W. Loeser
KELLER ROHRBACK L.L.P
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Fax: (206) 623-3384

and

Joseph H. Meltzer
Peter H. LeVan, Jr.
KESSLER TOPAZ MELTZER &
CHECK, LLP
280 King of Prussia Road
Radnor, PA  19087
Fax:  (610) 667-7056

IF TO DEFENDANTS THE BEAR STEARNS COMPANIES INC., KATHLEEN CAVALLO, STEPHEN LACOFF, AND ROBERT STEINBERG:

Lewis R. Clayton
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Fax: (212) 757-3990

And

Paul Ondrasik, Jr.
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, DC 20036
Fax: (202) 429-3902

IF TO DEFENDANT JAMES E. CAYNE:

David S. Frankel
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Fax:  (212) 715-8000

IF TO DEFENDANT ALAN C. GREENBERG:

Ronald E. Richman
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
Fax:  (212) 593-5955

IF TO DEFENDANT ALAN D. SCHWARTZ:

Jay B. Kasner
Susan L. Saltzstein
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Fax:  (212) 735-2000

IF TO DEFENDANT JEFFREY MAYER:

Richard A. Edlin
Ronald D. Lefton
GREENBERG TRAURIG LLP
200 Park Avenue
New York, NY 10166
Fax: (212) 801-6400

IF TO DEFENDANT WARREN J. SPECTOR:

David B. Anders
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 11019
Fax: (212) 403-2000

IF TO DEFENDANT SAMUEL L. MOLINARO, JR.:

Pamela Rogers Chepiga
Josephine A. Cheatham
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
Fax: (212) 610-6399

IF TO DEFENDANTS HENRY S. BIENEN, CARL D. GLICKMAN, MICHAEL
GOLDSTEIN, DONALD J. HARRINGTON, FRANK T. NICKELL, PAUL A.
NOVELLY, FREDERIC V. SALERNO, VINCENT TESE, AND WESLEY S.
WILLIAMS, JR.:

Randy M. Mastro
Robert F. Serio
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Fax: (212) 351-4035

Any Party may change the address at which it is to receive notice by written notice
delivered to the other Parties in the manner described above.

12.12. <u>Entire Agreement</u>. This Settlement Agreement contains the entire agreement between
the Plaintiff, on the one hand, and the Defendants, on the other, to resolve the Action
and supersedes all prior or contemporaneous agreements, understandings,
representations, and statements, on the subject of the Action.

12.13. <u>Counterparts</u>. This Settlement Agreement may be executed by exchange of faxed or electronically transmitted (.pdf) executed signature pages, and any signature transmitted by facsimile or .pdf for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. This Settlement Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

12.14. <u>Binding Effect</u>. This Settlement Agreement binds and inures to the benefit of the Parties hereto, and their respective assigns, heirs, administrators, executors, and successors.

12.15. <u>Agreement Execution Date</u>. The date on which the final signature is affixed below shall be the Agreement Execution Date.

12.16. <u>Disputes</u>. The Parties agree to mediate before the Hon. Daniel Weinstein any disputes arising out of the negotiation of this Agreement and to resolve through such mediation any disagreements over the implementation of the terms of the Settlement Agreement or any other documents necessary to effectuate the Settlement. Unless otherwise agreed, the Parties will share the costs of additional mediation equally and all Parties will bear their own mediation-related attorneys' fees.

12.17. <u>Continuing Jurisdiction</u>: Subject to the mediation provisions in Section 12.16 the Court retains exclusive jurisdiction over all matters relating to the implementation and enforcement of the Settlement Agreement.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates set forth below.

FOR NAMED PLAINTIFFS:

DATED: 3/16/12

Lynn Lincoln Sarko
Derek W. Loeser
Erin M. Riley
Gretchen S. Obrist
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Phone: 206-623-1900
Fax: 206-623-3384
lsarko@kellerrohrback.com
dloeser@kellerrohrback.com
eriley@kellerrohrback.com
gobrist@kellerrohrback.com

David S. Preminger
KELLER ROHRBACK L.L.P.
770 Broadway, 2nd Floor
New York, NY 10003
Phone: 646-495-6198
Fax:    646-495-6197
dpreminger@kellerrohrback.com

*Counsel for Shelden Greenberg*

DATED: __3/20/12__                    *Peter H. LeVan, Jr.*

Joseph H. Meltzer
Peter H. LeVan, Jr.
Shannon O. Lack Braden
KESSLER TOPAZ MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
Phone: 610-667-7706
Fax:    610-667-7056
jmeltzer@ktmc.com
plevan@ktmc.com
sbraden@ktmc.com

*Counsel for Aaron Howard*

Milo Silberstein
William J. Dealy
DEALY & SILBERSTEIN, LLP
225 Broadway, Suite 1405
New York, NY 10007
Phone: 212-385-0066
Fax:    212-385-2117
msilberstein@dealysilberstein.com
wdealy@dealysilberstein.com

*Plaintiffs' Liaison Counsel*

27

FOR DEFENDANTS:

DATED: 3/14/12

Lewis R. Clayton
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Phone:  212-373-3000
Fax:     212-757-3990
lclayton@paulweiss.com

Paul Ondrasik, Jr.
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Phone:  202-429-3000
Fax:     202-429-3902
pondrasik@steptoe.com
mkail@steptoe.com

*Counsel for The Bear Stearns Companies Inc.,*
*Kathleen Cavallo, Stephen Lacoff, and Robert*
*Steinberg*


DATED: _____

David S. Frankel
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Phone:  212-715-9100
Fax:     212-715-8000
dfrankel@kramerlevin.com

*Counsel for James E. Cayne*

28

FOR DEFENDANTS:

DATED: _____

Lewis R. Clayton
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP
1285 Avenue of the Americas
New York, NY 10019
Phone: 212-373-3000
Fax:    212-757-3990
lclayton@paulweiss.com

Paul Ondrasik, Jr.
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Phone: 202-429-3000
Fax:    202-429-3902
pondrasik@steptoe.com
mkail@steptoe.com

*Counsel for The Bear Stearns Companies Inc.,
Kathleen Cavallo, Stephen Lacoff, and Robert
Steinberg*

DATED: 3/16/12

David S. Frankel
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Phone: 212-715-9100
Fax:    212-715-8000
dfrankel@kramerlevin.com

*Counsel for James E. Cayne*

28

DATED: 3/19/12 _____

_____
Ronald E. Richman
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
Phone: 212-756-2000
Fax: .212-593-5955
ronald.richman@srz.com

*Counsel for Alan C. Greenberg*


DATED: _____

_____
Jay B. Kasner
Susan L. Saltzstein
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Phone: 212-735-3000
Fax: 212-735-2000
jay.kasner@skadden.com
susan.saltzstein@skadden.com

*Counsel for Alan D. Schwartz*


DATED: _____

_____
Richard A. Edlin
Ronald D. Lefton
GREENBERG TRAURIG LLP
200 Park Avenue
New York, NY 10166
Phone: 212-801-9022
Fax: 212-801-6400
edliner@gtlaw.com
leftonr@gtlaw.com

*Counsel for Jeffrey Mayer*

DATED: _____

Ronald E. Richman
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
Phone: 212-756-2000
Fax: 212-593-5955
ronald.richman@srz.com

*Counsel for Alan C. Greenberg*


DATED: 3/19/12

*Susan L. Saltzstein/ec*
Jay B. Kasner
Susan L. Saltzstein
SKADDEN, ARPS, SLATE, MEAGHER & FLOM
LLP
Four Times Square
New York, NY 10036
Phone: 212-735-3000
Fax: 212-735-2000
jay.kasner@skadden.com
susan.saltzstein@skadden.com

*Counsel for Alan D. Schwartz*


DATED: _____

Richard A. Edlin
Ronald D. Lefton
GREENBERG TRAURIG LLP
200 Park Avenue
New York, NY 10166
Phone: 212-801-9022
Fax: 212-801-6400
edliner@gtlaw.com
leftonr@gtlaw.com

*Counsel for Jeffrey Mayer*

DATED: _____

Ronald E. Richman
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
Phone: 212-756-2000
Fax:    212-593-5955
ronald.richman@srz.com

*Counsel for Alan C. Greenberg*


DATED: _____

Jay B. Kasner
Susan L. Saltzstein
SKADDEN, ARPS, SLATE, MEAGHER & FLOM
LLP
Four Times Square
New York, NY 10036
Phone: 212-735-3000
Fax:    212-735-2000
jay.kasner@skadden.com
susan.saltzstein@skadden.com

*Counsel for Alan D. Schwartz*


DATED: March 19, 2012

Richard A. Edlin
Ronald D. Lefton
GREENBERG TRAURIG LLP
200 Park Avenue
New York, NY 10166
Phone: 212-801-9022
Fax:    212-801-6400
edliner@gtlaw.com
leftonr@gtlaw.com

