UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BEAR STEARNS COMPANIES ERISA LITIGATION | Master File No. 08 MDL No. 1963 (RWS) |
| | Honorable Robert W. Sweet |
| This Document Relates To: ERISA Action, No. 08 Civ. 2804 (RWS) | JUDGE SWEET CHAMBERS |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASS AND APPOINTING PLAINTIFFS' COUNSEL, APPROVING FORM AND MANNER OF NOTICE, AND SETTING FAIRNESS HEARING DATE**

The above-captioned action (the "Action") involves consolidated actions asserting claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to The Bear Stearns Companies Inc. Employee Stock Ownership Plan (the "Plan").

Presented to the Court for preliminary approval is a Settlement[1] of the Action as against all Defendants.[2] The terms of the Settlement are set out in the Class Action Settlement Agreement (the "Settlement Agreement"), executed on March 20, 2012, by Co-Lead Class Counsel and counsel for Defendants.

The Court has considered the proposed Settlement to determine, among other things, whether to certify a class for settlement purposes and whether the Settlement is sufficient to

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

[2] Defendants are The Bear Stearns Companies, Inc., Henry S. Bienen, Kathleen Cavallo, James E. Cayne, Carl D. Glickman, Michael Goldstein, Alan C. Greenberg, Donald J. Harrington, Stephen Lacoff, Jeffrey Mayer, Samuel L. Molinaro, Jr., Frank T. Nickell, Paul A. Novelly, Frederic V. Salerno, Alan D. Schwartz, Warren J. Spector, Robert Steinberg, Vincent Tese, and Wesley S. Williams, Jr.

warrant the issuance of notice to members of the Settlement Class.  Upon reviewing the

Settlement Agreement and the Named Plaintiffs' Motion for Order Preliminarily Approving

Settlement, Preliminarily Certifying Settlement Class and Appointing Plaintiffs' Counsel,

Approving Form and Manner of Notice, and Setting Fairness Hearing Date and the

Memorandum in Support thereof, it is hereby ORDERED that:

      1.     This Court has jurisdiction over the subject matter of this Action pursuant

to 18 U.S.C. § 1332(d), and jurisdiction over the Settlement Class members described in

paragraph 4 below.

      2.     *Preliminary Findings Regarding Proposed Settlement*: The Court

preliminarily finds that the proposed Settlement should be approved as: (a) fair, adequate, and

reasonable to those it affects and consistent with the public interest; (b) the product of serious,

informed, arm's-length, and non-collusive negotiations; (c) having no obvious deficiencies;

(d) not improperly granting preferential treatment to Named Plaintiffs or segments of the

Settlement Class; (e) falling within the range of possible approval; and (f) warranting notice to

Settlement Class members of a formal final approval hearing ("Fairness Hearing"), at which

evidence may be presented in support of and in opposition to the proposed Settlement.  The

Parties are authorized and directed to take all actions that may be required prior to final approval

of the Settlement by the Court, as set forth in the Settlement Agreement.

      3.     *Class Findings*: For purposes of the proposed Settlement only, the Court

preliminarily finds that the requirements of the United States Constitution, the Federal Rules of

Civil Procedure, the Local Rules of the United States District Court for the Southern District of

New York, and any other applicable laws have been met as to the class defined below, in that:

      a.     The Settlement Class is cohesive and well defined;

b.      The members of the Settlement Class are ascertainable from records kept with respect to the Plan, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

c.      Based on allegations in the Complaint, there are one or more questions of fact and/or law common to the Settlement Class;

d.      Based on allegations in the  Complaint, the Defendants' alleged conduct affected members of the Settlement Class in a similar manner and the claims of Named Plaintiffs are typical of the claims of the Settlement Class;

e.      Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Named Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among Named Plaintiffs and the Settlement Class; and (iii) Named Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions;

f.      The prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual Settlement Class members that would, as a practical matter, be dispositive of the interests of the other Settlement Class members not parties to the adjudications, or substantially impair or impede the ability of those persons to protect their interests; and

3

        g.     Plaintiffs' Counsel are capable of fairly and adequately representing the interests of the Settlement Class in that Plaintiffs' Counsel: (i) have done extensive work identifying or investigating potential claims in this Action; (ii) have litigated the validity of those claims at the motion to dismiss stage of this case; (iii) are experienced in handling class actions and claims of the type asserted in this Action; (iv) are knowledgeable of the applicable law; and (v) have committed the necessary resources to represent the Settlement Class.

        4.     *Class Certification*: For purposes of the proposed Settlement only, and based on the findings set out in paragraph 3 above, the Court preliminarily certifies the Action as a non-opt-out class action under Fed. R. Civ. P. 23(a) and (b)(1), with the following class for settlement purposes, as set forth in the Settlement Agreement ¶ 1.45:

> (a) all Persons, who have been participants in The Bear Stearns Companies Inc. Employee Stock Ownership Plan, or the predecessors or successors thereto, at any time between August 1, 2007 and the Agreement Execution Date and whose accounts included investments in Bear Stearns stock, and (b) as to each Person within the scope of subsection (a) of Section 1.45 of the Settlement Agreement, his, her, or its beneficiaries, alternate payees, Representatives and Successors in Interest; provided, however, that, notwithstanding the foregoing, the Settlement Class shall not include any of the Defendants or Immediate Family members of Defendants, except for Immediate Family, beneficiaries, alternate payees, Representatives or Successors in Interest who themselves are members of the Settlement Class with respect to their own Plan accounts.

        5.     For purposes of the proposed Settlement only, the Court appoints Named Plaintiffs Shelden Greenberg and Aaron Howard as class representatives for the Settlement Class, and appoints Interim Co-Lead Class Counsel, Keller Rohrback L.L.P. and Kessler Topaz Meltzer & Check, LLP and Liaison Counsel, Dealy & Silberstein, LLP as Plaintiffs' Counsel for the Settlement Class.

