USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BEAR STEARNS COMPANIES ERISA LITIGATION | Master File No.: 08 MDL No. 1963 (RWS) <br><br> ECF Case |
| This Document Relates To: <br> ERISA Action, No. 08 Civ. 2804 (RWS) | Honorable Robert W. Sweet |

## ORDER AND FINAL JUDGMENT

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA").

This matter came before the Court for a hearing pursuant to the Preliminary Approval Order of this Court entered on April 5, 2012, on the application of Named Plaintiffs[1] for final approval of the Settlement set forth in the Class Action Settlement Agreement ("Settlement Agreement"), executed on March 20, 2012, and filed with the Court on March 20, 2012.

Before the Court are: (1) Named Plaintiffs' Motion for Final Approval of ERISA Class Action Settlement and for Settlement Class Certification (the "Final Approval Motion"); and (2) Co-Lead Class Counsel's Motion for Award of Attorneys' Fees, Expenses, and Named Plaintiff Case Contribution Awards (the "Fee and Expense Motion").

The Court has received declarations attesting to the mailing and publication of the Class Notice and Summary Notice in accordance with the Preliminary Approval Order. A hearing was held on September 19, 2012 (the "Fairness Hearing") to: (i) determine whether to grant the Final

---

[1] Named Plaintiffs are Shelden Greenberg and Aaron Howard. All capitalized terms used in this Order and Final Judgment and not defined herein shall have the meanings assigned to them in the Settlement Agreement.

Approval Motion; (ii) determine whether to grant the Fee and Expense Motion; and (iii) rule upon such other matters as the Court deemed appropriate. The issues having been duly heard and a decision having been duly reached, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

    1.    The Court has jurisdiction over the subject matter of this Action, and all Parties to this Action, including all members of the Settlement Class.

    2.    In accordance with Federal Rule of Civil Procedure 23 and the requirements of due process, the Settlement Class has been given proper and adequate notice of the Settlement, Settlement Agreement, Fairness Hearing, Co-Lead Class Counsel's application for attorneys' fees and expenses and for Named Plaintiff Case Contribution Awards, and the Amended Plan of Allocation, such notice having been carried out in accordance with the Preliminary Approval Order. Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts and provided valid, due and sufficient notice of these proceedings and of the matters set forth therein, including information regarding the procedures for making objections. Such notice fully satisfies the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

    3.    The Court finds that the requirements of the United States Constitution, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, and any other applicable laws have been met as to the Settlement Class defined below, in that:

        a.    The Settlement Class is cohesive and well defined;

b.  The members of the Settlement Class are ascertainable from records kept with respect to the Plan, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

c.  Based on allegations in the Complaint, there are one or more questions of fact and/or law common to the Settlement Class;

d.  Based on allegations in the Complaint, the Defendants' alleged conduct affected members of the Settlement Class in a similar manner and the claims of Named Plaintiffs are typical of the claims of the Settlement Class;

e.  The Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Named Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among Named Plaintiffs and the Settlement Class; and (iii) Named Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions;

f.  The prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual Settlement Class members that would, as a practical matter, be dispositive of the interests of the other Settlement Class members not parties to the adjudications, or substantially impair or impede the ability of those persons to protect their interests; and

g. Plaintiffs' Counsel are capable of fairly and adequately representing the interests of the Settlement Class in that Plaintiffs' Counsel: (i) have done extensive work identifying or investigating potential claims in this Action; (ii) have litigated the validity of those claims at the motion to dismiss stage of this case; (iii) are experienced in handling class actions and claims of the type asserted in this Action; (iv) are knowledgeable of the applicable law; and (v) have committed the necessary resources to represent the Settlement Class.

4. Based on the findings set out in the paragraph above, for settlement purposes the Court certifies the Action as a non-opt-out class action under Fed. R. Civ. P. 23(a) and (b)(1), with the following Settlement Class:

> (a) all Persons, who have been participants in The Bear Stearns Companies Inc. Employee Stock Ownership Plan, or the predecessors or successors thereto, at any time between August 1, 2007 and the Agreement Execution Date and whose accounts included investments in Bear Stearns stock, and (b) as to each Person within the scope of subsection (a) of Section 1.45 of the Settlement Agreement, his, her, or its beneficiaries, alternate payees, Representatives and Successors in Interest; provided, however, that, notwithstanding the foregoing, the Settlement Class shall not include any of the Defendants or Immediate Family members of Defendants, except for Immediate Family, beneficiaries, alternate payees, Representatives or Successors in Interest who themselves are members of the Settlement Class with respect to their own Plan accounts.

