USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/26/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BEAR STEARNS COMPANIES ERISA LITIGATION | Master File No.: 08 MDL No. 1963 (RWS) <br><br> ECF Case |
| This Document Relates To: <br> ERISA Action, No. 08 Civ. 2804 (RWS) | Honorable Robert W. Sweet |

## AMENDED PLAN OF ALLOCATION

1. Capitalized terms used herein shall have the meanings ascribed to them in the Class Action Settlement Agreement ("Settlement Agreement") in this Action or in this Plan of Allocation.

2. "Claims Administrator" shall mean the third-party vendor, designated and retained by Co-Lead Class Counsel, which shall gather the necessary data, provided by Defendants or the Plan trustee/record-keeper, and calculate the amounts payable to the accounts of the members of the Settlement Class pursuant to this Plan of Allocation.

**A.  Amount to Be Distributed**

The Net Proceeds will be allocated among all eligible Settlement Class members pursuant to the method described below. The Net Proceeds are derived by deducting from the Settlement Fund those disbursements approved by the Court and as set forth in the Settlement Agreement at Sections 7.3.3, 8.1, 9.2, 9.5 and Article 11.

**B.  Calculation of Each Member's Share of the Distribution Amount**

Each Settlement Class member's share of the Net Proceeds, rounded to the nearest whole penny, will equal the Net Proceeds multiplied by the Settlement Class member's Net Loss

Percentage, as defined below. Each Settlement Class member's share of the Net Proceeds will be calculated by the Claims Administrator as follows:

(i) The Net Proceeds will be distributed among the Settlement Class members in accordance with their alleged Net Losses. Each Settlement Class member's "Net Loss" will be $A + B - C - D$, where:

A = the dollar amount of the Settlement Class member's Plan account balance invested in Bear Stearns stock at the beginning of the Class Period;

B = the dollar value of Bear Stearns stock transferred into, purchased or otherwise added to the Settlement Class member's Plan account during the Class Period, valued as of the applicable transaction date;

C = the dollar value of Bear Stearns stock transferred out, sold or otherwise disbursed from the Settlement Class member's Plan account during the Class Period, valued as of the applicable transaction date; and

D = the dollar amount of the Settlement Class member's Plan account balance in Bear Stearns stock at the end of the Class Period.

(ii) If $A + B - C - D$ is zero or less than zero for a given Settlement Class member, such Settlement Class member's Net Loss will be zero.

(iii) If data is not available to determine the account balances of Settlement Class members at the beginning or end of the Class Period, then data from the nearest available date will be used.

(iv) The Net Losses of the Settlement Class members will be aggregated. Each Settlement Class member will be assigned a Net Loss Percentage, reflecting the percentage of the Settlement Class member's loss in relation to all Settlement Class members' Net Losses. The Settlement Amount, less those disbursements approved by the Court and as set forth in the Settlement Agreement at Sections 7.3.3, 8.1, 9.5 and Article 11, multiplied by the Net Loss Percentage for each Settlement Class member shall establish a "Preliminary Dollar Recovery" for each Settlement Class member.

(v) The Claims Administrator shall identify all Settlement Class members whose Preliminary Dollar Recovery is greater than zero but less than the minimum amount of ten dollars ($10.00), the "De Minimis Amount." All such Settlement Class members shall receive an allocation of zero from the Net Proceeds, and the Preliminary Dollar Recovery otherwise allocable to such Settlement Class members shall be reallocated among the other Settlement Class members proportionately in accordance with their Net Losses (the "De Minimis Reallocation").

(vi) The Claims Administrator shall then, taking into account the De Minimis Reallocation (if applicable), recalculate a "Revised Dollar Recovery" (using the same methodology described in section B.IV.) for each Settlement Class member. If there is no De Minimis Reallocation, the Preliminary Dollar Recovery for each Settlement Class member shall also be their Revised Dollar Recovery.

(vii) The Claims Administrator will provide the final results of its calculations of the Revised Dollar Recoveries to the Plan. The Plan will provide the Claims Administrator's calculations to the Plan's record-keeper. In accordance with the procedures set forth in Section 9.2 of the Settlement Agreement, the Plan will direct the Plan's record-keeper to determine the reasonable and necessary expense that will be incurred in implementing the distribution of the Revised Dollar Recoveries ("Plan Settlement Implementation Cost") to Settlement Class members eligible to receive a Revised Dollar Recovery. The Plan Settlement Implementation Cost shall be deducted from the total of the Revised Dollar Recoveries to establish the Net Proceeds.