*Counsel for Jeffrey Mayer*

DATED: _3/15/12_          _[signature]_

David B. Anders
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 11019
Phone: 212-403-1000
Fax:     212-403-2000
dbanders@wlrk.com

*Counsel for Warren J. Spector*

DATED: _____

Pamela Rogers Chepiga
Josephine A. Cheatham
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
Phone: 212-610-6300
Fax:     212-610-6399
pamela.chepiga@allenovery.com
allie.cheatham@allenovery.com

*Counsel for Samuel L. Molinaro, Jr.*

DATED: _____

Randy M. Mastro
Robert F. Serio
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Phone: 212-351-4000
Fax:     212-351-4035
rmastro@gibsondunn.com
rserio@gibsondunn.com

*Counsel for Defendants Henry S. Bienen, Carl D. Glickman, Michael Goldstein, Donald J. Harrington, Frank T. Nickell, Paul A. Novelly, Frederic V. Salerno, Vincent Tese, and Wesley S. Williams, Jr.*

DATED: _____

David B. Anders
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 11019
Phone: 212-403-1000
Fax:    212-403-2000
danders@wlrk.com

*Counsel for Warren J. Spector*

DATED: 3/19/12

*Pamela Chepiga* (AC)
Pamela Rogers Chepiga
Josephine A. Cheatham
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
Phone: 212-610-6300
Fax:    212-610-6399
pamela.chepiga@allenovery.com
allie.cheatham@allenovery.com

*Counsel for Samuel L. Molinaro, Jr.*

DATED: _____

Randy M. Mastro
Robert F. Serio
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Phone: 212-351-4000
Fax:    212-351-4035
rmastro@gibsondunn.com
rserio@gibsondunn.com

*Counsel for Defendants Henry S. Bienen, Carl D.
Glickman, Michael Goldstein, Donald J.
Harrington, Frank T. Nickell, Paul A. Novelly,
Frederic V. Salerno, Vincent Tese, and Wesley S.
Williams, Jr.*

DATED: _____

David B. Anders
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 11019
Phone: 212-403-1000
Fax:    212-403-2000
danders@wlrk.com

*Counsel for Warren J. Spector*

DATED: _____

Pamela Rogers Chepiga
Josephine A. Cheatham
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
Phone: 212-610-6300
Fax:    212-610-6399
pamela.chepiga@allenovery.com
allie.cheatham@allenovery.com

*Counsel for Samuel L. Molinaro, Jr.*

DATED: __3/19/12__

Randy M. Mastro
Robert F. Serio
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Phone: 212-351-4000
Fax:    212-351-4035
rmastro@gibsondunn.com
rserio@gibsondunn.com

*Counsel for Defendants Henry S. Bienen, Carl D.
Glickman, Michael Goldstein, Donald J.
Harrington, Frank T. Nickell, Paul A. Novelly,
Frederic V. Salerno, Vincent Tese, and Wesley S.
Williams, Jr.*

EXHIBITS TO THE SETTLEMENT AGREEMENT

Exhibit 1:     Preliminary Approval Order
                Exhibit A to the Preliminary Approval Order: Class Notice
                Exhibit B to the Preliminary Approval Order: Summary Notice

Exhibit 2:     Final Approval Order

# EXHIBIT 1
## to
# CLASS ACTION SETTLEMENT AGREEMENT


**(Preliminary Approval Order)**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BEAR STEARNS COMPANIES ERISA LITIGATION | Master File No.: 08 MDL No. 1963 (RWS) |
| This Document Relates To: ERISA Action, No. 08 Civ. 2804 (RWS) | Honorable Robert W. Sweet |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASS AND APPOINTING PLAINTIFFS' COUNSEL, APPROVING FORM AND MANNER OF NOTICE, AND SETTING FAIRNESS HEARING DATE**

The above-captioned action (the "Action") involves consolidated actions asserting claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to The Bear Stearns Companies Inc. Employee Stock Ownership Plan (the "Plan").

Presented to the Court for preliminary approval is a Settlement[1] of the Action as against all Defendants.[2] The terms of the Settlement are set out in the Class Action Settlement Agreement (the "Settlement Agreement"), executed on March 20, 2012, by Co-Lead Class Counsel and counsel for Defendants.

The Court has considered the proposed Settlement to determine, among other things, whether to certify a class for settlement purposes and whether the Settlement is sufficient to

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

[2] Defendants are The Bear Stearns Companies, Inc., Henry S. Bienen, Kathleen Cavallo, James E. Cayne, Carl D. Glickman, Michael Goldstein, Alan C. Greenberg, Donald J. Harrington, Stephen Lacoff, Jeffrey Mayer, Samuel L. Molinaro, Jr., Frank T. Nickell, Paul A. Novelly, Frederic V. Salerno, Alan D. Schwartz, Warren J. Spector, Robert Steinberg, Vincent Tese, and Wesley S. Williams, Jr.

warrant the issuance of notice to members of the Settlement Class.  Upon reviewing the

Settlement Agreement and the Named Plaintiffs' Motion for Order Preliminarily Approving

Settlement, Preliminarily Certifying Settlement Class and Appointing Plaintiffs' Counsel,

Approving Form and Manner of Notice, and Setting Fairness Hearing Date and the

Memorandum in Support thereof, it is hereby ORDERED that:

1.      This Court has jurisdiction over the subject matter of this Action pursuant

to 18 U.S.C. § 1332(d), and jurisdiction over the Settlement Class members described in

paragraph 4 below.

2.      *Preliminary Findings Regarding Proposed Settlement*: The Court

preliminarily finds that the proposed Settlement should be approved as: (a) fair, adequate, and

reasonable to those it affects and consistent with the public interest; (b) the product of serious,

informed, arm's-length, and non-collusive negotiations; (c) having no obvious deficiencies;

(d) not improperly granting preferential treatment to Named Plaintiffs or segments of the

Settlement Class; (e) falling within the range of possible approval; and (f) warranting notice to

Settlement Class members of a formal final approval hearing ("Fairness Hearing"), at which

evidence may be presented in support of and in opposition to the proposed Settlement.  The

Parties are authorized and directed to take all actions that may be required prior to final approval

of the Settlement by the Court, as set forth in the Settlement Agreement.

3.      *Class Findings*: For purposes of the proposed Settlement only, the Court

preliminarily finds that the requirements of the United States Constitution, the Federal Rules of

Civil Procedure, the Local Rules of the United States District Court for the Southern District of

New York, and any other applicable laws have been met as to the class defined below, in that:

a.      The Settlement Class is cohesive and well defined;

b.      The members of the Settlement Class are ascertainable from records kept with respect to the Plan, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

c.      Based on allegations in the Complaint, there are one or more questions of fact and/or law common to the Settlement Class;

d.      Based on allegations in the Complaint, the Defendants' alleged conduct affected members of the Settlement Class in a similar manner and the claims of Named Plaintiffs are typical of the claims of the Settlement Class;

e.      Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Named Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among Named Plaintiffs and the Settlement Class; and (iii) Named Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions;

f.      The prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual Settlement Class members that would, as a practical matter, be dispositive of the interests of the other Settlement Class members not parties to the adjudications, or substantially impair or impede the ability of those persons to protect their interests; and

g.     Plaintiffs' Counsel are capable of fairly and adequately representing the interests of the Settlement Class in that Plaintiffs' Counsel: (i) have done extensive work identifying or investigating potential claims in this Action; (ii) have litigated the validity of those claims at the motion to dismiss stage of this case; (iii) are experienced in handling class actions and claims of the type asserted in this Action; (iv) are knowledgeable of the applicable law; and (v) have committed the necessary resources to represent the Settlement Class.

4.     *Class Certification*: For purposes of the proposed Settlement only, and based on the findings set out in paragraph 3 above, the Court preliminarily certifies the Action as a non-opt-out class action under Fed. R. Civ. P. 23(a) and (b)(1), with the following class for settlement purposes, as set forth in the Settlement Agreement ¶ 1.45:

> (a) all Persons, who have been participants in The Bear Stearns Companies Inc. Employee Stock Ownership Plan, or the predecessors or successors thereto, at any time between August 1, 2007 and the Agreement Execution Date and whose accounts included investments in Bear Stearns stock, and (b) as to each Person within the scope of subsection (a) of Section 1.45 of the Settlement Agreement, his, her, or its beneficiaries, alternate payees, Representatives and Successors in Interest; provided, however, that, notwithstanding the foregoing, the Settlement Class shall not include any of the Defendants or Immediate Family members of Defendants, except for Immediate Family, beneficiaries, alternate payees, Representatives or Successors in Interest who themselves are members of the Settlement Class with respect to their own Plan accounts.

5.     For purposes of the proposed Settlement only, the Court appoints Named Plaintiffs Shelden Greenberg and Aaron Howard as class representatives for the Settlement Class, and appoints Interim Co-Lead Class Counsel, Keller Rohrback L.L.P. and Kessler Topaz Meltzer & Check, LLP and Liaison Counsel, Dealy & Silberstein, LLP as Plaintiffs' Counsel for the Settlement Class.