6.    *Notice*: Named Plaintiffs have presented to the Court proposed forms of Class Notice and a Summary Notice, which are attached to the Settlement Agreement as Exhibits 1.A and 1.B, respectively.  The Court finds that the form and substance of the Class Notice and the Summary Notice satisfy the requirements of due process and the Federal Rules of Civil Procedure.  The Court directs the Parties to disseminate the Class Notice and the Summary Notice as proposed in the Settlement Agreement, ¶ 2.3.2, and that non-substantive changes may be made to the Class Notice and the Summary Notice by agreement of the Parties without further order of the Court.

a.    The Class Notice, with blanks completed and such non-substantive modifications thereto as may be agreed upon by the Parties, shall be mailed, by first-class mail, postage prepaid, to the last known address of each member of the Class who can be identified by reasonable effort not less than sixty (60) days before the Fairness Hearing.  The Summary Notice shall be published in *USA Today* and on *Business Wire* not less than sixty (60) days before the Fairness Hearing.  The Preliminary Approval papers, Class Notice, Summary Notice and the Settlement Agreement and its Exhibits shall be published on www.BearStearnsERISAsettlement.com not less than sixty (60) days before the Fairness Hearing.

b.    Co-Lead Class Counsel shall file with the Court a proof of timely compliance with the foregoing publication requirements no later than seven (7) days before the Fairness Hearing.

c.    The Parties shall reasonably cooperate with one another to accomplish the requirements of this paragraph, as provided in the Settlement Agreement, ¶ 4.3.

The costs and expenses of preparing and disseminating the Class Notice and Summary Notice shall be paid from the Settlement Fund, pursuant to the Settlement Agreement.

7.     *Final Approval*: Co-Lead Class Counsel shall file their Final Approval Motion, on behalf of Plaintiffs' Counsel, including their request for approval of the Plan of Allocation, petition for attorneys' fees and reimbursement of expenses, and petition for Named Plaintiffs' Case Contribution Awards, no later than thirty (30) days before the Fairness Hearing. Co-Lead Class Counsel shall post their Final Approval Motion, including their request for approval of the Plan of Allocation, petition for attorneys' fees and reimbursement of expenses, and petition for Named Plaintiffs' Case Contribution Awards on www.BearStearnsERISAsettlement.com no later than thirty (30) days before the Fairness Hearing.

8.     *Fairness Hearing*: A hearing is scheduled for ~~September 19, 2012~~ at noon 2012 (the "Fairness Hearing") to determine, among other things:

a.     whether the Settlement should be approved by the Court as fair, reasonable, and adequate;

b.     whether the proposed Settlement Class satisfies Fed. R. Civ. P. 23(a) and (b)(1) and therefore should be certified for purposes of Settlement;

c.     whether this Action should be dismissed with prejudice;

d.     whether the Class Notice and Summary Notice and the means of disseminating the same pursuant to the Settlement Agreement (i) are appropriate and reasonable and constitute due, adequate, and sufficient notice to all persons entitled to notice; and (ii) meet all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

6

e. whether the application for attorneys' fees and expenses filed by Co-Lead Class Counsel on behalf of Plaintiffs' Counsel should be approved;

f. whether the application for Case Contribution Awards for Named Plaintiffs should be approved;

g. whether the Court should enforce the Settlement Agreement in all other respects; and

h. such other matters as the Court deems appropriate.

9. *Objections to Settlement*: Any member of the Settlement Class may file comments and/or objections to the Settlement, the Plan of Allocation, the award of attorneys' fees and reimbursement of expenses, and/or the Named Plaintiffs' Case Contribution Awards with the Court no later than fourteen (14) days before the Fairness Hearing and serve the objection(s) on counsel as follows:

**FOR FILING:**

> Clerk of Court
> United States District Court
>   for the Southern District of New York
> 500 Pearl Street
> New York, NY 10007
> Re: ERISA Case No. 08 Civ. 2804 (RWS)

**TO CO-LEAD CLASS COUNSEL:**

| | |
|---|---|
| Lynn Lincoln Sarko | Joseph H. Meltzer |
| Derek W. Loeser | Peter H. LeVan, Jr. |
| Keller Rohrback L.L.P. | Kessler Topaz Meltzer & Check, LLP |
| 1201 Third Avenue, Suite 3200 | 280 King of Prussia Road |
| Seattle, WA 98101 | Radnor, PA 19087 |
| Facsimile: (206) 623-3384 | Facsimile: (610) 667-7056 |

**TO DEFENDANTS' COUNSEL:**

Lewis R. Clayton
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP
1285 Avenue of the Americas
New York, NY  10019
Facsimile: (212) 757-3990

*Counsel for The Bear Stearns Companies, Inc., Kathleen Cavallo, Stephen Lacoff, and Robert Steinberg*

Paul Ondrasik, Jr.
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC  20036
Facsimile: (202) 429-3902

*Counsel for The Bear Stearns Companies, Inc., Kathleen Cavallo, Stephen Lacoff, and Robert Steinberg*

The Defendants' counsel listed above shall make further distribution of any objections served upon them to counsel for other Defendants.

Comments or objections must be filed with the Court and postmarked no later than fourteen (14) days before the Fairness Hearing and shall indicate the name of the case, the objector's name and contact information, a statement of the objections and a summary of reasons for so objecting, copies of any documents upon which the objection is based, and a statement of whether the objector or the objector's lawyer will ask to speak at the Fairness Hearing.  All properly submitted objections shall be considered by the Court.

10.     *Appearance at Fairness Hearing*: Attendance at the Fairness Hearing is not necessary.  However, any objector who files and serves a timely, written objection in accordance with paragraph 10 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address and telephone number of the objector's attorney) on Co-Lead Class Counsel and Defendants' counsel (at the addresses set forth above) and file it with the Court by no later

8

than fourteen (14) days before the Fairness Hearing.  An objector's written notice of intention to appear must also identify any witnesses they may call to testify and exhibits they intend to introduce as evidence at the Fairness Hearing.  Any objector who does not timely file and serve a written notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

11.    *Waiver of Objection*:  Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of paragraphs 9 and 10 shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

12.    *Service of Papers*: The Parties shall promptly furnish each other with copies of any and all objections and notices of intention to appear at the Fairness Hearing that come into their possession.

13.    *Reply or Response*: The Court will consider any reply in support of Plaintiffs' Final Approval Motion, including approval of the Plan of Allocation, Co-Lead Class Counsel's attorneys' fees and expenses, and Named Plaintiffs' Case Contribution Awards or response to any objection if it is filed no later than seven (7) days before the Fairness Hearing.

14.    *Termination of Settlement*: This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of March 19, 2012 (pursuant to the provisions of paragraph 10.2.2 of the Settlement Agreement), if the Settlement is terminated under the terms of the Settlement Agreement.  In such event, article 10 of the Settlement Agreement shall govern the rights of the Parties.