5. For settlement purposes, the Court also appoints Named Plaintiffs Shelden Greenberg and Aaron Howard as class representatives for the Settlement Class, and appoints Interim Co-Lead Class Counsel, Keller Rohrback L.L.P. and Kessler Topaz Meltzer & Check, LLP and Liaison Counsel, Dealy & Silberstein, LLP, as Plaintiffs' Counsel for the Settlement Class pursuant to Fed. R. Civ. P. 23(g).

6. Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the Settlement is fair, reasonable, and adequate and a compromise of the claims asserted in this Action. Specifically, the Court finds:

    a. The Settlement was negotiated vigorously and at arm's-length by Co-Lead Class Counsel and counsel for Defendants;

    b. This Settlement was reached with the assistance of an experienced mediator, who was thoroughly familiar with this litigation;

    c. This Action was settled by experienced counsel who were fully informed of the facts and circumstances of this Action and of the strengths and weaknesses of their respective positions; and

    d. At all times, Named Plaintiffs have acted independently of Defendants and in the interest of the Settlement Class.

7. The Final Approval Motion is therefore GRANTED, and the Settlement hereby is approved as fair, reasonable, and adequate to members of the Settlement Class. The Amended Plan of Allocation is approved as fair and reasonable. Any modification or change in the Amended Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. The Settlement is finally approved in all respects, and the Parties are directed to implement the Settlement in accordance with the terms of the Settlement Agreement.

8. Co-Lead Class Counsel are hereby awarded attorneys' fees in the amount of $3 million , which the Court finds to be fair and reasonable, and $147,465.06 in reimbursement of Co-Lead Class Counsel's reasonable expenses incurred in prosecuting the ERISA Action. The attorneys' fees and expenses so awarded shall be paid exclusively out of the

Settlement Fund pursuant to the terms of the Settlement Agreement without additional contribution or payment by Defendants. Co-Lead Class Counsel shall allocate to Plaintiffs' Counsel, in such amounts as determined reasonable by Co-Lead Class Counsel in their discretion, a proportion of the awarded fees to counsel who performed work at the direction of Co-Lead Class Counsel or with respect to the Named Plaintiffs.

9. Named Plaintiffs are hereby awarded Case Contribution Awards in the amount of $10,000 each, to be paid exclusively out of the Settlement Fund pursuant to the terms of the Settlement Agreement without additional contribution or payment by Defendants.

10. Use of the Settlement Agreement shall be limited to the terms set forth in Section 12 of the Settlement Agreement.

11. Without affecting the finality of this Judgment in any way, and subject to the arbitration provisions, as applicable, of the Settlement Agreement, this Court hereby retains continuing jurisdiction over: (a) implementation and enforcement of the Settlement Agreement and (b) hearing and determining applications for attorneys' fees, expenses, interest, and reimbursement of expenses in the Action.

12. Without further order of the Court, the Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

13. By operation of this Judgment and effective upon entry of this Final Order: (a) Named Plaintiffs, the Plan, and each member of the Settlement Class have absolutely and unconditionally released and forever discharged the Released Parties from the Released Claims as specified in the Settlement Agreement; (b) Defendants have absolutely and unconditionally released and forever discharged Named Plaintiffs, the Plan, and the Settlement Class from Defendants' Released Claims as specified in the Settlement Agreement.

14. This Action and all claims asserted in it, as well as all of the Released Claims, are dismissed with prejudice as to Named Plaintiffs, the Settlement Class, and the Plan, and as against the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement or in this Order.

15. In the event that the Settlement does not become Final in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, and the Action shall proceed in accordance with the Settlement Agreement.

16. Under no circumstances shall this Order and Final Judgment be construed, deemed or used as an admission, concession or declaration by or against the Released Parties of any fault, wrongdoing, breach or liability and this Court makes no such finding or determination. Nor shall the Order be construed, deemed or used as an admission, concession or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in this Action in inappropriate, improper or unavailable, or as a waiver by any of the Parties of any defenses or claims he, she or it may have.

17. Final Judgment shall be entered herein approving the Settlement of this Action.

SO ORDERED this 20 day of September 2012.

_____
The Honorable Robert W. Sweet
United States District Judge