(viii) After deduction of the Plan Settlement Implementation Cost, the Claims Administrator will provide to the Plan a "Final Dollar Recovery" to be received by each eligible Settlement Class member. The sum of the Final Dollar Recoveries must equal the Net Proceeds.

## C. Distribution of the Allocated Amounts

Either the Plan or, at the Plan's discretion, an entity retained by the Plan, such as the Plan's record-keeper, shall then be exclusively responsible for distributing the Net Proceeds to the members of the Settlement Class in accordance with the Plan of Allocation and Plan terms.

1. <u>Settlement Class members who are current Plan participants or beneficiaries (including alternate payees) ("Current Members")</u>. The Final Dollar Recovery, as calculated above, of each Settlement Class member who is a Current Member, shall be deposited into his or her Plan account. The deposited amount shall be allocated among that Settlement Class member's investment options in accordance with the existing investment elections then in effect and treated thereafter for all purposes under the Plan as assets of the Plan properly credited to that Settlement Class member's account.

2. <u>Settlement Class members who are former Plan participants or beneficiaries (including alternate payees) thereof ("Former Members")</u>. Former Members who are eligible for Final Dollar Recovery amounts but do not have a Plan Account at the time the Final Dollar Recovery Amounts are to be allocated shall have an account established in the JPMorgan Chase 401(k) Savings Plan specifically for the deposit of his or her Final Dollar Recovery. Each such Former Member's Final Dollar Recovery shall be deposited into the newly established account and invested in accordance with the Plan's then default investment option or options. The Plan's trustee or record-keeper shall notify each such Settlement Class member of the newly established account along with further instructions, if necessary. If the Plan trustee, in consultation with the Plan's named fiduciaries, determines that it is in the Plan's best interest to issue checks to Former Members in lieu of establishing accounts in the JPMorgan Chase 401(k) Savings Plan for those Former Members, the Plan trustee may do so, provided that Former Members are fully advised concerning how to preserve, to the maximum degree possible, the tax benefits associated with ERISA-qualified plans. Any costs incurred by the Plan or the Plan's record-keeper in connection with the foregoing efforts are part of those actual and reasonable expenses contemplated in paragraph 9.2 of the Settlement Agreement.

3. <u>Disposition of Final Dollar Recovery for undeliverable and unclaimed amounts.</u> If any Settlement Class member with a Final Dollar Recovery cannot be located despite reasonable efforts, or fails to deposit a distribution, or is deceased, the Plan trustee shall follow the Plan terms with respect to disposition of the Final Dollar Recovery for such Settlement Class member, including forfeiture provisions, or by any other means approved by the Court.

4. If a Qualified Domestic Relations Order ("QDRO") is in effect which applies to a Settlement Class member with a Final Dollar Recovery, the Plan procedures regarding QDROs shall apply.

**D. Qualifications and Continuing Jurisdiction**

1. Should the Settlement Fund receive any tax refund from the Internal Revenue Service, and if the calculations described above in Section B have not yet occurred, then such refund(s) shall be included in the Class Settlement Amount. If the calculations described above in Section B have already occurred, then such refund(s) shall be treated as an unclaimed amount pursuant to Section C.3 above.

2. In light of the manner in which the data is kept and the historical nature of the data, it may be appropriate for the Plan trustee or Claims Administrator, with the Parties' counsel's participation and consent, to make reasonable adjustments to reflect the availability of data for purposes of the calculations set forth above and to otherwise simplify some of the features of the calculations without approval of the Court. Such adjustments will preserve the basic feature of the allocation that eligible Settlement Class members receive their share of the Net Proceeds based approximately on the decline in value of Bear Stearns stock in which their accounts were invested during the Class Period in comparison with the total decline in the value of Bear Stearns stock held in the Plan as a whole for the same period.

3. In the event that the Claims Administrator or the Plan trustee determines that it is necessary to modify the Plan of Allocation, Co-Lead Class Counsel and Defendants shall jointly

discuss such modification and determine whether the modification is reasonable and appropriate under the circumstances. The Parties will jointly petition the Court for approval of any such material modification other than modifications made pursuant to section D.2 above.

4. The Court will retain jurisdiction over the Plan of Allocation to the extent necessary to ensure that it is fully and fairly implemented.

SO ORDERED this 25 day of _____ 2012.

_____
United States District Judge