6.      *Notice*: Named Plaintiffs have presented to the Court proposed forms of Class Notice and a Summary Notice, which are attached to the Settlement Agreement as Exhibits 1.A and 1.B, respectively.  The Court finds that the form and substance of the Class Notice and the Summary Notice satisfy the requirements of due process and the Federal Rules of Civil Procedure.  The Court directs the Parties to disseminate the Class Notice and the Summary Notice as proposed in the Settlement Agreement, ¶ 2.3.2, and that non-substantive changes may be made to the Class Notice and the Summary Notice by agreement of the Parties without further order of the Court.

a.      The Class Notice, with blanks completed and such non-substantive modifications thereto as may be agreed upon by the Parties, shall be mailed, by first-class mail, postage prepaid, to the last known address of each member of the Class who can be identified by reasonable effort not less than sixty (60) days before the Fairness Hearing.  The Summary Notice shall be published in *USA Today* and on *Business Wire* not less than sixty (60) days before the Fairness Hearing.  The Preliminary Approval papers, Class Notice, Summary Notice and the Settlement Agreement and its Exhibits shall be published on www.BearStearnsERISAsettlement.com not less than sixty (60) days before the Fairness Hearing.

b.      Co-Lead Class Counsel shall file with the Court a proof of timely compliance with the foregoing publication requirements no later than seven (7) days before the Fairness Hearing.

c.      The Parties shall reasonably cooperate with one another to accomplish the requirements of this paragraph, as provided in the Settlement Agreement, ¶ 4.3.

The costs and expenses of preparing and disseminating the Class Notice and Summary Notice shall be paid from the Settlement Fund, pursuant to the Settlement Agreement.

7. *Final Approval*: Co-Lead Class Counsel shall file their Final Approval Motion, on behalf of Plaintiffs' Counsel, including their request for approval of the Plan of Allocation, petition for attorneys' fees and reimbursement of expenses, and petition for Named Plaintiffs' Case Contribution Awards, no later than thirty (30) days before the Fairness Hearing. Co-Lead Class Counsel shall post their Final Approval Motion, including their request for approval of the Plan of Allocation, petition for attorneys' fees and reimbursement of expenses, and petition for Named Plaintiffs' Case Contribution Awards on www.BearStearnsERISAsettlement.com no later than thirty (30) days before the Fairness Hearing.

8. *Fairness Hearing*: A hearing is scheduled for _____, 2012 (the "Fairness Hearing") to determine, among other things:

a. whether the Settlement should be approved by the Court as fair, reasonable, and adequate;

b. whether the proposed Settlement Class satisfies Fed. R. Civ. P. 23(a) and (b)(1) and therefore should be certified for purposes of Settlement;

c. whether this Action should be dismissed with prejudice;

d. whether the Class Notice and Summary Notice and the means of disseminating the same pursuant to the Settlement Agreement (i) are appropriate and reasonable and constitute due, adequate, and sufficient notice to all persons entitled to notice; and (ii) meet all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

e.       whether the application for attorneys' fees and expenses filed by Co-Lead Class Counsel on behalf of Plaintiffs' Counsel should be approved;

f.       whether the application for Case Contribution Awards for Named Plaintiffs should be approved;

g.       whether the Court should enforce the Settlement Agreement in all other respects; and

h.       such other matters as the Court deems appropriate.

9.       *Objections to Settlement*: Any member of the Settlement Class may file comments and/or objections to the Settlement, the Plan of Allocation, the award of attorneys' fees and reimbursement of expenses, and/or the Named Plaintiffs' Case Contribution Awards with the Court no later than fourteen (14) days before the Fairness Hearing and serve the objection(s) on counsel as follows:

**FOR FILING:**

Clerk of Court
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, NY  10007
Re: ERISA Case No. 08 Civ. 2804 (RWS)

**TO CO-LEAD CLASS COUNSEL:**

Lynn Lincoln Sarko                              Joseph H. Meltzer
Derek W. Loeser                                 Peter H. LeVan, Jr.
Keller Rohrback L.L.P.                          Kessler Topaz Meltzer & Check, LLP
1201 Third Avenue, Suite 3200                   280 King of Prussia Road
Seattle, WA  98101                              Radnor, PA  19087
Facsimile: (206) 623-3384                       Facsimile: (610) 667-7056

**TO DEFENDANTS' COUNSEL:**

Lewis R. Clayton
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP
1285 Avenue of the Americas
New York, NY  10019
Facsimile: (212) 757-3990

*Counsel for The Bear Stearns Companies,
Inc., Kathleen Cavallo, Stephen Lacoff, and
Robert Steinberg*

Paul Ondrasik, Jr.
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC  20036
Facsimile: (202) 429-3902

*Counsel for The Bear Stearns Companies, Inc.,
Kathleen Cavallo, Stephen Lacoff, and Robert
Steinberg*

The Defendants' counsel listed above shall make further distribution of any objections served upon them to counsel for other Defendants.

Comments or objections must be filed with the Court and postmarked no later than fourteen (14) days before the Fairness Hearing and shall indicate the name of the case, the objector's name and contact information, a statement of the objections and a summary of reasons for so objecting, copies of any documents upon which the objection is based, and a statement of whether the objector or the objector's lawyer will ask to speak at the Fairness Hearing.  All properly submitted objections shall be considered by the Court.

10.     *Appearance at Fairness Hearing*: Attendance at the Fairness Hearing is not necessary.  However, any objector who files and serves a timely, written objection in accordance with paragraph 10 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address and telephone number of the objector's attorney) on Co-Lead Class Counsel and Defendants' counsel (at the addresses set forth above) and file it with the Court by no later

than fourteen (14) days before the Fairness Hearing. An objector's written notice of intention to appear must also identify any witnesses they may call to testify and exhibits they intend to introduce as evidence at the Fairness Hearing. Any objector who does not timely file and serve a written notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

11. *Waiver of Objection*: Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of paragraphs 9 and 10 shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

12. *Service of Papers*: The Parties shall promptly furnish each other with copies of any and all objections and notices of intention to appear at the Fairness Hearing that come into their possession.

13. *Reply or Response*: The Court will consider any reply in support of Plaintiffs' Final Approval Motion, including approval of the Plan of Allocation, Co-Lead Class Counsel's attorneys' fees and expenses, and Named Plaintiffs' Case Contribution Awards or response to any objection if it is filed no later than seven (7) days before the Fairness Hearing.

14. *Termination of Settlement*: This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of March 19, 2012 (pursuant to the provisions of paragraph 10.2.2 of the Settlement Agreement), if the Settlement is terminated under the terms of the Settlement Agreement. In such event, article 10 of the Settlement Agreement shall govern the rights of the Parties.

15.     *Use of Order*: Under no circumstances shall this Order be construed, deemed or used as an admission, concession or declaration by or against any of the Defendants of any fault, wrongdoing, breach, liability, or that the Action should be maintained as a class action.  Nor shall the Order be construed, deemed or used as an admission, concession or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable, or as a waiver by any Party of any defenses or claims he, she or it may have, including, but not limited to, any objections by Defendants to class certification in the event the Settlement Agreement is terminated.  Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only.  Neither the fact of, nor any provision contained in, the Settlement Agreement or its exhibits, nor any actions taken thereunder, shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or the validity of any defense that has been, could have been or in the future might be asserted.

16.     *Jurisdiction*: The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2012.


_____
The Honorable Robert W. Sweet
United States District Judge

# EXHIBIT A
## to
# PRELIMINARY APPROVAL ORDER

## (Class Notice)

| | |
|---|---|
| **IN RE BEAR STEARNS COMPANIES ERISA LITIGATION** | Master File No.: 08 MDL No. 1963 (RWS) ERISA Action: No. 08 Civ. 2804 (RWS) |

### NOTICE OF PROPOSED SETTLEMENT OF ERISA CLASS ACTION LITIGATION, SETTLEMENT FAIRNESS HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND PROPOSED NAMED PLAINTIFFS' CASE CONTRIBUTION AWARDS

**Your legal rights might be affected if you are a member of the preliminarily approved Class:**
(a) all Persons, who have been participants in The Bear Stearns Companies Inc. Employee Stock Ownership Plan, or the predecessors or successors thereto, at any time between August 1, 2007 and March 20, 2012 and whose accounts included investments in Bear Stearns stock, and (b) as to each Person within the scope of subsection (a) of Section 1.45 of the Settlement Agreement, his, her, or its beneficiaries, alternate payees, Representatives and Successors in Interest; provided, however, that, notwithstanding the foregoing, the Settlement Class shall not include any of the Defendants or Immediate Family members of Defendants, except for Immediate Family, beneficiaries, alternate payees, Representatives or Successors in Interest who themselves are members of the Settlement Class with respect to their own Plan accounts.