15.     *Use of Order*: Under no circumstances shall this Order be construed, deemed or used as an admission, concession or declaration by or against any of the Defendants of any fault, wrongdoing, breach, liability, or that the Action should be maintained as a class action.  Nor shall the Order be construed, deemed or used as an admission, concession or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable, or as a waiver by any Party of any defenses or claims he, she or it may have, including, but not limited to, any objections by Defendants to class certification in the event the Settlement Agreement is terminated.  Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only.  Neither the fact of, nor any provision contained in, the Settlement Agreement or its exhibits, nor any actions taken thereunder, shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or the validity of any defense that has been, could have been or in the future might be asserted.

16.     *Jurisdiction*: The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2012.

_____
The Honorable Robert W. Sweet
United States District Judge

# EXHIBIT A
## to
# PRELIMINARY APPROVAL ORDER

# (Class Notice)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BEAR STEARNS COMPANIES ERISA LITIGATION | Master File No.: 08 MDL No. 1963 (RWS) ERISA Action: No. 08 Civ. 2804 (RWS) |

## NOTICE OF PROPOSED SETTLEMENT OF ERISA CLASS ACTION LITIGATION, SETTLEMENT FAIRNESS HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND PROPOSED NAMED PLAINTIFFS' CASE CONTRIBUTION AWARDS

**Your legal rights might be affected if you are a member of the preliminarily approved Class:**
(a) all Persons, who have been participants in The Bear Stearns Companies Inc. Employee Stock Ownership Plan, or the predecessors or successors thereto, at any time between August 1, 2007 and March 20, 2012 and whose accounts included investments in Bear Stearns stock, and (b) as to each Person within the scope of subsection (a) of Section 1.45 of the Settlement Agreement, his, her, or its beneficiaries, alternate payees, Representatives and Successors in Interest; provided, however, that, notwithstanding the foregoing, the Settlement Class shall not include any of the Defendants or Immediate Family members of Defendants, except for Immediate Family, beneficiaries, alternate payees, Representatives or Successors in Interest who themselves are members of the Settlement Class with respect to their own Plan accounts.

## PLEASE READ THIS NOTICE CAREFULLY. A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION. YOU HAVE NOT BEEN SUED.

This notice ("Notice") advises you of a proposed settlement (the "Settlement") of a consolidated class action lawsuit brought by plaintiffs Shelden Greenberg and Aaron Howard (collectively, the "Named Plaintiffs") on behalf of themselves, the Plan (referred to above), and as representatives of a class described herein (the "Settlement Class") against the Defendants Bear Stearns and the other persons named personally or fictitiously as defendants in the lawsuit. The Named Plaintiffs and the Defendants are referred to herein as the "Parties." The litigation is referred to as the "Action." The United States District Court for the Southern District of New York (the "Court") has preliminarily approved the Settlement, and has scheduled a hearing to evaluate the fairness and adequacy of the Settlement, at which the Court will consider Named Plaintiffs' motion for final approval of the Settlement and for class certification, motion for approval of a proposed Plan of Allocation, and motion for an award of attorneys' fees and expenses and for Case Contribution Awards to Shelden Greenberg and Aaron Howard, the Named Plaintiffs. That hearing, before the Hon. Robert W. Sweet, has been scheduled for _____, 2012, at __:00 __.m. in Courtroom 18C, of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York. The terms of the Settlement are contained in a Class Action Settlement Agreement (the "Settlement Agreement"), a copy of which is available at www.BearStearnsERISAsettlement.com or by contacting Plaintiffs' Co-Lead Class Counsel identified below. Capitalized terms used in this Notice and not defined herein have the meanings assigned to them in the Settlement Agreement. The Settlement will provide for payments to the Plan and for allocation of those payments to the accounts of, or otherwise for the benefit of, the Settlement Class. The Settlement is summarized below.

Any questions regarding the Settlement should be directed to Co-Lead Class Counsel: Lynn Lincoln Sarko or Derek W. Loeser, Keller Rohrback L.L.P., 1201 Third Avenue, Suite 3200, Seattle, WA 98101 and Joseph H. Meltzer or Peter H. LeVan, Jr., Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087. Plaintiffs' Co-Lead Class Counsel have established a toll-free phone number, (866) 905-8101, if you have questions or comments. Plaintiffs' Co-Lead Class Counsel may also be contacted via email (info@bearstearnserisasettlement.com). Please do not contact the Court or the Defendants. They will not be able to answer your questions.

## QUESTIONS? CALL (866) 905-8101 TOLL FREE, OR VISIT
### www.BearStearnsERISAsettlement.com
## DO NOT CALL THE COURT OR DEFENDANTS, AS THEY CANNOT ANSWER YOUR QUESTIONS.

1

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED IN THIS MATTER. YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY IN THIS CASE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU NEED NOT DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.**

| ACTIONS YOU MAY TAKE IN THE SETTLEMENT | |
|---|---|
| NO ACTION IS NECESSARY TO RECEIVE PAYMENT. | If the Settlement is approved by the Court and you are a member of the Settlement Class, you do not need to do anything in order to receive a payment. The portion, if any, of the Net Proceeds of the Settlement Fund to be allocated to your Plan account or otherwise for your benefit will be calculated as part of the implementation of the Settlement. <br> If you are a current participant in the Plan, any share of the Net Proceeds to which you are entitled will be deposited into your Plan account(s). If you are no longer a Plan participant and are entitled to share in the Net Proceeds, a Plan account will be established for you, if necessary, and you will be notified of such account. |
| YOU CAN OBJECT (NO LATER THAN _____). | If you wish to object to any part of the Settlement, you can write to the Court and counsel and explain why you do not like the Settlement. |
| YOU CAN GO TO THE HEARING ON _____ | If you have submitted a written objection to the Court and counsel, as explained below, you can ask to speak in Court about the fairness of the Settlement. |

| WHAT THIS NOTICE CONTAINS |
|---|

SUMMARY OF SETTLEMENT ........................................................................................3

BASIC INFORMATION...............................................................................................4
    1.    Why did I get this Notice package? ...................................................................4
    2.    What is the lawsuit about? What has happened so far? ........................................5
    3.    Why is this case a class action?......................................................................5
    4.    Why is there a Settlement?............................................................................5
    5.    How do I know whether I am part of the Settlement Class?...................................6
    6.    What does the Settlement provide?...................................................................6
    7.    Will I receive a share of the Settlement Fund? ...................................................7
    8.    How can I get my portion of the recovery?........................................................7
    9.    When would I receive my payment?..................................................................7
    10.   Can I exclude myself from the Settlement? ........................................................7