### PLEASE READ THIS NOTICE CAREFULLY.  A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION.  YOU HAVE NOT BEEN SUED.

This notice ("Notice") advises you of a proposed settlement (the "Settlement") of a consolidated class action lawsuit brought by plaintiffs Shelden Greenberg and Aaron Howard (collectively, the "Named Plaintiffs") on behalf of themselves, the Plan (referred to above), and as representatives of a class described herein (the "Settlement Class") against the Defendants Bear Stearns and the other persons named personally or fictitiously as defendants in the lawsuit. The Named Plaintiffs and the Defendants are referred to herein as the "Parties."  The litigation is referred to as the "Action."  The United States District Court for the Southern District of New York (the "Court") has preliminarily approved the Settlement, and has scheduled a hearing to evaluate the fairness and adequacy of the Settlement, at which the Court will consider Named Plaintiffs' motion for final approval of the Settlement and for class certification, motion for approval of a proposed Plan of Allocation, and motion for an award of attorneys' fees and expenses and for Case Contribution Awards to Shelden Greenberg and Aaron Howard, the Named Plaintiffs.  That hearing, before the Hon. Robert W. Sweet, has been scheduled for _____, 2012, at __:00 __.m. in Courtroom 18C, of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York. The terms of the Settlement are contained in a Class Action Settlement Agreement (the "Settlement Agreement"), a copy of which is available at www.BearStearnsERISAsettlement.com or by contacting Plaintiffs' Co-Lead Class Counsel identified below.  Capitalized terms used in this Notice and not defined herein have the meanings assigned to them in the Settlement Agreement.  The Settlement will provide for payments to the Plan and for allocation of those payments to the accounts of, or otherwise for the benefit of, the Settlement Class.  The Settlement is summarized below.

Any questions regarding the Settlement should be directed to Co-Lead Class Counsel:  Lynn Lincoln Sarko or Derek W. Loeser, Keller Rohrback L.L.P., 1201 Third Avenue, Suite 3200, Seattle, WA  98101 and Joseph H. Meltzer or Peter H. LeVan, Jr., Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA  19087. Plaintiffs' Co-Lead Class Counsel have established a toll-free phone number, (866) 905-8101, if you have questions or comments.  Plaintiffs' Co-Lead Class Counsel may also be contacted via email (info@bearstearnserisasettlement.com).  Please do not contact the Court or the Defendants.  They will not be able to answer your questions.

### QUESTIONS?  CALL (866) 905-8101 TOLL FREE, OR VISIT
### www.BearStearnsERISAsettlement.com
### DO NOT CALL THE COURT OR DEFENDANTS, AS THEY CANNOT ANSWER YOUR QUESTIONS.

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED IN THIS MATTER. YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY IN THIS CASE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU NEED NOT DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.**

| ACTIONS YOU MAY TAKE IN THE SETTLEMENT | |
|---|---|
| NO ACTION IS NECESSARY TO RECEIVE PAYMENT. | If the Settlement is approved by the Court and you are a member of the Settlement Class, you do not need to do anything in order to receive a payment. The portion, if any, of the Net Proceeds of the Settlement Fund to be allocated to your Plan account or otherwise for your benefit will be calculated as part of the implementation of the Settlement. |
| | If you are a current participant in the Plan, any share of the Net Proceeds to which you are entitled will be deposited into your Plan account(s). If you are no longer a Plan participant and are entitled to share in the Net Proceeds, a Plan account will be established for you, if necessary, and you will be notified of such account. |
| YOU CAN OBJECT (NO LATER THAN _____). | If you wish to object to any part of the Settlement, you can write to the Court and counsel and explain why you do not like the Settlement. |
| YOU CAN GO TO THE HEARING ON _____ | If you have submitted a written objection to the Court and counsel, as explained below, you can ask to speak in Court about the fairness of the Settlement. |

| WHAT THIS NOTICE CONTAINS |
|---|

**SUMMARY OF SETTLEMENT** .................................................................................................3
**BASIC INFORMATION**...........................................................................................................4
   1.    Why did I get this Notice package? .................................................................................4
   2.    What is the lawsuit about? What has happened so far? ...................................................5
   3.    Why is this case a class action?......................................................................................5
   4.    Why is there a Settlement?..............................................................................................5
   5.    How do I know whether I am part of the Settlement Class?............................................6
   6.    What does the Settlement provide?..................................................................................6
   7.    Will I receive a share of the Settlement Fund? ...............................................................7
   8.    How can I get my portion of the recovery?......................................................................7
   9.    When would I receive my payment?.................................................................................7
   10.  Can I exclude myself from the Settlement? .....................................................................7
**THE LAWYERS REPRESENTING YOU** ...............................................................................8
   11.  Do I have a lawyer in the case?.......................................................................................8

**QUESTIONS? CALL (866) 905-8101 TOLL FREE, OR VISIT**
**www.BearStearnsERISAsettlement.com**
**DO NOT CALL THE COURT OR DEFENDANTS, AS THEY CANNOT ANSWER YOUR QUESTIONS.**

12.    How will the lawyers be paid?........................................................................................8
**OBJECTIONS**.........................................................................................................................**8**
13.    How do I tell the Court if I don't like the Settlement?....................................................8
**THE COURT'S FAIRNESS HEARING** .................................................................................**9**
14.    When and where will the Court decide whether to approve the Settlement? ..................9
15.    Do I have to come to the hearing?.................................................................................10
16.    May I speak at the hearing?...........................................................................................10
**IF YOU DO NOTHING** ..........................................................................................................**10**
17.    What happens if I do nothing at all? .............................................................................10
**GETTING MORE INFORMATION**........................................................................................**10**
18.    How do I get more information?....................................................................................10

This Action is a consolidation of a series of cases filed in federal district court. As described in more detail below and in the complaints themselves, the cases concern allegations that the Defendants breached fiduciary duties they owed to participants in the Plan. Copies of the Second Amended Consolidated Class Action Complaint For Violations Of The Employee Retirement Income Security Act (the "Complaint") and other documents filed in this Action are available at www.BearStearnsERISAsettlement.com.

## SUMMARY OF SETTLEMENT

A Settlement Fund has been established consisting of a deposit of $10,000,000 (ten million dollars) in cash paid by or on behalf of the Defendants, plus interest earned thereon. The Net Proceeds, which will consist of the Settlement Fund less certain amounts described in the Settlement Agreement, including expenses associated with Class Notice, Court-approved attorneys' fees and expenses and Case Contribution Awards, taxes and other costs related to the administration of the Settlement Fund and implementation of the Plan of Allocation, will be allocated among the Settlement Class in accordance with the Plan of Allocation to be approved by the Court. (*See* Question 7 below for details of the Plan of Allocation).

The Settlement Class consists of the following persons: (a) all Persons, who have been participants in The Bear Stearns Companies Inc. Employee Stock Ownership Plan, or the predecessors or successors thereto, at any time between August 1, 2007 and March 20, 2012 and whose accounts included investments in Bear Stearns stock, and (b) as to each Person within the scope of subsection (a) of Section 1.45 of the Settlement Agreement, his, her, or its beneficiaries, alternate payees, Representatives and Successors in Interest; provided, however, that, notwithstanding the foregoing, the Settlement Class shall not include any of the Defendants or Immediate Family members of Defendants, except for Immediate Family, beneficiaries, alternate payees, Representatives or Successors in Interest who themselves are members of the Settlement Class with respect to their own Plan accounts.

As with any litigation, the Parties would face an uncertain outcome if this Action were to continue against the Defendants. Continued litigation of this Action against the Defendants could result in a judgment or verdict greater or less than the recovery under the Settlement Agreement, or in no recovery at all. This litigation has been hotly contested from the outset. Throughout this litigation, the Named Plaintiffs and the Defendants have disagreed on both liability and damages, and they do not agree on the amount that would be recoverable even if the Plaintiffs were to prevail at trial. The Settlement is not, and should not be construed as, an admission of any fault, liability or wrongdoing whatsoever by any of the Defendants, who continue to deny all such claims. The Defendants, among other things: (1) have denied, and continue to deny, the material allegations of the Complaint; (2) have denied, and continue to deny, any wrongdoing or liability whatsoever; (3) believe that they acted at all times reasonably and prudently and in accordance with applicable law with respect to the Plan, its participants and beneficiaries, and the Settlement Class; (4) would assert certain other defenses if this Settlement is not

**QUESTIONS? CALL (866) 905-8101 TOLL FREE, OR VISIT**
**www.BearStearnsERISAsettlement.com**
**DO NOT CALL THE COURT OR DEFENDANTS, AS THEY CANNOT ANSWER YOUR**
**QUESTIONS.**

consummated; and (5) are entering into the Settlement solely to avoid the cost, disruption, and uncertainty of litigation. Nevertheless, the Parties have taken into account the uncertainty and risks inherent in this litigation, particularly its complex nature, and have concluded that it is desirable that this Action be fully and finally settled on the terms and conditions set forth in the Settlement Agreement.