THE LAWYERS REPRESENTING YOU ...........................................................................8
    11.   Do I have a lawyer in the case?.......................................................................8

**QUESTIONS? CALL (866) 905-8101 TOLL FREE, OR VISIT**
**www.BearStearnsERISAsettlement.com**
**DO NOT CALL THE COURT OR DEFENDANTS, AS THEY CANNOT ANSWER YOUR QUESTIONS.**

12.     How will the lawyers be paid?............................................................................................8
**OBJECTIONS**...............................................................................................................................**8**
13.     How do I tell the Court if I don't like the Settlement?......................................................8
**THE COURT'S FAIRNESS HEARING** ..............................................................................**9**
14.     When and where will the Court decide whether to approve the Settlement? ...................9
15.     Do I have to come to the hearing? ...................................................................................10
16.     May I speak at the hearing? ............................................................................................10
**IF YOU DO NOTHING** ............................................................................................................**10**
17.     What happens if I do nothing at all? ...............................................................................10
**GETTING MORE INFORMATION**.........................................................................................**10**
18.     How do I get more information?......................................................................................10

This Action is a consolidation of a series of cases filed in federal district court. As described in more detail below and in the complaints themselves, the cases concern allegations that the Defendants breached fiduciary duties they owed to participants in the Plan. Copies of the Second Amended Consolidated Class Action Complaint For Violations Of The Employee Retirement Income Security Act (the "Complaint") and other documents filed in this Action are available at www.BearStearnsERISAsettlement.com.

### SUMMARY OF SETTLEMENT

A Settlement Fund has been established consisting of a deposit of $10,000,000 (ten million dollars) in cash paid by or on behalf of the Defendants, plus interest earned thereon. The Net Proceeds, which will consist of the Settlement Fund less certain amounts described in the Settlement Agreement, including expenses associated with Class Notice, Court-approved attorneys' fees and expenses and Case Contribution Awards, taxes and other costs related to the administration of the Settlement Fund and implementation of the Plan of Allocation, will be allocated among the Settlement Class in accordance with the Plan of Allocation to be approved by the Court. (*See* Question 7 below for details of the Plan of Allocation).

The Settlement Class consists of the following persons: (a) all Persons, who have been participants in The Bear Stearns Companies Inc. Employee Stock Ownership Plan, or the predecessors or successors thereto, at any time between August 1, 2007 and March 20, 2012 and whose accounts included investments in Bear Stearns stock, and (b) as to each Person within the scope of subsection (a) of Section 1.45 of the Settlement Agreement, his, her, or its beneficiaries, alternate payees, Representatives and Successors in Interest; provided, however, that, notwithstanding the foregoing, the Settlement Class shall not include any of the Defendants or Immediate Family members of Defendants, except for Immediate Family, beneficiaries, alternate payees, Representatives or Successors in Interest who themselves are members of the Settlement Class with respect to their own Plan accounts.

As with any litigation, the Parties would face an uncertain outcome if this Action were to continue against the Defendants. Continued litigation of this Action against the Defendants could result in a judgment or verdict greater or less than the recovery under the Settlement Agreement, or in no recovery at all. This litigation has been hotly contested from the outset. Throughout this litigation, the Named Plaintiffs and the Defendants have disagreed on both liability and damages, and they do not agree on the amount that would be recoverable even if the Plaintiffs were to prevail at trial. The Settlement is not, and should not be construed as, an admission of any fault, liability or wrongdoing whatsoever by any of the Defendants, who continue to deny all such claims. The Defendants, among other things: (1) have denied, and continue to deny, the material allegations of the Complaint; (2) have denied, and continue to deny, any wrongdoing or liability whatsoever; (3) believe that they acted at all times reasonably and prudently and in accordance with applicable law with respect to the Plan, its participants and beneficiaries, and the Settlement Class; (4) would assert certain other defenses if this Settlement is not

**QUESTIONS?  CALL (866) 905-8101 TOLL FREE, OR VISIT**
**www.BearStearnsERISAsettlement.com**
**DO NOT CALL THE COURT OR DEFENDANTS, AS THEY CANNOT ANSWER YOUR**
**QUESTIONS.**

consummated; and (5) are entering into the Settlement solely to avoid the cost, disruption, and uncertainty of litigation. Nevertheless, the Parties have taken into account the uncertainty and risks inherent in this litigation, particularly its complex nature, and have concluded that it is desirable that this Action be fully and finally settled on the terms and conditions set forth in the Settlement Agreement.

Co-Lead Class Counsel, on behalf of Plaintiff's Counsel, in this Action will apply to the Court for an order awarding attorneys' fees not in excess of $3 million (30% of the Settlement Fund), plus reimbursement of expenses. Shelden Greenberg and Aaron Howard, the Named Plaintiffs in this Action, will share in the allocation of the money paid to the Plan on the same basis and to the same extent as all other members of the Class, except that, in addition, the Named Plaintiffs may apply to the Court for a Case Contribution Award of up to $10,000 each. Any Case Contribution Award granted to Named Plaintiffs Shelden Greenberg and Aaron Howard by the Court will be payable from the Settlement Fund.

## BASIC INFORMATION

### 1.  Why did I get this Notice package?

Either you or someone in your family may have been a participant in or beneficiary of the Plan and may have had a portion of your, his or her Plan account(s) invested in Bear Stearns stock during the Class Period. The Court has directed that this Notice be sent to you because, as a potential member of the Settlement Class, you have a right to know about the proposed Settlement with the Defendants before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and all related objections and appeals are favorably resolved, the net amount of the Settlement Fund will be allocated among the Settlement Class according to a Court-approved Plan of Allocation, and the Released Parties will be released from all Released Claims, as set forth in the Settlement Agreement.

This Notice explains the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how you may receive a portion of the benefits. The purpose of this Notice is to inform you of a hearing (the "Fairness Hearing") to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Settlement and to consider the application of Co-Lead Class Counsel (on behalf of Plaintiffs' Counsel) for an award of attorneys' fees and reimbursement of litigation expenses as well as an application for Case Contribution Awards to Shelden Greenberg and Aaron Howard, the Named Plaintiffs.