Co-Lead Class Counsel, on behalf of Plaintiff's Counsel, in this Action will apply to the Court for an order awarding attorneys' fees not in excess of $3 million (30% of the Settlement Fund), plus reimbursement of expenses. Shelden Greenberg and Aaron Howard, the Named Plaintiffs in this Action, will share in the allocation of the money paid to the Plan on the same basis and to the same extent as all other members of the Class, except that, in addition, the Named Plaintiffs may apply to the Court for a Case Contribution Award of up to $10,000 each. Any Case Contribution Award granted to Named Plaintiffs Shelden Greenberg and Aaron Howard by the Court will be payable from the Settlement Fund.

## BASIC INFORMATION

### 1. Why did I get this Notice package?

Either you or someone in your family may have been a participant in or beneficiary of the Plan and may have had a portion of your, his or her Plan account(s) invested in Bear Stearns stock during the Class Period. The Court has directed that this Notice be sent to you because, as a potential member of the Settlement Class, you have a right to know about the proposed Settlement with the Defendants before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and all related objections and appeals are favorably resolved, the net amount of the Settlement Fund will be allocated among the Settlement Class according to a Court-approved Plan of Allocation, and the Released Parties will be released from all Released Claims, as set forth in the Settlement Agreement.

This Notice explains the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how you may receive a portion of the benefits. The purpose of this Notice is to inform you of a hearing (the "Fairness Hearing") to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Settlement and to consider the application of Co-Lead Class Counsel (on behalf of Plaintiffs' Counsel) for an award of attorneys' fees and reimbursement of litigation expenses as well as an application for Case Contribution Awards to Shelden Greenberg and Aaron Howard, the Named Plaintiffs.

The Fairness Hearing will be held at __:00 __.m. on _____, 2012, before the Honorable Robert W. Sweet in the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, to determine:

    (a) Whether the Settlement should be approved as fair, reasonable, and adequate;

    (b) Whether the Complaint should be dismissed with prejudice pursuant to the terms of the Settlement;

    (c) Whether the Class Notice and the means of dissemination thereof pursuant to the Settlement Agreement: (i) are appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (ii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

    (d) Whether the Settlement Class should be certified pursuant to Fed. R. Civ. P. 23(a) & (b) for purposes of the Settlement and, with respect thereto, whether Plaintiffs' Counsel should be appointed as Class Counsel pursuant to Fed. R. Civ. P. 23(g);

    (e) Whether the application for attorneys' fees and expenses filed by Co-Lead Class Counsel (on behalf of Plaintiffs' Counsel) should be approved; and

    (f) Whether the application for Case Contribution Awards for the Named Plaintiffs should be approved.

The issuance of this Notice is not an expression of the Court's opinion on the merits of any claim in this Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payment

**QUESTIONS? CALL (866) 905-8101 TOLL FREE, OR VISIT**
**www.BearStearnsERISAsettlement.com**
**DO NOT CALL THE COURT OR DEFENDANTS, AS THEY CANNOT ANSWER YOUR QUESTIONS.**

to the Settlement Class will be made after all related appeals, if any, are favorably resolved. It is always uncertain whether such appeals can be favorably resolved, and resolving them can take time, perhaps more than a year. Please be patient.

### 2. What is the lawsuit about? What has happened so far?

In this Action, the Named Plaintiffs allege, among other things, that the Defendants were fiduciaries of the Plan and violated fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") by allowing the Plan to invest in Bear Stearns stock when it was allegedly an unsuitable and imprudent investment for the Plan. The Named Plaintiffs further allege that the Defendants violated ERISA by failing to avoid conflicts of interest and failing to monitor the performance of other fiduciaries, or otherwise prevent or remedy breaches of duty by other fiduciaries. Plaintiffs sought to recover from the Defendants losses to the Plan allegedly caused by the Defendants' alleged misconduct.

The Defendants deny that they have any liability to the Plan or its participants or beneficiaries. If the litigation were to continue, the Defendants would raise numerous defenses to liability, including the following:

- They were not fiduciaries of the Plan, or, if they were fiduciaries, their fiduciary duties did not extend to the matters at issue in the Action;

- To the extent they were fiduciaries as to the matters at issue in the Action, they fully discharged all fiduciary duties in a manner wholly consistent with ERISA and the applicable body of case law interpreting ERISA; and

- Even if they failed to discharge one or more of their ERISA fiduciary duties, any such breach of fiduciary duty did not cause the losses alleged by the Named Plaintiffs.

This Settlement is the product of intense, arm's-length negotiations between Co-Lead Class Counsel and Defendants' Counsel facilitated through a nationally-recognized mediator with substantial experience mediating litigation of this type. Counsel conducted numerous meetings and conferences in which the terms of the Settlement were extensively debated and negotiated.

### 3. Why is this case a class action?

In a class action, one or more plaintiffs, called "named plaintiffs," sue on behalf of people who have similar claims. All of the individuals on whose behalf the Named Plaintiffs in this Action are suing are members of a "class" referred to in this Notice as members of the Settlement Class. The Court resolves the issues for all members of the Settlement Class. United States District Judge Robert W. Sweet is presiding over this case.

### 4. Why is there a Settlement?

The Court has not expressed any opinions or reached any decisions whatsoever on the ultimate merits of the Named Plaintiffs' claims against the Defendants. Instead, the Named Plaintiffs and the Defendants have agreed to a settlement to resolve the Action. In reaching the Settlement, they have avoided the cost and time of a trial. As with any litigation, the Named Plaintiffs would face an uncertain outcome if this case proceeded, including the risk of dismissal upon pending and future motions as well as the risk of not prevailing at trial. On the one hand, pursuing the case against the Defendants could result in a verdict offering relief greater than this Settlement. On the other hand, continuing the case against the Defendants could result in a verdict for less money than the Named Plaintiffs have obtained in this Settlement, or even in no recovery at all. Based on these risks and an evaluation of the particular risks presented by this case, the Named Plaintiffs and Co-Lead Class Counsel believe the Settlement is in the best interests of all Settlement Class members. Additional information concerning the Settlement and these factors is available in the motion for preliminary approval of the Settlement Agreement, which may be obtained at www.BearStearnsERISAsettlement.com.

**QUESTIONS? CALL (866) 905-8101 TOLL FREE, OR VISIT
www.BearStearnsERISAsettlement.com
DO NOT CALL THE COURT OR DEFENDANTS, AS THEY CANNOT ANSWER YOUR
QUESTIONS.**

This Settlement is the product of extensive arm's-length negotiations between Plaintiffs' Co-Lead Class Counsel and the Defendants' Counsel, all of whom are very experienced with respect to litigation of this type. Plaintiffs' Co-Lead Class Counsel believe that the proposed Settlement is fair, reasonable and adequate and in the best interest of the Settlement Class.

**5. How do I know whether I am part of the Settlement Class?**

The Court has preliminarily certified this Action as a class action. The Settlement Class consists of the following: (a) all Persons, who have been participants in The Bear Stearns Companies Inc. Employee Stock Ownership Plan, or the predecessors or successors thereto, at any time between August 1, 2007 and March 20, 2012 and whose accounts included investments in Bear Stearns stock, and (b) as to each Person within the scope of subsection (a) of Section 1.45 of the Settlement Agreement, his, her, or its beneficiaries, alternate payees, Representatives and Successors in Interest; provided, however, that, notwithstanding the foregoing, the Settlement Class shall not include any of the Defendants or Immediate Family members of Defendants, except for Immediate Family, beneficiaries, alternate payees, Representatives or Successors in Interest who themselves are members of the Settlement Class with respect to their own Plan accounts.

If you are a member of the Settlement Class, your share of the Settlement Fund, if any, will be determined by the Court-approved Plan of Allocation, described generally in Question 7 below.

**6. What does the Settlement provide?**

A Settlement Fund consisting of $10,000,000 (ten million dollars) in cash, plus interest, is being established in the Action. The net amount in the Settlement Fund (after disbursements and reserves for certain amounts as described in the Settlement Agreement, including expenses associated with Class Notice, Court-approved attorneys' fees and expenses and Named Plaintiff Case Contribution Awards, taxes and other costs related to the administration of the Settlement Fund and implementation of the Plan of Allocation) (the "Net Proceeds")) will be paid to the Plan and allocated among and paid to members of the Settlement Class according to a Plan of Allocation to be approved by the Court. Allocations will be made to Plan accounts established for members of the Settlement Class. Disbursement of the Net Proceeds of the Settlement Fund to the Settlement Class will occur once the Settlement has become Final—which will be after all appeals relating to the Settlement are favorably decided and all appeal periods have expired.