The Fairness Hearing will be held at __:00 __.m. on _____, 2012, before the Honorable Robert W. Sweet in the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, to determine:

(a)  Whether the Settlement should be approved as fair, reasonable, and adequate;

(b)  Whether the Complaint should be dismissed with prejudice pursuant to the terms of the Settlement;

(c)  Whether the Class Notice and the means of dissemination thereof pursuant to the Settlement Agreement: (i) are appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (ii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

(d)  Whether the Settlement Class should be certified pursuant to Fed. R. Civ. P. 23(a) & (b) for purposes of the Settlement and, with respect thereto, whether Plaintiffs' Counsel should be appointed as Class Counsel pursuant to Fed. R. Civ. P. 23(g);

(e)  Whether the application for attorneys' fees and expenses filed by Co-Lead Class Counsel (on behalf of Plaintiffs' Counsel) should be approved; and

(f)  Whether the application for Case Contribution Awards for the Named Plaintiffs should be approved.

The issuance of this Notice is not an expression of the Court's opinion on the merits of any claim in this Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payment

**QUESTIONS?  CALL (866) 905-8101 TOLL FREE, OR VISIT**
**www.BearStearnsERISAsettlement.com**
**DO NOT CALL THE COURT OR DEFENDANTS, AS THEY CANNOT ANSWER YOUR**
**QUESTIONS.**

to the Settlement Class will be made after all related appeals, if any, are favorably resolved. It is always uncertain whether such appeals can be favorably resolved, and resolving them can take time, perhaps more than a year. Please be patient.

### 2. What is the lawsuit about? What has happened so far?

In this Action, the Named Plaintiffs allege, among other things, that the Defendants were fiduciaries of the Plan and violated fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") by allowing the Plan to invest in Bear Stearns stock when it was allegedly an unsuitable and imprudent investment for the Plan. The Named Plaintiffs further allege that the Defendants violated ERISA by failing to avoid conflicts of interest and failing to monitor the performance of other fiduciaries, or otherwise prevent or remedy breaches of duty by other fiduciaries. Plaintiffs sought to recover from the Defendants losses to the Plan allegedly caused by the Defendants' alleged misconduct.

The Defendants deny that they have any liability to the Plan or its participants or beneficiaries. If the litigation were to continue, the Defendants would raise numerous defenses to liability, including the following:

- They were not fiduciaries of the Plan, or, if they were fiduciaries, their fiduciary duties did not extend to the matters at issue in the Action;

- To the extent they were fiduciaries as to the matters at issue in the Action, they fully discharged all fiduciary duties in a manner wholly consistent with ERISA and the applicable body of case law interpreting ERISA; and

- Even if they failed to discharge one or more of their ERISA fiduciary duties, any such breach of fiduciary duty did not cause the losses alleged by the Named Plaintiffs.

This Settlement is the product of intense, arm's-length negotiations between Co-Lead Class Counsel and Defendants' Counsel facilitated through a nationally-recognized mediator with substantial experience mediating litigation of this type. Counsel conducted numerous meetings and conferences in which the terms of the Settlement were extensively debated and negotiated.

### 3. Why is this case a class action?

In a class action, one or more plaintiffs, called "named plaintiffs," sue on behalf of people who have similar claims. All of the individuals on whose behalf the Named Plaintiffs in this Action are suing are members of a "class" referred to in this Notice as members of the Settlement Class. The Court resolves the issues for all members of the Settlement Class. United States District Judge Robert W. Sweet is presiding over this case.

### 4. Why is there a Settlement?

The Court has not expressed any opinions or reached any decisions whatsoever on the ultimate merits of the Named Plaintiffs' claims against the Defendants. Instead, the Named Plaintiffs and the Defendants have agreed to a settlement to resolve the Action. In reaching the Settlement, they have avoided the cost and time of a trial. As with any litigation, the Named Plaintiffs would face an uncertain outcome if this case proceeded, including the risk of dismissal upon pending and future motions as well as the risk of not prevailing at trial. On the one hand, pursuing the case against the Defendants could result in a verdict offering relief greater than this Settlement. On the other hand, continuing the case against the Defendants could result in a verdict for less money than the Named Plaintiffs have obtained in this Settlement, or even in no recovery at all. Based on these risks and an evaluation of the particular risks presented by this case, the Named Plaintiffs and Co-Lead Class Counsel believe the Settlement is in the best interests of all Settlement Class members. Additional information concerning the Settlement and these factors is available in the motion for preliminary approval of the Settlement Agreement, which may be obtained at www.BearStearnsERISAsettlement.com.

**QUESTIONS? CALL (866) 905-8101 TOLL FREE, OR VISIT**
**www.BearStearnsERISAsettlement.com**
**DO NOT CALL THE COURT OR DEFENDANTS, AS THEY CANNOT ANSWER YOUR QUESTIONS.**

This Settlement is the product of extensive arm's-length negotiations between Plaintiffs' Co-Lead Class Counsel and the Defendants' Counsel, all of whom are very experienced with respect to litigation of this type. Plaintiffs' Co-Lead Class Counsel believe that the proposed Settlement is fair, reasonable and adequate and in the best interest of the Settlement Class.

### 5.   How do I know whether I am part of the Settlement Class?

The Court has preliminarily certified this Action as a class action. The Settlement Class consists of the following: (a) all Persons, who have been participants in The Bear Stearns Companies Inc. Employee Stock Ownership Plan, or the predecessors or successors thereto, at any time between August 1, 2007 and March 20, 2012 and whose accounts included investments in Bear Stearns stock, and (b) as to each Person within the scope of subsection (a) of Section 1.45 of the Settlement Agreement, his, her, or its beneficiaries, alternate payees, Representatives and Successors in Interest; provided, however, that, notwithstanding the foregoing, the Settlement Class shall not include any of the Defendants or Immediate Family members of Defendants, except for Immediate Family, beneficiaries, alternate payees, Representatives or Successors in Interest who themselves are members of the Settlement Class with respect to their own Plan accounts.

If you are a member of the Settlement Class, your share of the Settlement Fund, if any, will be determined by the Court-approved Plan of Allocation, described generally in Question 7 below.