In exchange for the Settlement Amount, upon entry of judgment by the Court, all Settlement Class members and anyone claiming through them are deemed to fully release the Released Claims, and are forever enjoined from bringing any of the Released Claims against any Released Party. The Released Parties are defined in the Settlement Agreement; generally they are the Defendants and certain affiliated or otherwise related persons and entities. The Released Claims, also defined in the Settlement Agreement, generally include, subject to certain limitations set forth in the Settlement Agreement, all claims asserted in the Action, as well as any claims that could have been asserted in any forum by or on behalf of Settlement Class members which arise out of or are based on the allegations, transactions, facts, matters or occurrences, representations or omissions out of which the claims in the Action arise. This means that Settlement Class members will not have the right to sue the Released Parties for any such claims if the Settlement is approved. The Released Claims do not include the claims asserted in the above-captioned MDL, including, but not limited to all actions that have been or will be consolidated with and/or deemed related to the lead securities case, *In re The Bear Stearns Cos., Inc. Securities Litigation*, No. 08 Civ. 2793 (RWS), and the lead derivative case, *Cohen v. The Bear Stearns Cos., Inc., et al.*, No. 07 Civ. 10453 (RWS), pending in the United States District Court for the Southern District of New York, which are separate lawsuits and are not affected by this Settlement.

**QUESTIONS? CALL (866) 905-8101 TOLL FREE, OR VISIT**
**www.BearStearnsERISAsettlement.com**
**DO NOT CALL THE COURT OR DEFENDANTS, AS THEY CANNOT ANSWER YOUR QUESTIONS.**

**7. Will I receive a share of the Settlement Fund?**

By _____, 2012, Co-Lead Class Counsel will submit a detailed Plan of Allocation to the Court for approval at or after the Fairness Hearing. The Plan of Allocation, which, after filing, may be obtained at www.BearStearnsERISAsettlement.com, or by contacting Plaintiffs' Counsel, will describe the manner by which the Net Proceeds from the Settlement Fund, after being paid into the Plan, will be distributed to Settlement Class members. In general terms, the Net Proceeds of the Settlement Fund will be allocated to Settlement Class members on a pro rata basis such that the amount received will depend on a Settlement Class member's calculated loss, relative to the losses of other Settlement Class members, related to Plan investments in Bear Stearns stock. Because the Net Proceeds of the Settlement Fund will be less than the total losses alleged to be suffered in the Action, a Settlement Class member's proportionate recovery will be less than his or her alleged loss. If your proportionate recovery does not reach the *de minimis* threshold of $10.00, it will be forfeited and distributed pro rata to other Settlement Class members. You are not responsible for calculating the amount you may be entitled to receive under the Settlement. This calculation will be done as part of the implementation of the Settlement and will be based on reasonably available Plan data.

**8. How can I get my portion of the recovery?**

You do not need to file a claim for recovery. If you are a Settlement Class member entitled to a share of the Net Proceeds of the Settlement Fund, your share will be deposited in your Plan account. If you are a former Plan participant, an account will be established for you in the Plan if necessary, and you will be notified of such an account. If you are a former participant and have not provided the Plan with your current address, please contact the JPMorgan Chase 401(k) Savings Plan Call Center at (866) JPMC401 ((866) 576-2401). The TDD number for participants with a hearing impairment is (800) 345-1833.

**9. When would I receive my payment?**

Payment is conditioned on several matters, including the Court's approval of the Settlement and that approval becoming Final and no longer subject to any appeals. Upon satisfaction of various conditions, the Net Proceeds of the Settlement Fund will be allocated to Settlement Class members' Plan accounts or to accounts created for them pursuant to the Plan of Allocation (described above) as soon as possible after Final approval has been obtained for the Settlement, including the exhaustion of any appeals. Any appeal of the Final approval could take several years. Interest accrued on the Settlement Fund will be included in the amount allocated and paid to the Settlement Class. The Settlement Agreement may be terminated on several grounds, including if the Court does not approve or otherwise modifies the terms of the Settlement. If the Settlement Agreement is terminated, the Settlement will also be terminated, and the Action will proceed as if the Settlement had not been reached.

**10. Can I exclude myself from the Settlement?**

You do not have the option to exclude yourself from the Settlement. For settlement purposes the Settlement Class was preliminarily certified under Federal Rule of Civil Procedure 23(b)(1) as a non-"opt-out" class. Thus, it is not possible for participants or beneficiaries to exclude themselves from the benefits of the Settlement. As a Settlement Class member, you will be bound by any judgments or orders that are entered in the Action for all claims that were asserted in the Action or otherwise included in the release under the Settlement. Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve it. *See* Answer to Question No. 13 below.

The above description of the operation of the Settlement is only a summary. The governing provisions are set forth in the Settlement Agreement (including its exhibits), which may be obtained at www.BearStearnsERISAsettlement.com.

**QUESTIONS? CALL (866) 905-8101 TOLL FREE, OR VISIT**
**www.BearStearnsERISAsettlement.com**
**DO NOT CALL THE COURT OR DEFENDANTS, AS THEY CANNOT ANSWER YOUR**
**QUESTIONS.**

## THE LAWYERS REPRESENTING YOU

### 11. Do I have a lawyer in the case?

The Court has appointed Co-Lead Class Counsel (the law firms of Keller Rohrback L.L.P. and Kessler Topaz Meltzer & Check, LLP) and Liaison Counsel (Dealy & Silberstein, LLP) as Plaintiffs' Counsel for the Named Plaintiffs and the Settlement Class. You will not be charged directly by these firms. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 12. How will the lawyers be paid?

Co-Lead Class Counsel will apply for an award of attorneys' fees and reimbursement of expenses on behalf of their work and Plaintiffs' Counsel's work performed at their direction. The application for attorneys' fees will not exceed $3 million (30% of the Settlement Fund), plus reimbursement of expenses. Any award of fees and reimbursement of expenses will be paid from the Settlement Fund prior to allocation and payment to the Settlement Class. The written application for fees and expenses, together with the application for Case Contribution Awards to Shelden Greenberg and Aaron Howard, the Named Plaintiffs, will be filed by _____, 2012, and the Court will consider this application at the Fairness Hearing. A copy of the application will be available at www.BearStearnsERISAsettlement.com or by a requesting a copy from Co-Lead Class Counsel.

To date, neither Plaintiffs' Counsel nor any additional Plaintiffs' counsel have received any payment for their services in prosecuting this Action on behalf of the Settlement Class, nor have counsel been reimbursed for their out-of-pocket expenses. The fee requested by Co-Lead Class Counsel (on behalf of Plaintiffs' Counsel) would compensate appointed counsel for their efforts in achieving the Settlement for the benefit of the Settlement Class and for their risk in undertaking this representation on a contingency basis. The Court will determine the actual amount of the award.

## OBJECTIONS

### 13. How do I tell the Court if I don't like the Settlement?

Any member of the Settlement Class may appear at the Fairness Hearing and explain why they think the Settlement of the Action against the Defendants as embodied in the Settlement Agreement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon, why the attorneys' fees and expenses should not be awarded, in whole or in part, or why the Named Plaintiffs should not be awarded a Case Contribution Award, in whole or in part provided, however, that no member of the Settlement Class shall be heard or entitled to contest these matters unless such Settlement Class member has filed with the Court written objections (which state all supporting bases and reasons for the objection, set forth proof of their membership in the Settlement Class, clearly identify any and all witnesses, documents and other evidence of any kind that are to be presented at the Fairness Hearing in connection with such objections, and further describe the substance of any testimony to be given by themselves as well as by any supporting witnesses).

To object, you must send a letter or other written statement saying that you object to the Settlement, the attorneys' fee award, and/or the Case Contribution Awards in *In re Bear Stearns Companies ERISA Litigation*, No. 08 Civ. 2804 (RWS). Be sure to include your name, address, telephone number, signature, and a full explanation of all reasons you object to the Settlement. **Your written objection must be filed with the Court, and served upon the counsel listed below by no later than _____, 2012:**

**QUESTIONS?  CALL (866) 905-8101 TOLL FREE, OR VISIT**
**www.BearStearnsERISAsettlement.com**
**DO NOT CALL THE COURT OR DEFENDANTS, AS THEY CANNOT ANSWER YOUR QUESTIONS.**

**File with the Clerk of the Court:**

> Clerk of the Court
> United States District Court for the Southern District of New York
> Daniel Patrick Moynihan United States Courthouse
> 500 Pearl Street, New York, NY 10007-1312
> Re: Master File No.: 08 MDL No.1963 (RWS) - ERISA Action, No. 08 Civ. 2804 (RWS)

**And, by the same date, serve copies of all such papers by mail and fax to each of the following:**

**Co-Lead Class Counsel:**

| | |
|---|---|
| Lynn Lincoln Sarko | Joseph H. Meltzer |
| Derek W. Loeser | Peter H. LeVan, Jr. |
| KELLER ROHRBACK L.L.P. | KESSLER TOPAZ MELTZER & CHECK, LLP |
| 1201 Third Avenue, Suite 3200 | 280 King of Prussia Road |
| Seattle, WA 98101 | Radnor, PA 19087 |
| Facsimile: (206) 623-3384 | Facsimile: (610) 667-7056 |

**Counsel for Defendants:**

| | |
|---|---|
| Lewis R. Clayton | Paul Ondrasik, Jr. |
| PAUL, WEISS, RIFKIND, WHARTON & | STEPTOE & JOHNSON LLP |
| GARRISON, LLP | 1330 Connecticut Avenue NW |
| 1285 Avenue of the Americas | Washington, DC 20036 |
| New York, NY 10019 | Facsimile: (202) 429-3902 |
| Facsimile: (212) 757-3990 | |

> The Defendants' counsel listed above shall make further distribution of any objections served upon them to counsel for other Defendants.