### 6.   What does the Settlement provide?

A Settlement Fund consisting of $10,000,000 (ten million dollars) in cash, plus interest, is being established in the Action. The net amount in the Settlement Fund (after disbursements and reserves for certain amounts as described in the Settlement Agreement, including expenses associated with Class Notice, Court-approved attorneys' fees and expenses and Named Plaintiff Case Contribution Awards, taxes and other costs related to the administration of the Settlement Fund and implementation of the Plan of Allocation) (the "Net Proceeds")) will be paid to the Plan and allocated among and paid to members of the Settlement Class according to a Plan of Allocation to be approved by the Court. Allocations will be made to Plan accounts established for members of the Settlement Class. Disbursement of the Net Proceeds of the Settlement Fund to the Settlement Class will occur once the Settlement has become Final—which will be after all appeals relating to the Settlement are favorably decided and all appeal periods have expired.

In exchange for the Settlement Amount, upon entry of judgment by the Court, all Settlement Class members and anyone claiming through them are deemed to fully release the Released Claims, and are forever enjoined from bringing any of the Released Claims against any Released Party. The Released Parties are defined in the Settlement Agreement; generally they are the Defendants and certain affiliated or otherwise related persons and entities. The Released Claims, also defined in the Settlement Agreement, generally include, subject to certain limitations set forth in the Settlement Agreement, all claims asserted in the Action, as well as any claims that could have been asserted in any forum by or on behalf of Settlement Class members which arise out of or are based on the allegations, transactions, facts, matters or occurrences, representations or omissions out of which the claims in the Action arise. This means that Settlement Class members will not have the right to sue the Released Parties for any such claims if the Settlement is approved. The Released Claims do not include the claims asserted in the above-captioned MDL, including, but not limited to all actions that have been or will be consolidated with and/or deemed related to the lead securities case, *In re The Bear Stearns Cos., Inc. Securities Litigation*, No. 08 Civ. 2793 (RWS), and the lead derivative case, *Cohen v. The Bear Stearns Cos., Inc., et al.*, No. 07 Civ. 10453 (RWS), pending in the United States District Court for the Southern District of New York, which are separate lawsuits and are not affected by this Settlement.

**QUESTIONS?  CALL (866) 905-8101 TOLL FREE, OR VISIT**
**www.BearStearnsERISAsettlement.com**
**DO NOT CALL THE COURT OR DEFENDANTS, AS THEY CANNOT ANSWER YOUR**
**QUESTIONS.**

6

### 7.  Will I receive a share of the Settlement Fund?

By _____, 2012, Co-Lead Class Counsel will submit a detailed Plan of Allocation to the Court for approval at or after the Fairness Hearing. The Plan of Allocation, which, after filing, may be obtained at www.BearStearnsERISAsettlement.com, or by contacting Plaintiffs' Counsel, will describe the manner by which the Net Proceeds from the Settlement Fund, after being paid into the Plan, will be distributed to Settlement Class members.  In general terms, the Net Proceeds of the Settlement Fund will be allocated to Settlement Class members on a pro rata basis such that the amount received will depend on a Settlement Class member's calculated loss, relative to the losses of other Settlement Class members, related to Plan investments in Bear Stearns stock. Because the Net Proceeds of the Settlement Fund will be less than the total losses alleged to be suffered in the Action, a Settlement Class member's proportionate recovery will be less than his or her alleged loss. If your proportionate recovery does not reach the *de minimis* threshold of $10.00, it will be forfeited and distributed pro rata to other Settlement Class members. You are not responsible for calculating the amount you may be entitled to receive under the Settlement.  This calculation will be done as part of the implementation of the Settlement and will be based on reasonably available Plan data.

### 8.  How can I get my portion of the recovery?

You do not need to file a claim for recovery.  If you are a Settlement Class member entitled to a share of the Net Proceeds of the Settlement Fund, your share will be deposited in your Plan account.  If you are a former Plan participant, an account will be established for you in the Plan if necessary, and you will be notified of such an account.  If you are a former participant and have not provided the Plan with your current address, please contact the JPMorgan Chase 401(k) Savings Plan Call Center at (866) JPMC401 ((866) 576-2401). The TDD number for participants with a hearing impairment is (800) 345-1833.

### 9.  When would I receive my payment?

Payment is conditioned on several matters, including the Court's approval of the Settlement and that approval becoming Final and no longer subject to any appeals. Upon satisfaction of various conditions, the Net Proceeds of the Settlement Fund will be allocated to Settlement Class members' Plan accounts or to accounts created for them pursuant to the Plan of Allocation (described above) as soon as possible after Final approval has been obtained for the Settlement, including the exhaustion of any appeals.  Any appeal of the Final approval could take several years.  Interest accrued on the Settlement Fund will be included in the amount allocated and paid to the Settlement Class.  The Settlement Agreement may be terminated on several grounds, including if the Court does not approve or otherwise modifies the terms of the Settlement.  If the Settlement Agreement is terminated, the Settlement will also be terminated, and the Action will proceed as if the Settlement had not been reached.

### 10. Can I exclude myself from the Settlement?

You do not have the option to exclude yourself from the Settlement.  For settlement purposes the Settlement Class was preliminarily certified under Federal Rule of Civil Procedure 23(b)(1) as a non-"opt-out" class. Thus, it is not possible for participants or beneficiaries to exclude themselves from the benefits of the Settlement.  As a Settlement Class member, you will be bound by any judgments or orders that are entered in the Action for all claims that were asserted in the Action or otherwise included in the release under the Settlement.  Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve it.  *See* Answer to Question No. 13 below.

The above description of the operation of the Settlement is only a summary.  The governing provisions are set forth in the Settlement Agreement (including its exhibits), which may be obtained at www.BearStearnsERISAsettlement.com.

**QUESTIONS?  CALL (866) 905-8101 TOLL FREE, OR VISIT**
**www.BearStearnsERISAsettlement.com**
**DO NOT CALL THE COURT OR DEFENDANTS, AS THEY CANNOT ANSWER YOUR**
**QUESTIONS.**

## THE LAWYERS REPRESENTING YOU

### 11. Do I have a lawyer in the case?

The Court has appointed Co-Lead Class Counsel (the law firms of Keller Rohrback L.L.P. and Kessler Topaz Meltzer & Check, LLP) and Liaison Counsel (Dealy & Silberstein, LLP) as Plaintiffs' Counsel for the Named Plaintiffs and the Settlement Class. You will not be charged directly by these firms. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 12. How will the lawyers be paid?