**UNLESS OTHERWISE ORDERED BY THE COURT, ANY SETTLEMENT CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED HEREIN WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION TO THE PROPOSED SETTLEMENT AND THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND CASE CONTRIBUTION AWARDS.**

### THE COURT'S FAIRNESS HEARING

**14. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at __:00 __.m. on _____, 2012, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312.

**IF YOU DO NOT WISH TO OBJECT TO THE PROPOSED SETTLEMENT OR THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND CASE CONTRIBUTION AWARDS, YOU NEED NOT ATTEND THE FAIRNESS HEARING.**

At the hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to approve the Settlement and certify the Settlement Class. The Court will also consider the motions for attorneys' fees and

**QUESTIONS? CALL (866) 905-8101 TOLL FREE, OR VISIT**
**www.BearStearnsERISAsettlement.com**
**DO NOT CALL THE COURT OR DEFENDANTS, AS THEY CANNOT ANSWER YOUR QUESTIONS.**

expenses and Case Contribution Awards to Shelden Greenberg and Aaron Howard, the Named Plaintiffs, as well as the proposed Plan of Allocation. We do not know how long these decisions will take.

**15. Do I have to come to the hearing?**

Co-Lead Class Counsel will answer questions Judge Sweet may have at the Fairness Hearing. You are not required to attend the Fairness Hearing but are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, it will be before the Court when the Court considers whether to approve the Settlement as fair, reasonable, and adequate. You may also have your own lawyer attend the Fairness Hearing at your expense, but such attendance is not mandatory.

**16. May I speak at the hearing?**

If you are a member of the Settlement Class and you have filed a timely objection, if you wish to speak, present evidence or present testimony at the Fairness Hearing, you must state in your objection your intention to do so, and must identify any witnesses you intend to call or evidence you intend to present. The Fairness Hearing may be rescheduled by the Court without further notice to the Class. If you wish to attend the Fairness Hearing, you should confirm the date and time with Co-Lead Class Counsel.

## IF YOU DO NOTHING

**17. What happens if I do nothing at all?**

If you do nothing and you are a Settlement Class member, if the Settlement is approved, you will participate in the Settlement as described above in this Notice, and you will be deemed to have released all Released Claims against the Released Parties.

## GETTING MORE INFORMATION

**18. How do I get more information?**

This Notice summarizes the proposed Settlement. Full details of the Settlement are set forth in the Settlement Agreement. You may obtain a copy of the Settlement Agreement by making a written request to a member of Co-Lead Class Counsel listed on page 8. Copies of the Settlement Agreement as well as the Preliminary Approval Order may also be viewed at www.BearStearnsERISAsettlement.com.

Plaintiffs' Counsel have established a toll-free phone number to receive your comments and questions, (866) 905-8101 and may also be contacted via email at info@bearstearnserisasettlement.com.

DATED: _____, 2012. By Order of the Court

**QUESTIONS? CALL (866) 905-8101 TOLL FREE, OR VISIT**
**www.BearStearnsERISAsettlement.com**
**DO NOT CALL THE COURT OR DEFENDANTS, AS THEY CANNOT ANSWER YOUR**
**QUESTIONS.**

# EXHIBIT B
## to
# PRELIMINARY APPROVAL ORDER

## (Summary Notice)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BEAR STEARNS COMPANIES ERISA LITIGATION | Master File No.: 08 MDL No. 1963 (RWS) ERISA Action: No. 08 Civ. 2804 (RWS) |

## TO ALL MEMBERS OF THE FOLLOWING CLASS:

**(A) ALL PERSONS, WHO HAVE BEEN PARTICIPANTS IN THE BEAR STEARNS COMPANIES INC. EMPLOYEE STOCK OWNERSHIP PLAN, OR THE PREDECESSORS OR SUCCESSORS THERETO, AT ANY TIME BETWEEN AUGUST 1, 2007 AND MARCH 20, 2012 AND WHOSE ACCOUNTS INCLUDED INVESTMENTS IN BEAR STEARNS STOCK, AND (B) AS TO EACH PERSON WITHIN THE SCOPE OF SUBSECTION (A) OF SECTION 1.45 OF THE SETTLEMENT AGREEMENT, HIS, HER, OR ITS BENEFICIARIES, ALTERNATE PAYEES, REPRESENTATIVES AND SUCCESSORS IN INTEREST; PROVIDED, HOWEVER, THAT, NOTWITHSTANDING THE FOREGOING, THE SETTLEMENT CLASS SHALL NOT INCLUDE ANY OF THE DEFENDANTS OR IMMEDIATE FAMILY MEMBERS OF THE DEFENDANTS, EXCEPT FOR IMMEDIATE FAMILY, BENEFICIARIES, ALTERNATE PAYEES, REPRESENTATIVES OR SUCCESSORS IN INTEREST WHO THEMSELVES ARE MEMBERS OF THE SETTLEMENT CLASS WITH RESPECT TO THEIR OWN PLAN ACCOUNTS. (COLLECTIVELY, THE "SETTLEMENT CLASS").**

**PLEASE READ THIS NOTICE CAREFULLY.**
**THIS IS A COURT-ORDERED LEGAL NOTICE.**
**THIS IS NOT A SOLICITATION.**
**YOU HAVE NOT BEEN SUED.**

A proposed Settlement has been preliminarily approved by a federal court in the above-captioned class action lawsuit alleging breaches of fiduciary duties under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), in connection with the Plan identified above. The terms of the Settlement are contained in the Class Action Settlement Agreement, dated March 20, 2012 (the "Settlement Agreement"), a copy of which is available at www.BearStearnsERISAsettlement.com or by contacting Co-Lead Class Counsel identified below. Capitalized terms used in this Publication Notice and not defined herein have the meanings assigned to them in the Settlement Agreement.

The proposed Settlement provides for a payment of $10,000,000 (ten million dollars) to settle all claims against all Defendants. Under the proposed Settlement, the Net Proceeds, which will consist of the Settlement Fund less certain amounts described in the Settlement Agreement, including expenses associated with Class Notice, Court-approved attorneys' fees and expenses and Named Plaintiff Case Contribution Awards, taxes and other costs related to the administration of the Settlement Fund and implementation of the Plan of Allocation, will be paid to the Plan and will be allocated among qualifying members of the Settlement Class in accordance with the Plan of Allocation to be approved by the Court.

If you qualify, you may receive such an allocation. You do not need to submit a claim or take any other action unless you wish to object to the Settlement. The United States District Court for the Southern District of New York (the "Court") authorized this Notice.

**THE COURT WILL HOLD A HEARING AT __:00 __.M. ON _____, 2012 TO DECIDE WHETHER TO APPROVE THE SETTLEMENT.**

**ADDITIONAL INFORMATION CONCERNING THE PROPOSED SETTLEMENT, INCLUDING THE NOTICE OF CLASS ACTION SETTLEMENT THAT HAS BEEN MAILED TO SETTLEMENT CLASS MEMBERS THAT EXPLAINS HOW CLASS MEMBERS CAN OBJECT TO THE SETTLEMENT AND THE SETTLEMENT AGREEMENT IS AVAILABLE AT www.BearStearnsERISAsettlement.com. IN ADDITION, PLAINTIFFS' COUNSEL HAS ESTABLISHED A TOLL-FREE NUMBER, (866) 905-8101, AND EMAIL ADDRESS, info@bearstearnserisasettlement.com, TO ASSIST IN ANSWERING QUESTIONS REGARDING THE SETTLEMENT. YOU MAY ALSO CONTACT CO-LEAD CLASS COUNSEL AT:**

| | |
|---|---|
| Lynn Lincoln Sarko | Joseph H. Meltzer |
| Derek W. Loeser | Peter H. LeVan, Jr. |
| KELLER ROHRBACK L.L.P. | KESSLER TOPAZ MELTZER & |
| 1201 Third Avenue, Suite 3200 | CHECK, LLP |
| Seattle, WA 98101 | 280 King of Prussia Road |
| Facsimile: (206) 623-3384 | Radnor, PA 19087 |
| | Facsimile: (610) 667-7056 |

Please direct questions to Co-Lead Class Counsel, and not to the Court or to Defendants' Counsel.