Co-Lead Class Counsel will apply for an award of attorneys' fees and reimbursement of expenses on behalf of their work and Plaintiffs' Counsel's work performed at their direction. The application for attorneys' fees will not exceed $3 million (30% of the Settlement Fund), plus reimbursement of expenses. Any award of fees and reimbursement of expenses will be paid from the Settlement Fund prior to allocation and payment to the Settlement Class. The written application for fees and expenses, together with the application for Case Contribution Awards to Shelden Greenberg and Aaron Howard, the Named Plaintiffs, will be filed by _____ _____, 2012, and the Court will consider this application at the Fairness Hearing. A copy of the application will be available at www.BearStearnsERISAsettlement.com or by a requesting a copy from Co-Lead Class Counsel.

To date, neither Plaintiffs' Counsel nor any additional Plaintiffs' counsel have received any payment for their services in prosecuting this Action on behalf of the Settlement Class, nor have counsel been reimbursed for their out-of-pocket expenses. The fee requested by Co-Lead Class Counsel (on behalf of Plaintiffs' Counsel) would compensate appointed counsel for their efforts in achieving the Settlement for the benefit of the Settlement Class and for their risk in undertaking this representation on a contingency basis. The Court will determine the actual amount of the award.

## OBJECTIONS

### 13. How do I tell the Court if I don't like the Settlement?

Any member of the Settlement Class may appear at the Fairness Hearing and explain why they think the Settlement of the Action against the Defendants as embodied in the Settlement Agreement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon, why the attorneys' fees and expenses should not be awarded, in whole or in part, or why the Named Plaintiffs should not be awarded a Case Contribution Award, in whole or in part provided, however, that no member of the Settlement Class shall be heard or entitled to contest these matters unless such Settlement Class member has filed with the Court written objections (which state all supporting bases and reasons for the objection, set forth proof of their membership in the Settlement Class, clearly identify any and all witnesses, documents and other evidence of any kind that are to be presented at the Fairness Hearing in connection with such objections, and further describe the substance of any testimony to be given by themselves as well as by any supporting witnesses).

To object, you must send a letter or other written statement saying that you object to the Settlement, the attorneys' fee award, and/or the Case Contribution Awards in *In re Bear Stearns Companies ERISA Litigation*, No. 08 Civ. 2804 (RWS). Be sure to include your name, address, telephone number, signature, and a full explanation of all reasons you object to the Settlement. **Your written objection must be filed with the Court, and served upon the counsel listed below by no later than _____ _____, 2012:**

**QUESTIONS?  CALL (866) 905-8101 TOLL FREE, OR VISIT**
**www.BearStearnsERISAsettlement.com**
**DO NOT CALL THE COURT OR DEFENDANTS, AS THEY CANNOT ANSWER YOUR**
**QUESTIONS.**

**File with the Clerk of the Court:**

> Clerk of the Court
> United States District Court for the Southern District of New York
> Daniel Patrick Moynihan United States Courthouse
> 500 Pearl Street, New York, NY 10007-1312
> Re: Master File No.: 08 MDL No.1963 (RWS) - ERISA Action, No. 08 Civ. 2804 (RWS)

**And, by the same date, serve copies of all such papers by mail and fax to each of the following:**

**Co-Lead Class Counsel:**

| | |
|---|---|
| Lynn Lincoln Sarko | Joseph H. Meltzer |
| Derek W. Loeser | Peter H. LeVan, Jr. |
| KELLER ROHRBACK L.L.P. | KESSLER TOPAZ MELTZER & CHECK, LLP |
| 1201 Third Avenue, Suite 3200 | 280 King of Prussia Road |
| Seattle, WA 98101 | Radnor, PA 19087 |
| Facsimile: (206) 623-3384 | Facsimile: (610) 667-7056 |

**Counsel for Defendants:**

| | |
|---|---|
| Lewis R. Clayton | Paul Ondrasik, Jr. |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP | STEPTOE & JOHNSON LLP |
| 1285 Avenue of the Americas | 1330 Connecticut Avenue NW |
| New York, NY 10019 | Washington, DC 20036 |
| Facsimile: (212) 757-3990 | Facsimile: (202) 429-3902 |

The Defendants' counsel listed above shall make further distribution of any objections served upon them to counsel for other Defendants.

**UNLESS OTHERWISE ORDERED BY THE COURT, ANY SETTLEMENT CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED HEREIN WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION TO THE PROPOSED SETTLEMENT AND THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND CASE CONTRIBUTION AWARDS.**

### THE COURT'S FAIRNESS HEARING

**14. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at __:00 __.m. on _____, 2012, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312.

**IF YOU DO NOT WISH TO OBJECT TO THE PROPOSED SETTLEMENT OR THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND CASE CONTRIBUTION AWARDS, YOU NEED NOT ATTEND THE FAIRNESS HEARING.**

At the hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to approve the Settlement and certify the Settlement Class. The Court will also consider the motions for attorneys' fees and

**QUESTIONS? CALL (866) 905-8101 TOLL FREE, OR VISIT**
**www.BearStearnsERISAsettlement.com**
**DO NOT CALL THE COURT OR DEFENDANTS, AS THEY CANNOT ANSWER YOUR QUESTIONS.**

expenses and Case Contribution Awards to Shelden Greenberg and Aaron Howard, the Named Plaintiffs, as well as the proposed Plan of Allocation. We do not know how long these decisions will take.

### 15. Do I have to come to the hearing?

Co-Lead Class Counsel will answer questions Judge Sweet may have at the Fairness Hearing. You are not required to attend the Fairness Hearing but are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, it will be before the Court when the Court considers whether to approve the Settlement as fair, reasonable, and adequate. You may also have your own lawyer attend the Fairness Hearing at your expense, but such attendance is not mandatory.

### 16. May I speak at the hearing?

If you are a member of the Settlement Class and you have filed a timely objection, if you wish to speak, present evidence or present testimony at the Fairness Hearing, you must state in your objection your intention to do so, and must identify any witnesses you intend to call or evidence you intend to present. The Fairness Hearing may be rescheduled by the Court without further notice to the Class. If you wish to attend the Fairness Hearing, you should confirm the date and time with Co-Lead Class Counsel.