DATED: _____, 2012          By Order of the Court

# EXHIBIT 2
## to
# CLASS ACTION SETTLEMENT AGREEMENT


## (Final Approval Order)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BEAR STEARNS COMPANIES ERISA LITIGATION | Master File No.: 08 MDL No. 1963 (RWS) |
| | ECF Case |
| This Document Relates To:<br>ERISA Action, No. 08 Civ. 2804 (RWS) | Honorable Robert W. Sweet |

## [PROPOSED] ORDER AND FINAL JUDGMENT

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA").

This matter came before the Court for a hearing pursuant to the Preliminary Approval Order of this Court entered on _____, 2012, on the application of Named Plaintiffs[1] for final approval of the Settlement set forth in the Class Action Settlement Agreement ("Settlement Agreement"), executed on March 20, 2012, and filed with the Court on March 20, 2012.

Before the Court are: (1) Named Plaintiffs' Motion for Final Approval of ERISA Class Action Settlement and for Settlement Class Certification (the "Final Approval Motion"); and (2) Co-Lead Class Counsel's Motion for Award of Attorneys' Fees, Expenses, and Named Plaintiff Case Contribution Awards (the "Fee and Expense Motion").

The Court has received declarations attesting to the mailing and publication of the Class Notice and Summary Notice in accordance with the Preliminary Approval Order. A hearing was

---

[1] Named Plaintiffs are Shelden Greenberg and Aaron Howard. All capitalized terms used in this Order and Final Judgment and not defined herein shall have the meanings assigned to them in the Settlement Agreement.

held on _____, 2012 (the "Fairness Hearing") to: (i) determine whether to grant the

Final Approval Motion; (ii) determine whether to grant the Fee and Expense Motion; and

(iii) rule upon such other matters as the Court deemed appropriate. The issues having been duly

heard and a decision having been duly reached, IT IS HEREBY ORDERED, ADJUDGED AND

DECREED as follows:

1.　　The Court has jurisdiction over the subject matter of this Action, and all

Parties to this Action, including all members of the Settlement Class.

2.　　In accordance with Federal Rule of Civil Procedure 23 and the

requirements of due process, the Settlement Class has been given proper and adequate notice of

the Settlement, Settlement Agreement, Fairness Hearing, Co-Lead Class Counsel's application

for attorneys' fees and expenses and for Named Plaintiff Case Contribution Awards, and the Plan

of Allocation, such notice having been carried out in accordance with the Preliminary Approval

Order. Such notice included individual notice to all members of the Settlement Class who could

be identified through reasonable efforts and provided valid, due and sufficient notice of these

proceedings and of the matters set forth therein, including information regarding the procedures

for making objections. Such notice fully satisfies the requirements of Fed. R. Civ. P. 23 and the

requirements of due process.

3.　　The Court finds that the requirements of the United States Constitution,

the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the

Southern District of New York, and any other applicable laws have been met as to the Settlement

Class defined below, in that:

a.　　The Settlement Class is cohesive and well defined;

b. The members of the Settlement Class are ascertainable from records kept with respect to the Plan, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

c. Based on allegations in the Complaint, there are one or more questions of fact and/or law common to the Settlement Class;

d. Based on allegations in the Complaint, the Defendants' alleged conduct affected members of the Settlement Class in a similar manner and the claims of Named Plaintiffs are typical of the claims of the Settlement Class;

e. The Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Named Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among Named Plaintiffs and the Settlement Class; and (iii) Named Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions;

f. The prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual Settlement Class members that would, as a practical matter, be dispositive of the interests of the other Settlement Class members not parties to the adjudications, or substantially impair or impede the ability of those persons to protect their interests; and

g.     Plaintiffs' Counsel are capable of fairly and adequately representing the interests of the Settlement Class in that Plaintiffs' Counsel: (i) have done extensive work identifying or investigating potential claims in this Action; (ii) have litigated the validity of those claims at the motion to dismiss stage of this case; (iii) are experienced in handling class actions and claims of the type asserted in this Action; (iv) are knowledgeable of the applicable law; and (v) have committed the necessary resources to represent the Settlement Class.

4.     Based on the findings set out in the paragraph above, for settlement purposes the Court certifies the Action as a non-opt-out class action under Fed. R. Civ. P. 23(a) and (b)(1), with the following Settlement Class:

> (a) all Persons, who have been participants in The Bear Stearns Companies Inc. Employee Stock Ownership Plan, or the predecessors or successors thereto, at any time between August 1, 2007 and the Agreement Execution Date and whose accounts included investments in Bear Stearns stock, and (b) as to each Person within the scope of subsection (a) of Section 1.45 of the Settlement Agreement, his, her, or its beneficiaries, alternate payees, Representatives and Successors in Interest; provided, however, that, notwithstanding the foregoing, the Settlement Class shall not include any of the Defendants or Immediate Family members of Defendants, except for Immediate Family, beneficiaries, alternate payees, Representatives or Successors in Interest who themselves are members of the Settlement Class with respect to their own Plan accounts.

5.     For settlement purposes, the Court also appoints Named Plaintiffs Shelden Greenberg and Aaron Howard as class representatives for the Settlement Class, and appoints Interim Co-Lead Class Counsel, Keller Rohrback L.L.P. and Kessler Topaz Meltzer & Check, LLP and Liaison Counsel, Dealy & Silberstein, LLP, as Plaintiffs' Counsel for the Settlement Class pursuant to Fed. R. Civ. P. 23(g).

6. Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the Settlement is fair, reasonable, and adequate and a compromise of the claims asserted in this Action. Specifically, the Court finds:

a. The Settlement was negotiated vigorously and at arm's-length by Co-Lead Class Counsel and counsel for Defendants;

b. This Settlement was reached with the assistance of an experienced mediator, who was thoroughly familiar with this litigation;

c. This Action was settled by experienced counsel who were fully informed of the facts and circumstances of this Action and of the strengths and weaknesses of their respective positions; and

d. At all times, Named Plaintiffs have acted independently of Defendants and in the interest of the Settlement Class.

7. The Final Approval Motion is therefore GRANTED, and the Settlement hereby is approved as fair, reasonable, and adequate to members of the Settlement Class. The Plan of Allocation is approved as fair and reasonable. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. The Settlement is finally approved in all respects, and the Parties are directed to implement the Settlement in accordance with the terms of the Settlement Agreement.

8. Co-Lead Class Counsel are hereby awarded attorneys' fees in the amount of $_____, which the Court finds to be fair and reasonable, and $_____ in reimbursement of Co-Lead Class Counsel's reasonable expenses incurred in prosecuting the ERISA Action. The attorneys' fees and expenses so awarded shall be paid exclusively out of the

Settlement Fund pursuant to the terms of the Settlement Agreement without additional contribution or payment by Defendants. Co-Lead Class Counsel shall allocate to Plaintiffs' Counsel, in such amounts as determined reasonable by Co-Lead Class Counsel in their discretion, a proportion of the awarded fees to counsel who performed work at the direction of Co-Lead Class Counsel or with respect to the Named Plaintiffs.

9. Named Plaintiffs are hereby awarded Case Contribution Awards in the amount of $_____ each, to be paid exclusively out of the Settlement Fund pursuant to the terms of the Settlement Agreement without additional contribution or payment by Defendants.

10. Use of the Settlement Agreement shall be limited to the terms set forth in Section 12 of the Settlement Agreement.

11. Without affecting the finality of this Judgment in any way, and subject to the arbitration provisions, as applicable, of the Settlement Agreement, this Court hereby retains continuing jurisdiction over: (a) implementation and enforcement of the Settlement Agreement and (b) hearing and determining applications for attorneys' fees, expenses, interest, and reimbursement of expenses in the Action.

12. Without further order of the Court, the Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

13. By operation of this Judgment and effective upon entry of this Final Order: (a) Named Plaintiffs, the Plan, and each member of the Settlement Class have absolutely and unconditionally released and forever discharged the Released Parties from the Released Claims as specified in the Settlement Agreement; (b) Defendants have absolutely and unconditionally released and forever discharged Named Plaintiffs, the Plan, and the Settlement Class from Defendants' Released Claims as specified in the Settlement Agreement.

14.     This Action and all claims asserted in it, as well as all of the Released Claims, are dismissed with prejudice as to Named Plaintiffs, the Settlement Class, and the Plan, and as against the Released Parties.  The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement or in this Order.

15.     In the event that the Settlement does not become Final in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, and the Action shall proceed in accordance with the Settlement Agreement.

16.     Under no circumstances shall this Order and Final Judgment be construed, deemed or used as an admission, concession or declaration by or against the Released Parties of any fault, wrongdoing, breach or liability and this Court makes no such finding or determination. Nor shall the Order be construed, deemed or used as an admission, concession or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in this Action in inappropriate, improper or unavailable, or as a waiver by any of the Parties of any defenses or claims he, she or it may have.

17.     Final Judgment shall be entered herein approving the Settlement of this Action.

SO ORDERED this _____ day of _____, 2012.


_____
The Honorable Robert W. Sweet
United States District Judge