## IF YOU DO NOTHING

### 17. What happens if I do nothing at all?

If you do nothing and you are a Settlement Class member, if the Settlement is approved, you will participate in the Settlement as described above in this Notice, and you will be deemed to have released all Released Claims against the Released Parties.

## GETTING MORE INFORMATION

### 18. How do I get more information?

This Notice summarizes the proposed Settlement. Full details of the Settlement are set forth in the Settlement Agreement. You may obtain a copy of the Settlement Agreement by making a written request to a member of Co-Lead Class Counsel listed on page 8. Copies of the Settlement Agreement as well as the Preliminary Approval Order may also be viewed at www.BearStearnsERISAsettlement.com.

Plaintiffs' Counsel have established a toll-free phone number to receive your comments and questions, (866) 905-8101 and may also be contacted via email at info@bearstearnserisasettlement.com.

DATED: _____ __ _____ _____, 2012. By Order of the Court

**QUESTIONS?  CALL (866) 905-8101 TOLL FREE, OR VISIT
www.BearStearnsERISAsettlement.com
DO NOT CALL THE COURT OR DEFENDANTS, AS THEY CANNOT ANSWER YOUR
QUESTIONS.**

10

**EXHIBIT B**
to
**PRELIMINARY APPROVAL ORDER**

**(Summary Notice)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE BEAR STEARNS COMPANIES ERISA LITIGATION | Master File No.: 08 MDL No. 1963 (RWS) ERISA Action: No. 08 Civ. 2804 (RWS) |
|---|---|

### TO ALL MEMBERS OF THE FOLLOWING CLASS:

**(A) ALL PERSONS, WHO HAVE BEEN PARTICIPANTS IN THE BEAR STEARNS COMPANIES INC. EMPLOYEE STOCK OWNERSHIP PLAN, OR THE PREDECESSORS OR SUCCESSORS THERETO, AT ANY TIME BETWEEN AUGUST 1, 2007 AND MARCH 20, 2012 AND WHOSE ACCOUNTS INCLUDED INVESTMENTS IN BEAR STEARNS STOCK, AND (B) AS TO EACH PERSON WITHIN THE SCOPE OF SUBSECTION (A) OF SECTION 1.45 OF THE SETTLEMENT AGREEMENT, HIS, HER, OR ITS BENEFICIARIES, ALTERNATE PAYEES, REPRESENTATIVES AND SUCCESSORS IN INTEREST; PROVIDED, HOWEVER, THAT, NOTWITHSTANDING THE FOREGOING, THE SETTLEMENT CLASS SHALL NOT INCLUDE ANY OF THE DEFENDANTS OR IMMEDIATE FAMILY MEMBERS OF THE DEFENDANTS, EXCEPT FOR IMMEDIATE FAMILY, BENEFICIARIES, ALTERNATE PAYEES, REPRESENTATIVES OR SUCCESSORS IN INTEREST WHO THEMSELVES ARE MEMBERS OF THE SETTLEMENT CLASS WITH RESPECT TO THEIR OWN PLAN ACCOUNTS. (COLLECTIVELY, THE "SETTLEMENT CLASS").**

### PLEASE READ THIS NOTICE CAREFULLY.
### THIS IS A COURT-ORDERED LEGAL NOTICE.
### THIS IS NOT A SOLICITATION.
### YOU HAVE NOT BEEN SUED.

A proposed Settlement has been preliminarily approved by a federal court in the above-captioned class action lawsuit alleging breaches of fiduciary duties under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), in connection with the Plan identified above. The terms of the Settlement are contained in the Class Action Settlement Agreement, dated March 20, 2012 (the "Settlement Agreement"), a copy of which is available at www.BearStearnsERISAsettlement.com or by contacting Co-Lead Class Counsel identified below. Capitalized terms used in this Publication Notice and not defined herein have the meanings assigned to them in the Settlement Agreement.

The proposed Settlement provides for a payment of $10,000,000 (ten million dollars) to settle all claims against all Defendants.  Under the proposed Settlement, the Net Proceeds, which will consist of the Settlement Fund less certain amounts described in the Settlement Agreement, including expenses associated with Class Notice, Court-approved attorneys' fees and expenses and Named Plaintiff Case Contribution Awards, taxes and other costs related to the administration of the Settlement Fund and implementation of the Plan of Allocation, will be paid to the Plan and will be allocated among qualifying members of the Settlement Class in accordance with the Plan of Allocation to be approved by the Court.

If you qualify, you may receive such an allocation.  You do not need to submit a claim or take any other action unless you wish to object to the Settlement.  The United States District Court for the Southern District of New York (the "Court") authorized this Notice.

**THE COURT WILL HOLD A HEARING AT __:00 __.M. ON _____, 2012 TO DECIDE WHETHER TO APPROVE THE SETTLEMENT.**

**ADDITIONAL INFORMATION CONCERNING THE PROPOSED SETTLEMENT, INCLUDING THE NOTICE OF CLASS ACTION SETTLEMENT THAT HAS BEEN MAILED TO SETTLEMENT CLASS MEMBERS THAT EXPLAINS HOW CLASS MEMBERS CAN OBJECT TO THE SETTLEMENT AND THE SETTLEMENT AGREEMENT IS AVAILABLE AT www.BearStearnsERISAsettlement.com.  IN ADDITION, PLAINTIFFS' COUNSEL HAS ESTABLISHED A TOLL-FREE NUMBER, (866) 905-8101, AND EMAIL ADDRESS, info@bearstearnserisasettlement.com, TO ASSIST IN ANSWERING QUESTIONS REGARDING THE SETTLEMENT.  YOU MAY ALSO CONTACT CO-LEAD CLASS COUNSEL AT:**

| | |
|---|---|
| Lynn Lincoln Sarko | Joseph H. Meltzer |
| Derek W. Loeser | Peter H. LeVan, Jr. |
| KELLER ROHRBACK L.L.P. | KESSLER TOPAZ MELTZER & |
| 1201 Third Avenue, Suite 3200 | CHECK, LLP |
| Seattle, WA  98101 | 280 King of Prussia Road |
| Facsimile: (206) 623-3384 | Radnor, PA  19087 |
| | Facsimile: (610) 667-7056 |

Please direct questions to Co-Lead Class Counsel, and not to the Court or to Defendants' Counsel.

DATED: _____, 2012                    By Order of the Court